**RECEIVED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAY 0 2 2011 *aw*
MAY 02, 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FRANK E. DREW JR.

_____

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

11 C 2938
Judge Robert M. Dow, Jr
Magistrate Judge Michael T. Mason

vs.

Anthony Ramos, Edwards#682,

Marvin Reed, Lemke#677, Troy Dunlap, Mclelland,

Mark Hosey, Torre#676, S. Brown#2793, C. Johnson,

Ricardo Tejeda, E. Aguero#4824, Whittington, Sean Bass,

Johnnie Franklin, Margaret Thompson, Foster, L. Palmer,

Jimmy King, Sherry Benton, Marcus Hardy, Michael P. Randle.

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

Case No:_____
(To be supplied by the Clerk of this Court)

**CHECK ONE ONLY:**

__X__     COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code (state, county, or municipal defendants)

_____     COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code (federal defendants)

_____     OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

1

I. **Plaintiff(s):**

    A.     Name:    **Frank E. Drew Jr**

    B.     List all aliases:    **N/A**

    C.     Prisoner identification number:    **K-73514**

    D.     Place of present confinement:    **Lawrence Correctional Center**

    E.     Address:    **10930 Lawrence Rd.- Sumner, Il. 62466**

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**

(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

    A.     Defendant:    **Anthony Ramos**

           Title:    **Warden**

           Place of Employment:    **Stateville Corr. Center.**

    B.     Defendant:    **Marvin Reed**

           Title:    **Ass. Warden**

           Place of Employment:    **Stateville Corr. Center.**

    C.     Defendant:    **Mark Hosey**

           Title:    **Ass. Warden**

           Place of Employment:    **Stateville Corr. Center.**

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

Revised 9/2007

## ADDITIONAL DEFENDANT(s)

D. **Ricardo Tejeda**, Reporting Officer(Investigator) Stateville Corr. Center.

E. **Johnnie Franklin**, Chairperson(Adjustment Committee) Lieutenant Stateville Corr. Center.

F. **Jimmy King**, Lieutenant (Second seat Adjustment Committee) Stateville Corr. Center.

G. **Edwards#682** Major (Shift Review Officer) Stateville Corr. Center.

H. **Lemke#677** Major (Shift Review Officer) Stateville Corr. Center.

I. **Torre#676** Major (Reviewing Officer) Stateville Corr. Center.

J. **S. Brown#2793** Hearing Investigator (Serving Employee) Stateville Corr. Center.

K. **C. Johnson**, Adjustment Committee (Serving employee) Stateville Corr. Center.

L. **E. Aguero#4824** Investigator (Reporting Officer) Stateville Corr. Center.

M. **Whittington**, Counselor Stateville Corr. Center.

N. **Sean Bass**, Grievance Officer Stateville Corr. Center.

O. **Margaret Thompson** Grievance Officer Stateville Corr. Center.

P. **Foster**, Investigator Stateville Corr. Center.

Q. **L. Palmer**, Sergeant Stateville Corr. Center.

R. **Marcus Hardy**, Warden Stateville Corr. Center.

S. **Sherry Benton**, Administrative Review Board Member. Illinois Department of Corrections.

T. **Michael P. Randle**, Director. Illinois Department of Corr.

U. **Troy Dunlap**, Correctional Officer/Personal Property Officer Stateville Corr. Center.

V. **Mclelland**, Correctional Officer/Personal Proerty Officer Stateville Corr. Center.

**III.** **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: __N/A__

B. Approximate date of filing lawsuit: __N/A__

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: __N/A__

D. List all defendants: __N/A__

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): __N/A__

F. Name of judge to whom case was assigned: __N/A__

G. Basic claim made: __N/A__

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): __N/A__

I. Approximate date of disposition: __N/A__

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

**IV.     Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Curiae Advisari Vult, Frank E. Drew Jr., Plaintiff in this instant matter brings this action civilis, pursuant to U.S.C. 1983, alleging inter alia, violations of his EIGHTH AND FOURTEENTH Amendment rights as guaranteed under the United States Constitution. Plaintiff seeks monetary damages for the acts and omissions of the defendant's so described and named herein.

Jurisdiction is conferred upon this District Court pursuant to 28 U.S.C. 1391. Venue is proper in this District in accordance with 28 U.S.C. 1331.

## Parties

1. Plaintiff, at all times relevant to this instant complaint was housed at Stateville Correctional Center, located at P.O. Box 112, Joliet, Illinois 60434. Plaintiff is now currently housed in Lawrence C.C.

2. Defendant E. Aguero#4824, is employed as a Correctional Officer /Investigator, with Stateville CC, and is charged with the care, security, custody, and treatment of Plaintiff while Plaintiff was classifed as being under investigative status. Defendant

4

## STATEMENT OF CLAIM CONTINUED

E. Aguero with deliberate indifference and reckless disregard.

of plaintiff's right to not be subjected to cruel and unusual

treatment, committed the acts and ommissions contained herein in

the course and scope of employment with Stateville CC, while

operating under the color of county and state law.

3. Defendant Edwards#682, is employed as a Major/shift Super-

visor, with Stateville CC., and is charged with the care,

security, custody, and treatment of Plaintiff while Plaintiff

was classified as being under investigative status. Defendant

Edwards, with deliberate indifferance and reckless disregard

of Plaintiff's right to not be subjected to cruel and unusal

treatment, committed the acts and ommissions contained herein

in the course and scope of his employment with Stateville CC.,

while operating under the color of county and state law.

4. Defendant Torre#676, is employed as a Major/Reviewing Officer,

with Stateville CC., and is charged with the care, security,

custody, and treatment of Plaintiff while plaintiff was classified

as being under investigative status. Defendant Torre, with

deliberate indifference and reckless disregard of Plaintiff's

right to not be subjected to cruel and unusual treatment,

committed the acts and ommissions contained herein in the course

and scope of her employment with Stateville CC., while operating

under the color of county and state law.

Revised 9/2007

## STATEMENT OF CLAIM CONTINUED

5.  Defendant S. Brown#2793, is employed as a Hearing investigator/
serving employee, with Stateville CC., and is charged with the
care, security, custody, and treatment of plaintiff while Plaintiff
was classified as being under investigative status. Defendant
Brown, with deliberate indifference and reckless disregard of
plaintiff's right to not be subjected to cruel and unusal treat-
ment, committed the acts and ommissions contained herein in the
course and scope of her employment with Stateville CC., while
operating under the color of county and state law.

6.  Defendant Whittington, is employed as a Counselor, with
Stateville CC., and is charged with the care, treatment, and
advocacy of Plaintiff while plaintiff was classified as being
under his Jurisdiction. Defendant, Whittington with deliberate
indifference and reckless disregard of plaintiff's right to not
be subjected to cruel and unusal treatment, committed the acts
ommissions contained herein in the course and scope of his
employment with Stateville CC., while operating under the color
of county and state law.

7.  Defendant Jimmy King, was employed as a Segregation Unit
Lieutenant 2nd seat on Adjustment Committee, with Stateville CC.,
and is charged with the care, security, custody, and treatment of
Plaintiff while plaintiff was classified as a F-House (Segregation
Unit) status inmate. Defendant Jimmy King, with deliberate indif-
ference and reckless disregards of plaintiff's right to not be
subjected to cruel and unusal treatment, committed the acts and
ommissions contained herein in the course and scope of his employ-
ment with Stateville CC., while operating under the color of county
and state law.

8.  Defendant Tara, is employed as an Correctional Office &
investigator, with Stateville CC., and is charged with the care,
security, custody, treatment of Plaintiff while plaintiff was classi-
fied as being under investigative status. Defendant Tara, with
deliberate indiffence and reckless disregard of plaintiff's right

## STATEMENT OF CLAIM CONTINUED

8. (cont'd) to not be subjected to cruel and unusual treatment, committed the acts and ommissions contained herein in the course and scope of her employment with Stateville CC., while operating under the color of county and state law.

9. Defendant'(s) Troy Dunlap and Mclelland, is both employed as correctional officers/personal property officers, with Stateville CC., and is charged with the care, security, custody, and treatment of plaintiff while plaintiff was classified as a F-house (Segregation Unit) inmate. Defendants Dunlap and Mclelland, with deliberate indifference and reckless disregard of plaintiff's right to not be subjected to cruel and unusual treatment, committed the acts and ommissions contained herein in the course and scope of their employment with Stateville CC., while operating under the color of county and state law.

10. Defendant Anthony Ramos, was employed as Chief Administrative with Stateville CC., and is charged with the treatment, care, custody, responsibility of maintaining a constitutional standard of living conditions for all inmates housed within Stateville CC., Defendant Ramos, with deliberate indifference and reckless disregard of plaintiff's right to not be subjected to cruel and unusual treatment, committed the acts and ommissions contained herein in the course and scope of his employment with Stateville CC., while operating under the color of county and state law.

11. Defendant'(s) Marvin Reed and Mark Hosey, were both employed as Assistant Wardens, with Stateville CC., and is charged with the treatment, care, custody, and responsibility of maintaining a constitutional standard of living conditions for all inmates housed within Stateville CC., Defendant's Reed and Hosey, with deliberate indifference and reckless disregard of plaintiff's right to not be subjected to cruel and unusual treatment, committed the acts and ommissions contained herein in the course and scope of his employment with Stateville CC., while operating under the color of county and state law.

## STATEMENT OF CLAIM CONTINUED

12. Defendant Ricardo Tejeda, is employed as a correctional officer/ Investigator, with Stateville CC., and is charged with the care, security, custody, and treatment of plaintiff while plaintiff was classified as being under investigation status. Defendant Tejeda, with deliberate indifference and reckless disregard of plaintiff's right to not be subjected to crual and unusual treatment, committed the acts and ommissions contained herein in the course and scope of his employment with Stateville CC., while operating under the color of county and state law.

13. Defendant Lemke#677, is employed as a Major, with Stateville CC., and is charged with the care, security, custody, and treatment of plaintiff while plaintiff is in custody at Stateville CC., Defendant Lemke, with deliberate indifference and reckless disregard of plaintiff's right to not be subjected to cruel and unusual treatment, committed the acts and ommissions contained herein in the course and scope of his employment with Stateville CC., while operating under the color of county and state law.

14. Defendant Johnnie Franklin, is employed as a lieutenant/chair person for Adjustment committee, with Stateville CC., and is charged with the care, security, custody, and treatment, as well as to ensure plaintiff a fair and unbiased Adjustment Committee Hearing. Defendant Franklin, with deliberate indifference and reckless disregard of plaintiff's right to not be subjected to cruel and unusual treatment, committed the acts and ommissions contained herein in the course and scope of his employment with Stateville CC., while operating under the color of county and state law.

15. Defendant C.Johnson, is employed as a correctional officer/ serving employ for the Adjustment Committee, with Stateville CC., and is charged with the care, security, custody, and treatment, of plaintiff while plaintiff is in custody at Stateville CC., Defendant Johnson, with deliberate indifference and reckless disregard of plaintiff's right to not be subjected to cruel and unusual treatment, committed the acts and ommissions contained herein in the course

8

## STATEMENT OF CLAIM CONTINUED

15. (cont'd) and scope of his employment with Stateville CC., while operating under the color of county and state law.

16. Defendant L. Palmer, is employed as a correctional Sergeant, with Stateville CC., and is charged with the care, security, custody, and treatment of plaintiff while plaintiff is in custody at State-ville CC., Defendant Palmer, with deliberate and reckless disregard of plaintiff's right to not be subjected to cruel and unusual treat-ment, committed the acts and ommissions contained herein the course and scope of his employment with Stateville CC., while operating under the color of county and state law.

17. Defendant'(s) Sean Bass and Margaret Thompson, is employed as the Grievance Officers, with Stateville CC., and is charged with the treatment, care, custody, and security of plaintiff while plaintiff is in custody at Stateville CC., Defendants Bass and Thompson, both with deliberate indifference and reckless disregard of plaintiff's right to not be subjected to cruel and unusual treatment, committed the acts and ommissions contained herein in the course and scope of his employment with Stateville CC., while operating under the color of county and state law.

18. Defendant Foster, is employed as an investigating officer, with Stateville CC., and is charged with the treatment, care, custody, and treatment of plaintiff while plaintiff is in costody at State-ville CC., Defendant Foster, with deliberate indifference and reckless disregard of plaintiff's right to not be subjected to cruel and un-usual treatment, committed the acts and ommissions contained herein in the course and scope of her employment with Stateville CC., while operating under the color of county and state law.

19. Defendant Sherry Benton, is employed as a member of the Admini-strative Review Board, with the inmate issues office, and is charged with the treatment, care, custody, security, and supervision over Stateville Staff, of plaintiff while plaintiff is in the custody of the I.D.O.C.. Defendant Benton, with deliberate indifference and

## STATEMENT OF CLAIM CONTINUED

19. (cont'd) reckless disregard of plaintiff's right to not be
subjected to cruel and unusal treatment, committed the acts and
ommissions contained herein in the course and scope of her employ-
ment with the inmate issues office, while operating under the color
of county and state law.

20. Defendant Marcus Hardy, is employed as Chief Administrative
with Stateville CC., and is charged with the care, treatment, custody,
rehabilitation, and responsibility of maintaining a Constitutional
Standard of living conditions for all inmates housed within Stateville
CC., Defendant Hardy, with deliberate indifference and reckless
disregard of plaintiff's right to not be subjected to cruel and
unuasual treatment, committed the acts and ommissions contained
herein in the course and scope of his employment with Stateville CC.,
while operating under the color of county and state law.

21. Defendant Michael P. Randle, is employed as Director of IDOC,
and is charged with the powers, duties, and responsibilities of the
Department, to maintain and administer all state correctional
institutions and facilities under its control. Defendant Randle,
with deliberate indifference and reckless disregard of plaintiff's
right to not be subjected to cruel and unusual treatment, committed
the acts and ommissions contained herein in the course and scope
of his employment with IDOC while operating under the color of
county and state law.

## COUNT I

22. Defendant E. Aguero, while acting in the course and scope of
his employment as an investigating intelligance officer, with
Stateville CC., intelligence unit, placed plaintiff under investi-
gative status on June 12-2009. Per Stateville Handbook, an inmate
in investigative status is allowed to have his Audio/Visual
personal property.

23.  Plaintiff verbally and in writing complained to nuerous staff members here at Stateville CC., only to be ignorred. Plaintiff finally received his allowed investigative personal property on June 27-2009. sixteen days later. Defendant, placed plaintiff under investigation status knowing that plaintiff was allowed to have his Audio/Visual. Without plaintiff's approved investigative property, plaintiff was simply in segregation for sisteen days of his thirty days of investigative status. Plaintiff wrote defendant and several other staff members, basically to no avail, for sixteen days. Grievance's (several) were written by plaintiff as well. For these acts and ommissions, defendant Aguero is being sued in his/her individual capacity, and plaintiff seeks $200,000.00 in punitive damages, and $100,000.00 in compensatory damages for these violations of his Eight and Fourteenth Amendment rights as guaranteed under the United States Constitution.

24.  Defendant'(s) Edwards, Torre, Brown, and King, while acting in the course and scope of their employment as correctional officers, Lieutenant, and Majors, with Stateville CC., with reckless disregard and indifference, and wanton cruelty, intentionally denied plaintiff his approved investigative status personal property for sixteen days. Plaintiff complained to all of these defendant's through letters and Brown and King verbally as well. King being F-house (seg) Unit

**CONTINUED ON PAGE 12**

11

24. (cont'd) Lieutenant, and Brown, Torre, and Edwards all being apart of Plaintiff's Inmate Disciplinary Report (IDR), these four defendant's were well aware of plaintiff's investigative status, and all neglected to aid plaintiff with getting his approved personal property. For these actions and ommissions, these named defendants are being sued in their individual capacities, and plaintiff seeks $200,000.00 from each named defendant to pay as punitive damages, and $100,000.00 in compensatory damages for these violations of his Eighth and Fourteenth Amendment rights as guaranteed under the United States Constitution.

25. Defendant'(s) Ramos, Reed, Hosey, whittington, tara, Mclelland, and Dunlap, while acting in the course and scope of their employment as chief administrative officer, Assistant Warden, Counselor, Investi-gator, and correctional officers/personal property overseers, with Stateville CC., with reckless disregard and indifference, and wanton cruelty, intentionally denied plaintiff his approved investigative status personal property for sixteen day. Plaintiff wrote a letter requesting assistance of each of these defendants. No-one responded. Plaintiff sent letters of complaint to each defendant and several emergancy grievances to defendants Ramos, Reed, and Hosey, as well as grievances to defendant Whittington, yet no one responded or addressed this issue until 16 day later. For these acts and ommissions, these named defendants are being sued in their individual capacities, and plaintiff seeks $200,000.00 from each named defendant to pay as punitive damages, and $100,000.00 in compensatory damages for these violations of his Eighth and Fourteenth Amendment rights as guaranteed under the United States Constitution.

## COUNT II

26. Defendant Ricardo Tejeda, while acting in the course and scope of his employment as an investigating intelligance officer, with Stateville CC., intelligence Unit, wrot plaintiff an (IDR) on 7-10-2009, for the following charges of: 105:Dangerous Disturbance, and 205:STG/ Unauthorized Organizational Activity.

27. Defendant Ricardo Tejeda, alleges that one confidential Infor-
ment(CI), stated (Not verbatim) that a physical altercation had taken
place between two inmates on 6-09-2009, in E-house cell 523. that,
one inmate belonged to the Gangster Disciples(STG) and the other to
the Vice Lord (STG). That, Gangster Disciple (GD) member along with
two other (GD)members triad to get other (GD)members to fight the
vice lords(VL's) on E-house 5 gallery. For those reasons E-house was
placed on level 1 lockdown.

28. Defendant R. Tejeda, also alleges that, from Junell-June 14th,
several interviews of inmates from E-house pertaining to the alleged
altercation were conducted. During which, two separate confidential
sources(CS's) gave information that plaintiff directed member's of
the (VL's) in E-house, to prepare themselves for a possible confront-
ation with (GD's). (Not verbatim)

29. Defendant Tejeda, Further alleges that,(CS) 1 stated that plain-
tiff walked up and down E-house (5) gallery telling (VL)member's to
get on point in case there was a confrontation between the (GD's) and
(VL's). That, (CS) 2.) stated that, an inmate by the nickname baby C
came onto 5 gallery telling members of the (VL's) to get on point in
case the (VL's) had to fight with the (GD's). (CS) 2. Further stated,
Baby C was telling the (VL's) to get on point due to a physical
altercation the (GD) and (VL) had while in their assigned cell.

30. Defendant R. Tejeda, went on to state that, "According to OTS
"Baby C" is a nickname utilized by Drew Although OTS shows that Drew
lived on one gallery at the time of this incident, OTS also shows
that Drew was assigned as a cellhouse worker at the time of this
incident. OTS also identifies Drew as a member of the conservative
vice lord stg." Due to the CI (CI has been proven reliable in the
past) and CS information obtained during this investigation Drew
is in violation of the following 504 offenses: 105 and 205. with
with reckless disregard and indifference, wanton cruelty, and malice
intent, defendant Tejeda intentionally lied on plaintiff within his
(IDR), as proof, OTS (which stands for) Offender Tracking Systwm,
clearly held plaintiff as an F-house barber during the time of the

13

30. (cont'd) incident (6-09-2009) and all the back to the date of
(2-11-2009.) Plaintiff proved that he was not on five gallery parti-
cipating in any STG activity, seeing as though plaintiff had no way
of even being in E-house on five gallery.

31. After 29 days of investigating. Defendant Tejeda blatantly
lied about the information instilled within official State document
in order to frame and convict plaintiff of these alleged charges.
Furthermore, while trusting the word of the alleged (CI) and (CS's),
defendant Tejeda elected to only write an (IDR) against only two of
the alleged five inmates involved with this incident, alleging charges
of 105 Dangerous Disturbance and 205 STG/Unauthorized Organizational
activies. Although the two inmates assigned to E-house cell 523 re-
ceived fighting charges, two other inmates were released from investi-
gative status without any further (IDR's) at all. Defendant could not
have been confident in his (CI) or (CS's) due to his actions of not
writing all alleged involved inmates (IDR's) for 105: and 205:. also,
defendant Tejeda should not have lied, falsified facts, and neglected
to present charges against all involved parties. For these acts and
ommissions, this named defendant is being sued in his individual
capacity, and plaintiff seeks $500,000.00 from this defendant in
punitive damages, and $250,000.00 in compensatory damages for these
violations of his Eight and Fourteenth Amendment rights as guaranteed
under the United States Constitution.

32. Defendant's Lemke, Torre, and Brown, while acting in the course
and scope of their employment as Majors/Shift Supervisor and Reviewing
Officer, and correctional officer, and Hearing investigator/serving
employee, with Stateville CC., with reckless disregard and indifference,
and wanton cruelty, all failed at their duties of reviewing the alleged
facts instilling within (defendant) Tejeda's (IDR) against plaintiff,
and formally dismissing the charges against plaintiff once realizing
that plaintiff's (IDR) was written with alleged facts not supported
by the official state documents (OTS) as stated by the Reporting
Officer (defendant Tejeda.) These defendant's chose to allow this
(IDR) to proceed through further stages, clearly allowing lies and

32. (cont'd) false mistatements of facts to hold plaintiff in segregation. Even after plaintiff complained to all three defendant's in writting and defendant Brown verbally as well, while she was serving plaintiff this (IDR). For these acts and ommissions, these named defendants are being sued in their individual capacities, and plaintiff seeks $500,000.00 from each named defendant to pay in punitive damages, and $250,000.00 in compensatory damages for these violations of his Eight and Fourteenth Amendment rights as guaranteed under the United States Constitution.

## COUNT III

33. Defendant's Johnnie Franklin, Jimmy King, C. Johnson, Palmer, and Anthony Ramos, while acting in the course and scope of their employment as Adjustment Committee Officers and Chief Administrative Officer, with Stateville CC., with reckless disregard and indifference, and wanton cruelty, defendant's Franklin and King were first and second seat of the Adjustment Comittee on 7-15-2009, the day plaintiff heard his (IDR). After Franklin read the (IDR) and asked plaintiff how he plead, plaintiff pled not guilty and presented evidence that plaintiff had never been an E-house cellhouse help, also that plaintiff was indeed an F-house Barber. The fact that plaintiff was an F-house Barber was corroborated by defendant Jimmy King (because defendant King was F-house Lieutenant as well as plaintiff's boss at the time of this incident. Plaintiff further produced court documents which clearly stated that plaintiff was no longer an STG member.

34. Defendant Franklin, King, and Ramos, all saw fit to continue plaintiff's hearing. On their basis for decision the Adjustment Committee misquoted the alleged facts instilled within the (IDR) stating "The informant stated Drew was going from gallery to gallery talking to all the vice lords in the unit." However the (IDR) reported as follows: "Drew was going up and down 5 gallery (E-house) telling members of the vice lords to "get on point" in case there was a confrontation between the GD's and VL's." also their basis for decision presented false evidence from a witness whom in which

34. (cont'd) was not present on the date of the incident, when it was stated "Sergeant Palmer, assigned as unit E 7-3 Sgt stated to the committee, Drew helped out sometime on the 3-11 Shift as a cellhouse worker."

35. After plaintiff proven the (IDR) was wrong by his own evidence as well as defendant's King's testimony, the committee sought out to fabricate whatever evidence they could to convict plaintiff of these charges. Being that Sergeant Palmer was not listed as a witness by defendant Tejeda, leaves room for one to question why the investigating never presented Sgt palmer as a witness. Furthermore, Sergeant Palmer's off days now as well as during the time of the incident and prior to are tuesdays and wednesdays. Being that June-09-2009 the date of the incident was a tuesday, it establishes that Sgt Palmer was not at work and could not have been valid witness to an incident he was not present to witness. Also, with this alleged fact of this witness testimony, the Adjustment committee has changed the evidence from the (IDR) which States "OTS also show that Draw was assigned as a cell house worker.

36. Defendant's Franklin, King, Johnson, Palmer, and Ramos all participated in the basis of the decision. They were all fully aware of the fact that the (IDR) alleged facts were lies and false statements regarding official state documents. In the efforts of maliously trying to give cause to convicting me of the alleged charges these defendants all agreed with the fabricated testimony giving by Sgt Palmer.

37. Defendant's Franklin, King, Johnson, and Ramos, all further presented even more mistatement of facts in the final summary report, where the final summary report alleges that interviews were conducted between June 5 - June 14, 2009, two separate (CS's) provided information that Drew directed vice lords to prepare for a possible fight with Gangster Disciples. (Not verbatim) The alleged incident took place on June 09 2009, so there were no interview on June 5 through 10. Also that both (CS's) identified offender Drew. Clearly it was stated

16

37. (cont'd) that one (cs) stated Drew and one stated (someone nicknamed "Baby C") which the OTS sheet does not state as plaintiff's nickname. For these acts and ommissions, these named defendants are being sued in their individual capacities, and plaintiff seeks $500,000.00 from each named defendant to pay in punitive damages, and $250,000.00 in compensatory damages for these violations of his Eighth and Fourteenth Amendment rights as guaranteed under the United States Constitution.

## COUNT IV

38. Defendant's Sean Bass, and Margaret Thompson, while acting in course and scope of their employment as Grievance officers, with Stateville CC., with reckless disregard and indifference, as well as wanton cruelty, failed to answer all of plaintiff's grievances in this instance. These defendant's answered two of plaintiff's six grievances, these defendant's simply labelled them as duplicates to the previously answered grievances, although that was not the case. This was just another vicious play of Stateville CC., Staff members to try to avoid addressing their wrong doings. In some instances these grievances officer's even labelled the very same grievance as duplicate is to both of the previously filed grievances. (#1) 1760 & (#2) 1894


39. Grievance #1. (8-07-2009) was clearly about plaintiff being left in investigative status for more than 30 days.

40. Grievance #2. (8-07-2009) was clearly about R. Tejeda back dating his (IDR) after being notified plaintiff was complaining on his 32nd day of investigative status.

41. Grievance #3. (8-07-2009) was clearly about defendant Torre failing to serve her duties as Reviewing officer. Grievance labelled duplicate to both grievance #1. & #2.

42. Grievance #4. (8-07-2009) was clearly about defendant Brown failing to serve her duties as Hearing investigator. Grievance was labelled duplicate to both grievance #1 & #2.

43. Grievance #5. (8-07-2009) was clearly about the Adjustment Committee failing to serve their duties as required. Grievance labelled duplicate to grievance #1.

44. Grievance #6. (8-08-2009) clearly was about the Adjustment Committt's Continuing of my hearing on 7-15-2009, as well as false facts submitted by defendant Tejeda and the Adjustment Committees desire to produce an invalid witness as evidence. Grievance was labelled duplicate to grievance #2.

45. Grievance #7. (11-16-2009) was clearly about the grievance officers failing to respond to plaintiff grievance. This grievance was simply labelled duplicate. This is not a duplicate, and the counselor did however respond to this grievance.

46. Defendant's Bass and Thompson, constantly hindered plaintiff from grieving his issues, by duplicating his grievances and failing to send him notice of their decision to duplicate his grievance.

47. On or around 3-02 and 3-03, 2010, plaintiff had his loved one's call Stateville CC., trying to figure out why no-one would respond to plaintiff grievances or letters of complaint. On 3-04-2010, plaintiff received a letter from his then Counselor, notifying plaintiff that his loved one were calling Stateville CC. complaing on his behalf. Also plaintiff received copies of almost every letter, grievance, and exhibit regarding this issue, with instructions to sort through everything and figure out what's messed up and to respond to counselor in writing. This was when plaintiff first received notice of the duplicated grievance. Both of these defendants maliously kept grievances away from plaintiff, failed to appropriately respond to grievances, and constantly ignored plaintiff's many latters and grievance of complaint. For these acts and ommissions, these named defendants are being sued in their individual capacities, and plaintiff seeks $500,000.00 from each named defendant to pay in punitive damages, and $250,000.00 in compensatory damages for these violations of his Eighth and Fourteenth Amendment rights as guaranteed under the United States Constitution.

## COUNT V

48. Defendant's Sherry Benton, Anthony Ramos, Marvin Reed, and Mark Hosey, while acting in course and scope of their employment as, member of Administrative Review Board, Chief Administrative officer, and Assistant Wardens, with the inmate issues office, and Stateville CC., with reckless disregard and indifference, as well as wanton cruelty, all failed to adhere and respond to plaintiff's written and verbal complaints. These defendants were all in positions of authority at the time of this incident and they were all notified about plaintiff's issues. Yet, none of these defendants addressed plaintiff's problems.

49. Defendant Benton was the only defendant to respond to plaintiff's letters, and yet she still (as the others) failed to do anything. For these acts and ommissions, these named defendants are being sued in their indivual capacities, and plaintiff seeks $500,000.00 from each named defendant to pay in punitive damages, and $250,000.00 in compensatory damages for these violations of his Eighth and Fourteenth Amendment rights as guaranteed under the United States Constitution.

## COUNT VI

50. Defendant's Marcus Hardy, and Foster, while acting in course and scope of their employment as, Chief Administrative Officer and investigating officer, with Stateville CC., with reckless disregard and indifference, failed to address plaintiff written and verbal complaints about his issues regarding both plaintiff's (IDR) and grievance issue. Being that defendant Hardy was the head Warden and Foster the F-house investigator, they both has power over individuals involved with plaintiff's issue and failed to address those issues. For these acts and ommissions, these named defendants are being sued in their indivual capacities, and plaintiff seeks $500,000.00 from each named defendant to pay in punitive damages, and $250,000.00 in compensatory damages for these violations of his Eight and Fourteenth Amendment rights as guaranteed under the United States Constitution.

## COUNT VII

51. On June 12, 2009, plaintiff was placed in the punitive segre-
gation unit in F-house Stateville CC., Plaintiff remained in the
segregation unit until approximately December 23-2009.

52. During plaintiff's stay in F-house he endured the following:

53. Plaintiff was forced to live in a two man cell, while in
segregation, the cells were filthy with decades old lead painted
walls. The cells were heavily infested with roaches day and night,
the roaches would crawl on plaintiff while he slept constantly break-
ing his rest. Also due to F-house seg feeding procedures, seg inmate's
trays were left on the chuck hole for up to 30 minutes to an hour,
on each shift, before they were given to plaintiff. Throughout that
time roaches would attack plaintiff trays and eat his food. The cells
are 4X9 in size, built for one man only, and they are filthy.

54. The showers were always nasty. Roaches and other insect crawling
and flying around. Six of the eight showers had broken windows that
never were fixed. I caught two colds while in seg. There was only
(3) showers with hot water, the rest were all luke warm. While in
seg the F-house staff began to run two inmates at a time in a one
man shower with only one shower head. At which point, Plaintiff was
held subject to jokes of a homosexual nature by the correctional
officers. It defeats the purpose to take a shower if you'll have to
wait while your cellmate showers and the water from him showering
splashes upon you. I stopped showering due to those reasons. Plaintiff
only option was to wash up in the sink inside his assigned cell.

55. There were 10 to 15 minutes timers on being able to flush the
toliets, in F-house. This magnified the smell of urine and feces
times 238, which is the average number of inmates in F-house. The
unit usual smells like a cesspool everyday all day. I(Plaintiff)
constantly received minor headaches due to the horrid smell of
urine and feces.

56. Upon entering F-house I(Plaintiff) received one filthy sheet,
that was stained with urine, I(Plaintiff) was told to wash it myself.
The matress plaintiff was also filthy and stained. The matress was
very old and some of the insides had been pulled out. I was given

57. (cont'd) a very funky blanket that ahed and no pillow. I began to break out while in F-house and I'm still dealing with that issue now. I (plaintiff) received Hydrocortisone 1% ointment from an on duty med-tech while in seg. My neck still hurts from not having a pillow. Upon going to F-house I was not breaking out and I was without neck pains.

58. While in F-house I was forced to sleep on the top bunk and that constantly put me in a predicament to constantly jump in and out of the top bunk. There was no latter to use to get in and out of the bunk. My knees still hurt to this day from my time spent in F-house. The constant use of restraint put alot of pressure on my right should. I asked time and time again to be cuffed in the front or to be cuffed up with two cuffs in the back. The C/O's told plaintiff (No Permit No Way!)

59. I was given ointment for my shoulder and my breaks about a month or two after I got out of F-house by Dr. Williams.

60. I was forced to have all of my visits behind a glass, while cuffed up, chained around my waist, and feet shakled. Once in the visiting room I was lock to the floor while already shakled and cuffed up. My family during visits were extremely upset and sadden to see being treated like that. During one visit my mom was told by an officer during her transport to the seg visiting room "oh you going back there with the animals." seeing me like that after that comment made my mother cry for the entire visit.

61. I was only allowed to attend recreation once a week for 5 hours. I was unable to take a beverage and I was not brought Ice or Water while on the yard, Which was Statevilles procedures. I was locked in a small caged yard for 5 hours with no place to urine or defecate. I was unable to workout in my cells due to my cellmates constantly pacing the floor, all day.

62. The food was pretty much always cold with no salt or pepper, nor condiments. The portions were so small I had actually lost atleast 25 pounds while in F-house.

21

63. There are absolutely no programs in seg, so when I was allowed once a week recreation (which I was denied during the lockdowns) recreation and visits were the only movement I had.

64. I grieved this issue as an emergency and regular grievance on 12-28-2009. Neither my counsel nor Warden responded to my grievance. After going through all the previous drama with the rest of my grievances, I figured this grievance may be different since it was not dealing with the (IDR). yet on 3-04-2010 when my then counselor sent me all my previously filed letters and grievances this grievance was also present without a response. Defendant Anthony Ramos is at faught for the conditions I was forced to live in while in F-house unit.

## COUNT VIII

65. Defendant Michael P. Randle, while acting in the course and scope of his employment as I.D.O.C. Director, with IDOC, with reckless disregard and indifference, and wanton cruelty, was made aware of all of these deliberate Malicious acts committed against plaintiff by (his employee's) yet defendant Randle, as well as the rest ignorred plaintiff's complaints. Defendant Randle is the last stop within IDOC for plaintiff's complaints. Being so, Plaintiff is now forced to address his IDOC issue with this Honorable Court. Defendant Randle, for these acts and ommissions, is being sued in his individual capacity, and plaintiff seeks $500,000.00 from defendant Randle to pay in punitive damages, and $300,000.00 in compensatory damages for these violations of his Eighth and Fourteenth Amendment rights as guaranteed under the United States Constitution.

## S U M M A R Y

In summation, Plaintiff was wrongfully placed in segregation, and maliciously prosecuted by the adjustment committee, notwithstanding several contradiction in the I.D.R. as well as with other evidence that proved Plaintiff's innocence. Plaintiff was also denied the opportunity to properly grieve his issue, and due to Plaintiff's constant attempts to grieve said issue, Plaintiff was later retaliated against by Stateville officials. Plaintiff's rights were violated in the following instances of error:

On 6-12-2009, plaintiff was placed in investigative status, where he was without his approved property until 6-27-2009, despite Plaintiff's mmerous verbal and written requests for his property.(see exhibits #1,and#2-A,2-B,2-C,2-D,2-E, and exhibit #3.)

On 7-13-2009, Plaintiff verbally complained about being in investigative status past 30 days. On 7-14-2009, Plaintiff was served an Inmate Disciplinary Report(I.D.R.) that was supposedly written on 7-10-2009, while being based upon information allegedly received on 6-11 thru 6-14-2009. However, this I.D.R. was not signed off on by the shift supervisor until 7-13-2009.(see exhibit #4.)

Plaintiff was taken to the adjustment committee on 7-15-2009, where Plaintiff plead not guilty, and Plaintiff provided testimony and evidence during said hearing which contradicted the I.D.R. and proved Plaintiff's innocence. This evidence was not recorded.(see exhibits #5-A,5-B,and 5-C.)

Counselor Whittington, on 8-05-2009, sent Plaintiff a letter with the exact dates of Plaintiff's investigative status, temporary confinement status, and segregation status. Plaintiff also received through the mail a copy of the Offender Tracking System (O.T.S.) sheet. the very same O.T.S. that the reporting officer used in his I.D.R. This O.T.S. contradicts the reporting officer.

Plaintiff wrote a number of grievances relating to the issue at hand. These grievances all addressed procedural defaults in connection with this isssue and the personnel in whom which were/are at fault.(see exhibits #8,#9,#10,#11,#12, and #13.)

Plaintiff was instructed by counselor Whittington to send all grievances dealing with this I.D.R. to the Grievance Officer because he could not answer my grievances. After the Grievance Officer failed to respond to the grievances, Plaintiff proceeded to write several letters to several individuals voicing his complaints.(see exhibits #14,#15,#16,#17,#18-A,18-N,#19,#20,#21,#22, and #23.)

On 9-27-2009, Plaintiff wrote a grievance contesting the final summary report from the adjustment committee.(see exhibit #24.)

Plaintiff received a response to the letter sent to Deputy Director Roberta Fews, which was forwarded to the A.R.B. (see exhibit #25.)

Plaintiff sent the Grievance Officer another letter on 10-19-2009.(see exhibit #26.)

Plaintiff sent the A.R.B. a letter on 10-20-2009.(see exhibit #27.)

Plaintiff also sent Ms. Hile(of the A.R.B.) a letter on 11-03-2009.(see exhibit #28.)

On 11-16-2009, Plaintiff wrote counselor Harris with grievance dated 11-16-2009 attached.(11-16-2009) grievance also labelled duplicate.(see exhibit #29.)

On 12-22-2009, Plaintiff received response from A.R.B. regarding grievance #1732.(see exhibit #30.)

Plaintiff wrote another letter of complaint to the A.R.B. on 12-28-2009. Also on 12-28-2009, Plaintiff wrote a grievance regarding cruel and unusual living conditions in F-House.(see exhibits #31 and #32.)

Plaintiff wrote a letter of complaint to warden Hardy on 12-28-2009.(see exhibit #33.)

Inmate Jaber Wilson R34144, in an attempt to clear Plaintiff's name in this incident, provided Plaintiff with a copy of his final summary and the A.R.B.'s response to his 7-24-2009 grievance. Mr. Wilson was the only other inmate out of five placed under investigative status, who received charges of 105: and 205:(see exhibits #34-A, and 34-B.)

Plaintiff recieves A.R.B. response to grievance #1760.(see exhibit #35.)

On 1-21-10, Plaintiff sent letter of complaint to Warden Hardy.(see exhibit #36.)

On 2-17-10, Plaintiff sent Counselor Jill Hosselton a letter and copies of his grievances form 8-07-09 and 8-08-09, in an attempt to get them answered.(see exhibit #37.)

Counselor Hosselton responded to a call by Plaintiff's family regarding unanswered grievances by way of letter to Plaintiff dated 3-05-10. Plaintiff responded to Ms. Hosselton by following her directions.(Ms. Hosselton wrote Plaintiff again on 3-07-10. (see exhibits #38,#39, and #40.)

Plaintiff recievd A.R.D. response to grievance #1894.(see exhibit #41.)

Plaintiff sent letter of complaint and grievances/exhibits to Director Randle. (see exhibit #42.)

Plaintiff filed a grievance for failure to respond to 8-07-2009 and 8-08-2009 grievances.(see exhibit #43.)

Stateville officers retaliated against Plaintiff due to Plaintiff's love ones calling stateville and Plaintiff's relentless attempts at filing grievances. Plaintiff was sent to segregation for two weeks plus and then denied an A-Grade shop once released from segregation. Although, it was stated that Plaintiff's (then) cell-mate was the guilty party by admission and by the reporting officers visual account.(see exhibit #44.)

Plaintiff wrote Grievance Officer again.(see exhibit #45.)

Grievance Officer's response to letter.(see exhibit #46.)

Plaintiff wrote Counselor Harris.(see exhibit #47.)

Plaintiff wrote grievance against retaliatory actions.(see exhibit #48.)

Plaintiff's right were violated and every individual who had the power to address the[se] violations, and were informed, failed to do their respective duties. Plaintiff has implemented herein/hereto all the necessary exhibits demostrating proper attention was disregarded, until Plaintiff's family made calls and even then, Plaintiff was

still denied justice. Plaintiff prays this Court administer due justice regarding the issue(s) complained of herein.

**V.** Relief:

State briefly exactly what you want the court to do for you. Make no legal arguments. cite no cases or statutes.

1.) Reasonable and appropriate compensatory damages arising form the wrongful conduct of all defendants.

2.) Punitive damages from these defendants in the amount to be ascertained at trial.

3.) Cost and expenses obtained as a result of the copies of this filing.

4.) That all documentation of events contained in this complaint be expunged and removed from Plaintiff's master file.

5.) That the STG(Security Threat Group) designation placed upon the Plaintiff as a result of the incident related in this petition be removed and non-existent.

6.) That a T.R.O.(Temporary Restraining Order) be implemented to prevent I.D.O.C. from possible retaliatory actions against Plaintiff, of any kind.

7.) That Plaintiff be transferred laterally to a level two(2) Correctional Center: Hill,Corr. Ctr., or to a level three(3) Correctional Center: Dixon or Danville, Corr. Ctr.

8.) That a block be implemented to prevent the I.D.O.C. from transferring to any level one(1) Correctional Centers: Stateville Corr. Ctr; Menard Corr. Ctr.; Pontiac Corr. Ctr.; or Tamms Corr. Ctr., as well as the following level two(2) Correctional Centers; Lawrence Corr. Ctr., or Pinkneyvill Corr. Ctr.

**VI.** The Plaintiff demands that the case be tried by a jury. <u>Yes</u>

C E R T I F I C A T I O N

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this_____day of_____ _____2011.

_____
/S/ _____Frank Drew_____

23

Frank Drew
Reg. No. K-73514
Lawrence Corr. ctr.
10930 Lawrence Rd.
Sumner, Il. 62466

23(a)

## EXHIBITS IN SUPPORT OF CIVIL COMPLAINT

**Exhibits:**

**#1** Investigative Report

**#2** Grievances regarding property 2-A 6-19-2009, 2-B 6-20-2009, 2-C 6-21-2009, 2-D 6-22-2009, 2-E 6-23-2009.

**#3** Personal Property Receipt 6-27-2009.

**#4** Inmate Disciplinary Report. (I.D.R.).

**#5** Adjustment Committee Report. 5-A Final Summary continued, 5-B Circuit Court of Cook County Adult Probation Department Investigative Report, 5-C Final Summary Report.

**#6** Counselor Kevin Whittington's letter to plaintiff.

**#7** Offender Tracking System. (O.T.S.).

**#8** Grievance(regarding Investigative Status violation.)

**#9** Grievance(regarding [I.D.R.] being back dated.)

**#10** Grievance(regarding Reviewing Officer. 10-A, 10-B same grievance, yet both labelled duplicat to grievances # 1760 and # 1894.)

**#11** Grievance(regarding Hearing Investigator. 11-A, 11-B same grievance, yet both labelled duplicate to grievances #1760 and #1894.)

**#12** Grievance(regarding Adjustment Committee's failure to follow procedures, yet grievance labelled duplicate to grievance #1760.)

**#13** Grievance(regarding fabrications and faulty witnesses used to prosecute plaint-iff, yet grievance labelled duplicate to grievance #1894.)

**#14** Letter of complaint to Grievance Officer.(8-30-2009).

**#15** Letter of complaint to Grievance Officer.(9-01-2009).

**#16** Grievance Officer's Report to grievance #1894.

**#17** Grievance Officer's Report to grievance #1760.

**#18** Letters of complaint to (14) State Officials. 18A-18N.

**#19** Letter to Investigator Ms. Foster 9-14-2009.

**#20** Letter to Warden Ramos labelled duplicate to grievance #1894 (9-14-2009).

**#21** Letter to Sean Bass(Grievance Officer) labelled duplicate to grievance #1894 (9-14-2009).

**#22** Letter to Ms. Roberta Fews (9-17-2009).

**#23** Letter to Ms. Margaret Thompson, labelled duplicate to grievance #1894.

**#24** Grievance(regarding Final Summary. (9-17-2009) also labelled duplicate to grievance #1894.)

**#25** Ms. Sherry Benton's response to letter from (9-22-2009).

**#26** Letter to Grievance Officer (10-19-2009).

**Exhibits:**

**#27** Letter to A.R.B. ~~█████████~~ . (10-20-2009).

**#28** Letter to Ms. Hile A.R.B. (11-03-2009).

**#29** Letter to Ms. Harris(Counselor) attached with 11-16-2009 grievance, also labelled duplicate.

**#30** A.R.B. Response to grievance #1732.

**#31** Letter to A.R.B. (regarding failure to address grievances. 12-28-2009.)

**#32** Grievance(regarding'Cruel and Unusual Living Conditions'. 12-28-2009.)

**#33** Letter of complaint to Warden Marcus Hardy. 12-28-2009.

**#34** Jaber Wilson R34144, Final Summary, and A.R.B. Response to his 7-24-2009 grievance. 34-A and 34-B.

**#35** A.R.B. Response to grievance #1760.

**#36** Letter to Warden Marcus Hardy.

**#37** Letter to Counselor Jill Hosselton.

**#38** Letter from Jill Hosselton, with copies of Plaintiff grievances regarding this incident.

**#39** Plaintiff sent Counselor Jill Hosselton the grievances and exhibits back in order with a letter dated 3-05-2010.

**#40** Hosselton wrote plaintiff.

**#41** A.R.B. Response to grievance #1894.

**#42** Letter and exhibits to Director Randle.

**#43** Filed grievances for failure to respond to grievances.

**#44** Stateville Official's retaliated against plaintiff.

**#45** Plaintiff wrote Grievance Officer.

**#46** Grievance Officer responded to plaintiff's letter.

**#47** Plaintiff wrote Counselor Harris.

**#48** Plaintiff wrote a grievance(regarding retaliatory actions.)

**Offender Disciplinary Report**

| Type of Report: | | Stateville C.C. | Date: 06/12/09 |
|---|---|---|---|
| ☐ Disciplinary | x Investigative | Facility | |

Offender Name: Drew, Frank    *EX #5*    ID #: K73514

Observation Date: 06/12/09    Approximate Time: 1:30    ☐ a.m. x p.m.    Location: Intel Unit

**Offense(s): DR 504:**    610 - Investigative Status

**Observation:** (NOTE: Each offense identified above must be substantiated.) On the above date and approximate time inmate DREW, FRANK is being placed under investigative status at Stateville C.C. End of report.

Witness(es):

☐ Check if Offender Disciplinary Continuation Page, DOC 0316, is attached to describe additional facts, observations or witnesses.

| E. Aguero | 4824 | *signature* | 06/12/09 | 1:36 | ☐ a.m. x p.m. |
|---|---|---|---|---|---|
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time | |

---

**Disciplinary Action:**

**Shift Review:** ☐ Temporary Confinement    ☒ Investigative Status    Reasons: _____

_____

Printed Name and Badge #    Shift Supervisor's Signature    Date
(For Transition Centers, Chief Administrative Officer)

**Reviewing Officer's Decision:** ☑ Confinement reviewed by Reviewing Officer    Comment: _____

☒ Major Infraction, submitted for Hearing Investigator, if necessary end to Adjustment Committee

☐ Minor Infraction, submitted to Program Unit

Print Reviewing Officer's Name and Badge #    Reviewing Officer's Signature    Date

☑ **Hearing Investigator's Review Required** (Adult Correctional Facility, Major Reports Only):

Print Hearing Investigator's Name and Badge #    Hearing Investigator's Signature    Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☐ Check if offender refused to sign

_____    Offender's Signature    ID# _____

Serving Employee (Print Name)    Badge #    Signature

_____    _____    ☐ a.m. ☐ p.m.
Date Served    Time Served

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

_____    _____
Offender's Signature    ID#

---

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

_____    _____    _____
Date of Disciplinary Report    Print offender's name    ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|

Witness can testify to: _____

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|

Witness can testify to: _____

Distribution:    Master File    *Present on Reviewed Page*    DOC 0317 (Rev. 2/2007)
                 Offender

RECEIVED
SEP 22 2009
OFFICE OF INMATE ISSUES

(Exhibit # 2-A)

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: 6-19-09 | Offender: (Please Print) Frank Drew | ID#: K-73514 |

| Present Facility: Stateville | Facility where grievance issue occurred: Stateville |

**NATURE OF GRIEVANCE:**

- [X] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [X] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Other (specify): _____

- [X] Disciplinary Report: 6,12,09    Stateville
  Date of Report          Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** I inmate Frank Drew K-73514 F-155, was placed under investigative status on 6-12-09. Since that date I have constantly complained to C/O's, SGT's, LT's, Major's, and Warden's about retrieving my property (including audio/visuals. For the most part I have been told to hold on they'll deal with it. However, recently I've been told on several occasions that, "the Major and Warden Hosey said don't give anyone under investigative status their property because, if they get tickets they won't want to return it." According to the Stateville hand book section

**Relief Requested:** That I be brought all of my audio-visual and legal material, as well as pens, paper, and books. Also that I be paid at a ~~minimum~~ up-to atleast a minimum of $~~1,000.00~~ dollars

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Frank Drew | K-73514 | 6,19,09 |
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

Date Received: ___/___/___    [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277.

Response: _____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
| | ___/___/___ |

---

### EMERGENCY REVIEW

Date Received: ___/___/___    Is this determined to be of an emergency nature?

[ ] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| Chief Administrative Officer's Signature | Date |

## PERSONAL PROPERTY SEGREGATION UNITS

"ANY INMATE WHO IS PLACED IN CONFINEMENT PENDING INVESTIGATION OR DISPOSITION OF A DISCIPLINARY INFRACTION OR WHO IS CONFINED FOR NONDISCIPLINARY REASONS SHALL BE ALLOWED THE SAME AUDIO-VISUAL PRIVILEGES THAT HE HAD PRIOR TO BEING PLACED ON SUCH STATUS."

This rule clearly approves me for my audio-visual. However I am constantly being denied this right.

Furthermore, aside from audio-visual I have not received any of my belongings from Personal Property. PHOTO's, writing paper, ink pens, writeouts, books, or Legal materials. All of which I have a right to have while under investigative status.

## RELIEF REQUESTED: (two-Hundred dollars) a day due to the neglegence being show cased by ALL STATEVILLE OFFICERS from C/O's to Wardens! Also that no retaliatory actions be brought upon me for complaining about this issue.

*(Exhibit #2-B)*

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| | | |
|---|---|---|
| Date: 6-20-09 | Offender: (Please Print) Frank. Drew | ID#: K-73514 |
| Present Facility: STATEVILLE | Facility where grievance issue occurred: STATEVILLE | |

**NATURE OF GRIEVANCE:**

- [X] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [X] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Other (specify): _____

- [X] Disciplinary Report: 6.12.09    STATEVILLE
  Date of Report        Facility where issued

Note:    Protective Custody Denials may be greved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    Chief Administrative Officer, only if EMERGENCY grievance.
    Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
    administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
    Administrative Officer.

Brief Summary of Grievance: I inmate Drew K-73514, have been sitting
in the segregation unit since 6-12-09 under investigative
status. I have not received any of my personal property
accept for the seg bag that I was allowed to pack and
bring with me. According to the rules I am entitled to atleast
25 books, magazines, and catalogs, audio-visual, as well as
photos, ink pens, writing paper and artifacts. I have continuously
requested my property since 6/12/09 but no-one has
done anything to help me retrieve these items.

Relief Requested: Simply that I be paid $200.00 (two hundred)
dollars a day due to the denial of my rights here at this
institution. Also that no retalitory actions be brought against

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| | | |
|---|---|---|
| Frank Drew | K-73514 | 6.20.09 |
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

| **Counselor's Response** (if applicable) | |
|---|---|
| Date Received: ___/___/___ | [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

_____

_____

| | | |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

| **EMERGENCY REVIEW** | |
|---|---|
| Date Received: ___/___/___ | Is this determined to be of an emergency nature?    [ ] Yes; expedite emergency grievance    [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

| | |
|---|---|
| Chief Administrative Officer's Signature | Date |

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)

RELIEF REQUESTED: Me for complaining
about this issue.

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 6-21-09 | Offender: (Please Print) Frank Drew | ID#: K-23514 |

| Present Facility: STATEVILLE | Facility where grievance issue occurred: STATEVILLE |

**NATURE OF GRIEVANCE:**

| ☒ Personal Property | ☐ Mail Handling | ☐ Restoration of Good Time | ☐ Disability |
| ☒ Staff Conduct | ☐ Dietary | ☐ Medical Treatment | ☐ HIPAA |
| ☐ Transfer Denial by Facility | ☐ Transfer Denial by Transfer Coordinator | | ☐ Other (specify): |

☒ Disciplinary Report: 6/12/09     STATEVILLE
Date of Report     Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer

Brief Summary of Grievance: I inmate FRANK DREW K-73514 F-155, am now on my forth grievance about my property and this issue has yet to be resolved. I've been under investigation, investigative status since 6-12-09. None of my personal property (including but not limited to) audio-visual has been brought to me despite my numerous requests, to C/O's, SGT's, LT's, Major's, or Warden's. I've been constantly told that I would receive all of my property but nothing is being done to make good on those statements.

Relief Requested: That I Be PAID (two Hundred) $200.00 dollars per day for each day I am neglected my property. Also, that No retalitory actions be brought against me for these complaints.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Frank Drew     K-73514   6/21/09
Offender's Signature     ID#     Date

(Continue on reverse side if necessary)

| | **Counselor's Response (if applicable)** | |

Date Received: ___/___/___     ☐ Send directly to Grievance Officer     ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
| | | ___/___/___ |

| | **EMERGENCY REVIEW** | |

Date Received: ___/___/___     Is this determined to be of an emergency nature?     ☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature     ___/___/___
Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE (Continued)**

| Date: 6-22-09 | Offender: (Please Print) FRANK DREW | ID#: K-73514 |

| Present Facility: STATEVILLE | Facility where grievance issue occurred: STATEVILLE |

**NATURE OF GRIEVANCE:**

- [x] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify): _____

- [x] Disciplinary Report: 6 / 12 / 09      STATEVILLE
                          Date of Report          Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    Chief Administrative Officer, only if EMERGENCY grievance.
    Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
    administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
    Administrative Officer.

Brief Summary of Grievance: I've been under investigative status since 6-12-09. I've spoken to just about every C/O, SGT, LT, Major, and both Warden's Reed and Hosey about receiving my approved property while under investigative status. No one has truly made the effort to obtain these items for me. (pens, paper, writeouts, photos, and audio-visual, as well as legal materials. The officers I've spoken to mainly all work on the 7-to-3 shift. Names and badge numbers were not given to me yet, any officer on 7-to-3 shift from 6-13-09 has heard

Relief Requested: That I be paid (two hundred) $200.00 dollars a day for each day I've been neglected my property while under investigative status. Also that no retaliatory actions be brought

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Frank Drew                    K-73514    6/22/09
Offender's Signature                      ID#        Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ___/___/___    [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

_____

Print Counselor's Name          Counselor's Signature          Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___    Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature                    ___/___/___ Date

**OFFENDER'S GRIEVANCE** (Continued)

my constant complaints time and time again. I am currently being punished for being placed under investigative status and this is truly cruel and unusual punishment. My right at this institution are few and I deserve to have them afforded to me.

RELIEF REQUESTED: upon me for filing these complaints.

(Exhibit #2-E)

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE**

| | | |
|---|---|---|
| Date: 6-23-09 | Offender: (Please Print) FRANK DREW | ID#: K-73514 |
| Present Facility: STATEVILLE | Facility where grievance issue occurred: STATEVILLE | |

**NATURE OF GRIEVANCE:**

- ☒ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☐ Other (specify): _____

☒ Disciplinary Report: 6 / 12 / 09     STATEVILLE
Date of Report         Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** While now writing my sixth grievance regarding not receiving my personal property while under investigative status, I have been without my approved property for eleven (11) days now. Although I proved to be patient for a whole week before formally complaining, about not receiving my property, I am now almost two weeks into my 30 day investigation status and still no property. The denial of approved property (including) audio-visual clearly shows that I am being punished (seg status) and not investigation status. Furthermore, it goes beyond seg

**Relief Requested:** I ask that I be paid (two hundred) $200.00 dollars a day for everyday I'm denied my approved property. Also that no retaliatory actions be taken against me for filing these complaints.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Frank Drew                K-73514          6/23/09
Offender's Signature              ID#              Date

(Continue on reverse side if necessary)

---

| **Counselor's Response (if applicable)** | | |
|---|---|---|
| Date Received: ___ / ___ / ___ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____
_____
_____
_____
_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

---

| **EMERGENCY REVIEW** | |
|---|---|
| Date Received: ___ / ___ / ___ | Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

Chief Administrative Officer's Signature          Date

Printed on Recycled Paper

**OFFENDER'S GRIEVANCE (Continued)**

Status because I have yet to retrieve the approved Property for seg status as well. Which proves grounds for cruel and unusual punishment.

F155

STATEVILLE CORRECTIONAL CENTER
PERSONAL PROPERTY RECEIPT

DATE: 6-27-09

RECEIVED FROM: B. McLelland

THE FOLLOWING DESCRIBED PROPERTY BELONGS TO:

INMATE: Drew                    NUMBER: K73514

tv

pb
cb
received all property per Lt. Bethea

INMATE PERSONAL PROPERTY:        INMATE'S NAME:

RECEIVED
OCT 27 2009
OFFICE OF
INMATE ISSUES

**Offender Disciplinary Report**
Stateville C.C.

| Type of Report: | | Date: 7/10/2009 |
|---|---|---|
| x Disciplinary ☐ Investigative | Facility | |

Offender Name: DREW, FRANK      ID #: .73514

Observation Date: 6/11/09    Approximate Time: 3:00   ☒ a.m. ☐ p.m.   Location: Stateville C.C. Intel Unit

**Offense(s): DR 504:**    105: Dangerous Disturbance; 205: STG/Unauthorized Organizational Activity

**Observation:** (NOTE: Each offense identified above must be substantiated.) On the above date and approximate time, at the conclusion of an investigation initiated on 6/11/2009, an institutional disciplinary report was issued to inmate DREW, FRANK K73514. On 6/11/2009 this R/O received information from a confidential informant that a physical altercation had taken place between two inmates assigned to E-House, Cell 523. CI stated one of these said inmates was a member of the Gangster Disciples STG while the cellmate was a member of the Vice Lords STG. ~~These said inmates between these inmates took place on 6/9/2009~~ CI stated after these said inmates got into this physical altercation, the GD inmate, along with two other GD members, attempted to get other GD members (E-House) to fight with members of the VICE LORDS STG. Due to the information received from this CI, E-House was placed on a Level 1 lockdown.

    Between the dates of June 11 – June 14, 2009, the Stateville CC Investigation's Unit conducted several interviews of inmates in E-House pertaining to the alleged physical altercation and possible STG related issues. During these interviews, two separate confidential sources provided information that DREW directed members of the VICE LORDS STG, in E-House, to prepare themselves for a possible confrontation

Witness(es):

☒ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| R. Tejeda | 2816 | | 7/10/2009 | 2:00 | ☐ a.m. x p.m. |
|---|---|---|---|---|---|
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time | |

## Disciplinary Action:

**Shift Review:** ☐ Temporary Confinement   ☐ Investigative Status   Reasons: _signature_

_Printed Name and Badge #_     Shift Supervisor's Signature      7/10/09   Date
(For Transition Centers, Chief Administrative Officer)

**Reviewing Officer's Decision:** ☒ Confinement reviewed by Reviewing Officer   Comment: _____

☒ **Major Infraction**, submitted for Hearing Investigator, if necessary and to Adjustment Committee

☐ **Minor Infraction**, submitted for Program Unit

_Print Reviewing Officer's Name and Badge #_    Reviewing Officer's Signature    Date

☒ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

_Print Hearing Investigator's Name and Badge #_   S Brown 2793   Hearing Investigator's Signature   7-13-09   **RECEIVED**   Date

**SEP 22 2009**
**OFFICE**

### Procedures Applicable to all Hearings on Investigative and Disciplinary Reports
You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

### Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports
You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☐ Check if offender refused to sign

S Brown    Offender's Signature    ID# ___

_Serving Employee (Print Name)_   2793   Badge #   Signature

7-14-09   Date Served    8:45   Time Served   ☒ a.m. ☐ p.m.

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Disciplinary Continuation Page

Statevile C.C.
Facility

☒ Disciplinary Report ☐ Investigative Report ☐ Disciplinary Summary ☐ Adjustment Committee Summary

Report/Incident Date: 6/41/2009 _____ Incident # (if applicable): _____

**Offender Information:**

Offender Name: DREW, FRANK                    ID #: K73514

Use the space below to provide any additional information.

With members of the Gangster Disciples as a result of the aforementioned physical altercation.

CS 1 stated after the physical altercation took place, DREW was going up and down 5 gallery (E-House) telling members of the VICE LORDS to "get on point" in case there was a confrontation between the GDs and the VLs.

CS 2 stated an inmate by the nickname of BABY C came onto 5 gallery telling members of the VICE LORDS "to get on point" in case the VICE LORDS had to fight with members of the GDs. CS stated the reason BABY C was telling the VICE LORDS "to get on point" (meaning to prepare themselves) was due to the physical altercation the GD and VL member had while in their assigned cell.

According to OTS, BABY C is a nickname utilized by DREW. Although OTS shows that DREW was lived on one gallery at the time of this incident, [illegible] shows that DREW was [illegible] cell [illegible] at the time of this incident. OTS also identifies DREW as a member of the Conservative VICE LORDS STG.

Due to the CI (CI has been proven reliable in the past) and CS information obtained during this investigation, DREW is in violation of the following 504 offenses:

105: Dangerous Disturbance – DREW was identified directing members of the VICE LORDS (on E-House 5 gallery) to prepare themselves for a possible confrontation with members of the Gangster Disciples due to a GD and a VL getting into a physical altercation. DREW's actions seriously endangered this facility and caused E-House to be placed on a Level 1 lockdown.

205: STG/Unauthorized Organizational Activity – DREW was identified engaging members of the VICE LORDS STG to engage in Security Threat Group activities which have been deemed to be a threat to the security of this institution. This STG activity was another cause for E-House to go on a Level 1 lockdown.

DREW, FRANK K73514 was properly identified via the IDOC Institutional Graphics System.

The names and identities of the confidential informant/sources are being withheld due to safety and security of this institution.

End of report.

7-10-2009          Frank Drew          K-73514

## RECEIVED

SEP 2 2 2009

OFFICE OF
INMATE ISSUES Page _2_ of ___2___

Distribution: Master File Offender

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** DREW, FRANK                    **IDOC Number:** K73514                    **Race:** BLK

**Hearing Date/Time:** 7/15/2009  11:44 AM          **Living Unit:** STA-F -01-55          **Orientation Status:** N/A

**Incident Number:** 200901391/1 - STA              **Status:** Continued Final

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|------------------|----------|------|
| 6/11/2009 | 200901391/1-STA | TEJEDA, RICARDO | INMATE COMMISSARY | 03:00 PM |

| Offense | Violation | Final Result |
|---------|-----------|--------------|
| 105 | Dangerous Disturbances | |
| | Comments:*2-I/M'S FIGHTING* | |
| 205 | Gang Or Unauthorized Organization Activity | |

| Witness Type | Witness ID | Witness Name | Witness Status |
|--------------|------------|--------------|----------------|

**No Witness Requested**

## RECORD OF PROCEEDINGS
Inmate Drew present, hearing conducted. Drew states he's not guilty of the indicated charge.

## BASIS FOR DECISION
Officer / Intel R. Tejeda states in his disciplinary report, at the conclusion of an investigation initiated on 6/11/09, an institutional disciplinary report was issued to inmate Drew, Frank. On 6/11/09 Tejeda received information from a confidential informant that a physical altercation had taken place between two inmates assigned to E house cell 523. Confidential informant stated one of these said inmate one was a member of the Gangster Disciples STG, while the cellmate was a member of the Vice Lord STG. Confidential informant stated the fight took place on 6/09/09 and stated after these said inmates got into this physical altercation the Gangster Disciples inmate along with two other members attempted to get other GD members on five gallery to fight with members of the Vice Lords STG. The information that was given to Tejeda, E house was placed on level one lock down. Between the dates of 06/11/09 - 06/14/09 the Stateville Correctional Center investigation unit conducted several interviews of inmates in E house pertaining to the alleged physical altercation and possible STG related issues. During the interviews, two separate confidential sources provided information that Drew directed members of the Vice Lords STG in E house to prepare them selves for a possible confrontation with members of the Gangster Disciples as a result of the aforementioned physical altercation. The informant stated Drew was going from gallery to gallery talking to all the Vice Lords in the unit. Inmate Drew stated to the Committee, he works in the barber shop and he never worked in the unit as a gallery worker. He stated the investigators are wrong in their statement stating the informant said he was running from gallery to gallery. Sergeant Palmer, assigned as unit E 7-3 Sgt stated to the Committee, Drew helped out sometime on the 3-11 shift as a cell house worker.

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|-------------|-------|
| C O N T I N U E | —C O N T I N U E D— |
| Basis for Discipline: | |

### Signatures
### Hearing Committee

| | Signature | Date | Race |
|---|-----------|------|------|
| FRANKLIN, JOHNNIE L  - Chair Person | | 07/15/09 | BLK |
| KING, JIMMY | | 07/15/09 | BLK |
| Recommended Action Approved | | | |

**Final Comments:** N/A

RECEIVED

SEP 2 2 2009

OFFICE OF
INMATE ISSUES

Run Date: 7/28/2009 11:10:01

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

| | | |
|---|---|---|
| Name: DREW, FRANK | IDOC Number: K73514 | Race: BLK |
| Hearing Date/Time: 7/15/2009  11:44 AM | Living Unit: STA-F -01-55 | Orientation Status: N/A |
| Incident Number: 200901391/1 - STA | Status: Continued Final | |

ANTHONY A RAMOS / AAR 7/27/2009                    07/27/09

Chief Administrative Officer          Signature                    Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

_Johnson, C_                    7/28/09 1213 via mail

Employee Serving Copy to Committed Person          When Served  ·· Date and Time

RECEIVED

SEP 2 2 2009

OFFICE OF
INMATE ISSUES

(EXhibit # S-13)

# CIRCUIT COURT OF COOK COUNTY
## ADULT PROBATION DEPARTMENT
### INVESTIGATIVE REPORT

**DATE ORDERED:** March 15, 1999

**DATE DUE:** April 13, 1999

**DEFENDANT:** Frank ●. Drew

**A/K/A:**

**ADDRESS:** 5040 S. Paulina 1st Fl.
Chicago, Illinois 60609

**TELEPHONE:** None

**VERIFICATION:**

**PRETRIAL:**

**PRESENTENCE:** x

**JUDGE:** Rohrer

**LOCATION:** Skokie Courthouse

**ASST. STATE ATTY:** Assigned

**DEFENSE ATTY:** D. Wiener

**INVESTIGATING P.O.** T. Moore

**DATE OF BIRTH:** December 16, 1979

**PLACE OF BIRTH:** Chicago, Illinois

**SEX/RACE:** Male/Black

**HGHT/WGHT:** 5'7"/160 lbs

**EYES/HAIR:** Brown/Black

**U.S. CITIZEN:** Yes

**DATE ENTERED U.S.A.:** N/A

**ALIEN REGISTRATION #:** N/A

**I.R. #:** None

**C.B. #:** L10524545

**I.S.B. #:** IL35943240

**F.B.I. #:** 847479XA1

**S.S. #:** Unknown

**D.L. #:** None



| CASE NUMBERS | CHARGE |
|---|---|
| 98CR755801 | First Degree Murder |

**CUSTODY STATUS:** Incarcerated – Inmate #9814022 – Division #11

**RECEIVED**

SEP 2 2 2009

OFFICE OF
INMATE ISSUES

C51

1

## BACKGROUND

<u>PRIOR CRIMINAL INVOLVEMENT</u>  (CHECK ALL THAT APPLY)

| <u>JUVENILE</u> | <u>ADULT</u> |
| --- | --- |

( x ) PROBATION          ( x ) MISDEMEANOR  ( x ) PROBATION
(   ) INCARCERATION      ( x ) FELONY       ( x ) INCARCERATION
                                            (   ) PAROLE

**EMPLOYMENT STATUS:**  Unemployed

    **INCOME:**  None                **SOURCE:**  N/A

**EDUCATION, HIGHEST LEVEL:**   Tenth grade

**MILITARY:**  No                **BRANCH:**  N/A

**DISCHARGE:**  N/A

**CURRENT MARITAL STATUS:**  Single      **NUMBER OF CHILDREN:**  None

**SUPPORT PAYMENTS:**  N/A

**SUBSTANCE USE:**                **ALCOHOL:**  Yes

                              **CHEMICAL:**  Yes

**PSYCHOLOGICAL INFORMATION:**      Yes

**PHYSIOLOGICAL INFORMATION:**      No

~~GANG INVOLVEMENT:~~

**VICTIM IMPACT STATEMENT:**      Violent crime

**OTHER PERTINENT INFORMATION:**

RECEIVED

SEP 2 2 2009

OFFICE OF
INMATE ISSUES

C50

2

ADJUSTMENT COMMITTEE
FINAL SUMMARY REPORT

Name: DREW, FRANK     IDOC Number: K73514     Race: BLK

Hearing Date/Time: 7/15/2009  11:44 AM     Living Unit: STA-F -01-55     Orientation Status: N/A

Incident Number: 200901391/2 - STA     Status: Final

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|------------------|----------|------|
| 6/11/2009 | 200901391/1-STA | TEJEDA, RICARDO | INMATE COMMISSARY | 03:00 PM |

| Offense | Violation | Final Result |
|---------|-----------|--------------|
| 105 | Dangerous Disturbances | Guilty |
|  | Reduced to 601.105-Attempt |  |
|  | *Comments:2-I/M'S FIGHTING* |  |
| 205 | Gang Or Unauthorized Organization Activity | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|--------------|-----------|--------------|----------------|
| No Witness Requested | | | |

## RECORD OF PROCEEDINGS

Offender Drew K73514 present and hearing conducted.  Offender states he's not guilty of the indicated charges.  Offender states he's not a worker in unit E.  He works at the barber shop only so how was he going from gallery to gallery when he was never a cell house worker.  Drew states he is not a Vice Lord.

## BASIS FOR DECISION

As stated in the report, the reporting officer received information from a confidential informant that a physical altercation had taken place between two offenders in cell E-523.  Reporting officer states that during an interview an CI informed him that one of the offenders involved in the altercation is a member of the Gangster Disciple (GD) STG while the other offender was a member of the Vice Lords (VL) STG.  Reporting officer states that the CI informed him that after said offenders got into a physical altercation, the GD inmates, along with two other GD members, attempted to get other GD members on five (5) gallery to fight with members of the Vice Lords STG.  The CI, who's identity is being withheld due to the safety and security of the institution, has been deemed reliable due to corroborating statements given in the past.  During interviews conducted between June 5- June 14, 2009, two separate confidential sources (CS) provided information that offender Drew directed members of the Vice Lords STG in E house to prepare themselves for a possible confrontation with members of the Gangster Disciple STG as a result of the said physical altercation.  As stated in the report, CS 1 stated that after the physical altercation took place, offender Drew was going up and down five (5) gallery in E house telling members of the Vice Lords STG to "get on point" in case there was a confrontation between the GD's and the VL's.  Also as stated in the report, CS 2 stated that an inmate by the nickname of 'Baby C' came onto five (5) gallery in E house telling members of the Vice Lords "to get on point" in case the Vice Lords had to fight with members of the GD's.  According to the offender tracking system, offender Drew is a member of the Conservative Vice Lords STG and also uses the nickname 'Baby C'.  Offender Drew was properly identified via the IDOC institutional graph es system.

## DISCIPLINARY ACTION *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|-------------|-------|
| 6 Months C Grade | 6 Months C Grade |
| 6 Months Segregation | 6 Months Segregation |
| Revoke GCC or SGT 6 Months | Revoke GCC or SGT 2 Months |
| 6 Months Contact Visits Restriction | 6 Months Contact Visits Restriction |
| Basis for Discipline:nature of incident | |

## Signatures

Hearing Committee

FRANKLIN, JOHNNIE L - Chairperson     Signature     07/15/09     BLK

RECEIVED
SEP 2 2 2009
OFFICE OF
INMATE ISSUES

Date: 8/7/2009 08:52:43

# STATE OF ILLINOIS – DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** DREW, FRANK      **IDOC Number:** K73514      **Race:** BLK

**Hearing Date/Time:** 7/15/2009  11:44 AM      **Living Unit:** STA-F -01-55      **Orientation Status:** N/A

**Incident Number:** 200901391/2 - STA      **Status:** Final

## Signatures
### Hearing Committee

| | Signature | Date | Race |
|---|---|---|---|
| KING, JIMMY | | 07/15/09 | BLK |
| Recommended Action Reduced | | | |

**Final Comments:** N/A

ANTHONY A RAMOS / AAR  8/4/2009
Chief Administrative Officer      Signature      08/04/09      Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

Johnson, C
Employee Serving Copy to Committed Person      8/7/09  9'8  via mail
When Served -- Date and Time

RECEIVED

SEP 2 2 2009

OFFICE OF
INMATE ISSUES

NAME: _Drew_    #_K73514_    LOCATION: _F/55_

## FROM THE DESK OF:



## KEVIN WHITTINGTON
## CORRECTIONAL COUNSELOR II

DATE _8-5-09_

| | | |
|---|---|---|
| Investigative Status | 6-12-09 to | 7-12-09 |
| Temp Confinement | 7-3-09 to | 7-27-09 |
| Disciplinary Seg | 6-12-09 to | 12-12-09 |

**RECEIVED**

SEP 2 2 2009

OFFICE OF
INMATE ISSUES

IDOC#: K73514 DREW, FRANK          1 A M  STA-F -01-55          11/15/202

|  |  | S | P |  | PLANNED |  | TER |
| -LOC- | ----ASSIGNMENT DESCRIPTION---- | T | -R- | --START- | -END- | -TERM- | -RSN |
| STA | DISCIPLINARY SEG., LOCKUP | A | Y | 6 12 09 | 12 12 09 | 12 12 09 | CMP |
| STA | LOSS PRIV, CONTACT VISITS | A | N | 6 12 09 | 12 12 09 | 12 12 09 | CMP |
| STA | TEMP CONFINEMENT, LOCKUP | T | Y | 7 13 09 | 7 27 09 | 7 27 09 | CMP |
| STA | INVESTIGATIVE STATUS, LOCKUP | T | Y | 6 12 09 | 7 12 09 | 7 12 09 | CHN |
| STA | NATION OF ISLAM, PARTICIPANT | T | N | 8 18 08 | 00 | 6 12 09 | SEG |
| STA | R-HOUSE, BARBER | T | Y | 2 11 09 | 8 11 09 | 6 11 09 | CHN |
| STA | VOC-BARBERING, STUDENT | T | Y | 8 24 08 | 00 | 2 10 09 | CMP |
| STA | UNASSIGNED, UTILITY MAN | T | Y | 7 1 08 | 00 | 8 23 08 | CHN |
| STA | VOC-BARBERING, STUDENT | T | Y | 9 11 06 | 00 | 6 30 08 | NCM |
| STA | CHAPLAINCY DEPT., NEW LIFE | T | N | 3 3 07 | 00 | 12 21 07 | NCM |
| STA | LOSS PRIV, COMMISSARY | T | N | 5 31 07 | 6 30 07 | 6 30 07 | CMP |
| STA | CHRISTIAN, PARTICIPANT | T | N | 2 23 06 | 00 | 2 25 07 | NCM |

NEXT KEY DATA:  IDOC #:  K73514
PF7: PAGE BACK   PF8: PAGE FWD

You should not be in possession
of info off a state comp.
like this   Shep
            Bonty
            9/28/09

RECEIVED
SEP 2 2 2009
OFFICE OF
INMATE ISSUES

(EXHIBIT#7)

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: 5-07-2009 | Offender: (Please Print) Frank Dree | ID#: |
|---|---|---|
| Present Facility: Stateville | Facility where grievance issue occurred: Stateville | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify): _____

- [x] Disciplinary Report: 5-10-2009 ___ Stateville
  Date of Report ___ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** _____

_____

_____

_____

_____

_____

_____

_____

_____

**Relief Requested:** _____

_____

_____

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Frank Dree | 6-135-14 | / / |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

| Date Received: ___/___/___ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: _____

_____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | / / Date of Response |
|---|---|---|

---

### EMERGENCY REVIEW

| Date Received: ___/___/___ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

| Chief Administrative Officer's Signature | / / Date |
|---|---|

EX 3

ILLINOIS DEPARTMENT OF CORRECTIONS

**OFFENDER'S GRIEVANCE (Continued)**

and [illegible] Counselor [illegible] [illegible]. They both basically informed me that I [illegible] and that they would [illegible] my situation [illegible] responded to me about this issue.

[illegible] the following day 7-14-2009 ([illegible] day of investigative status) I was served a disciplinary report that had been [illegible] dated to the date of [redacted] 7-14-2009 [illegible] [illegible] day of investigative status. This [illegible] dated this ticket to the date of 7-10-2009 only after he was made aware of his negligency due to his failure to release me after the required 30 day time period of investigative status [illegible] there was no other way [illegible] clear as his failure to release me, seeing [illegible] the date of 7-13-2009 I was still in the computer under investigation [illegible] [redacted] [illegible], in regards to the disciplinary [illegible] of the disciplinary report, the [illegible] Reviewing Officer, and Hearing Investigator all signed off on this report on the date of 7-13-2009, the 32nd day of my investigative status and the very same day I made [illegible] verbal complaints and one formal complaint.

This disciplinary report [illegible] the wide scope of procedural [illegible] [illegible] and the [illegible] address this issue [illegible] [illegible] 6-12-2009 thru 7-11-2009) [illegible] failed to [illegible] [illegible] the duty to release me from investigative status and once again [illegible] [illegible] this report [illegible] [illegible] his mistakes. Procedural default [illegible] due to my [illegible] remaining under investigative status 30 days instead of 30!

RELIEF REQUESTED: [illegible] a day for each day [illegible] past the date of 7-11-2009, my 30th day of investigative status.

H+
1                                                                    (EXHIBIT 8-B)

## OFFENDER'S GRIEVANCE

| Date: 8-07-2009 | Offender: (Please Print) Frank Drew | ID#: K-73514 |
|---|---|---|

| Present Facility: STATEVILLE | Facility where grievance issue occurred: STATEVILLE |
|---|---|

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Distary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☐ Other (specify):

☒ Disciplinary Report: 7/10/2009    STATEVILLE
                        Date of Report      Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** I inmate Drew K-73514 was placed in investigative status on 6-12-2009. Per the Stateville handbook 504.50 (c)(3)th "THE OFFENDER MAY BE DETAINED IN INVESTIGATIVE STATUS FOR UP TO 30 DAYS FOR ADULTS" Here in this instance, my 30th day of investigative status was 7-11-2009. Yet I was left under investigative status until the date of 7-13-2009. On 7-13-2009, when I began to complain about being held in investigative status 2 days past my 30th day, an F-House staff member sent a cellhouse worker to my cell stating I was still in the computer as being in investigative status. This was approximately around 11:45am to 2:00pm.
Within about an hour after that, I spoke to both F-house Lt. King

**Relief Requested:** That this report be terminated and expunged from my record. That I be let out of Seg immediately. That no retaliatory action be brought against me for filing this complaint. Also that I receive $$300.00) three hundred

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Frank Drew                              K-73514        8/7/09
Offender's Signature                        ID#           Date

(Continue on reverse side if necessary)

| **Counselor's Response** (if applicable) | |
|---|---|
| Date Received: ___ / ___ / ___ | ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

| **EMERGENCY REVIEW** | |
|---|---|
| Date Received: ___ / ___ / ___ | Is this determined to be of an emergency nature?    ☐ Yes: expedite emergency grievance    ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

Chief Administrative Officer's Signature                    Date

RECEIVED
SEP 2 2 2009
OFFICE OF
INMATE ISSUES

Distribution: Master File; Offender                        Page 1                        DOC 0046 (Rev. 3/2005)

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

and F. House Counselor Whittington, (at separate times). They both basically informed me that I should be patient and that they would look into my situations neither individual responded to me about this issue.

However, on the following day 7-14-2009, (my 33rd day of investigative status) I was served a disciplinary report that had been back dated to the date of 7-10-2009 by R/o. To date 7-10-2009 would have been my 29th day of investigative status. This R/o backed dated this ticket to the date of 7-10-2009 only after he was made aware of his negligency due to his failure to release me after the regulated 30 day time period of investigative status. Clearly there was no other way to clean up his failure to release me, seeing as though on the date of 7-13-2009 I was still in the computer under investigative status. Also to further support this fact, in regards to the Disciplinary Action part of the disciplinary report, the Shift Supervisor, Reviewing Officer, and Hearing investigator all signed off on this report on the date of 7-13-2009. THE 32nd day of my investigative status, and the very same day I made two verbal complaints and one formal complaint

This disciplinary report is there for within the wide scope of procedural default. R/o Tejeda had the duty to address this issue within a 30 day time period (from 6-12-2009 thru 7-11-2009) and he failed to due so. He had the duty to release me from investigative status and once again he failed to due. Instead this R/o back dated this report to try to avoid acknowledging his mistake. Procedural default applies here due to myself remaining under investigative status 32 days instead of 30.

____RELIEF REQUESTED.° dollars a day for each day I've sat in seg past the date of 7-11-2009, my 30th day of investigative status.

ILLINOIS DEPARTMENT OF CORRECTIONS

## OFFENDER'S GRIEVANCE

| Date: 8-07-2009 | Offender: (Please Print) Frank Drew | ID#: K73574 |
|---|---|---|

Received
Grievance Office
AUG 12 2009

| Present Facility: STATEVILLE | Facility where grievance issue occurred: STATEVILLE |
|---|---|

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☐ Other (specify): _____

☒ Disciplinary Report: 7/10/2009 _____ STATEVILLE
    Date of Report         Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On 6-12-2009, I was placed in investigative status. Per rule 504.50 C-3, "The offender may be detained in investigative status for up to 30 days." Being so, my release date from investigative status was on 7-11-2009.

On 7-13-2009, I began to complain about not being released to F-House SGT Wyles. After he blew me off twice, he finally sent a cellhouse worker to my cell to inform me that I was still in investigative status. Also that the SGT stated he could not move me unless they sent him a drop slip for me. This all took place approximately around 11:45am to 12:00pm.

About an hour or so later, I spoke to Lt. King, and he told me he would

**Relief Requested:** This report should be terminated and expunged from my records. That I should be released from seg immediately. That no retaliatory actions be brought against me for filing this complaint. That this R/O be appropriately punished for his malicious

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Frank Drew | K-73574 | / / |
|---|---|---|
| Offender's Signature | ID# | Date |

**(Continue on reverse side if necessary)**

---

### Counselor's Response (if applicable)

Date Received: ___/___/___    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

---

### EMERGENCY REVIEW

Date Received: ___/___/___    Is this determined to be of an emergency nature?    ☐ Yes; expedite emergency grievance    ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| Chief Administrative Officer's Signature | | Date |
|---|---|---|



ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE (Continued)

look into my situation. Shortly after speaking with L.T. King, I spoke to Counselor Whittington, who was leaving out the building, and he stated that he would stop and check on my issue once he got up Front. I was never responded to that day. (7-13-2009)

On 7-14-2009, I was served a disciplinary report, written by R/O R. Tejeda badge # 2816, alleging that I committing the following charges: 105 Dangerous Disturbance and 205 STG/Unauthorized Organizational activity.

First and Foremost, this R/O back dated this Report to make it seem as if he had written it within his mandatory regulated 30 days. He only wrote this report only after he was made aware of my complaints on the 32nd day of my investigative status, that I should have been released 2 days prior.

Inasmuch, R/O Tejeda, based his reasons for writing this report on the following alleged facts: 1.) That this incident all stemmed From a Gangster Disciple and a viceload when both lived in E523 had a physical altercation. 2.) That during interviews in E-House between 6-11-2009 - 6-14-2009, 2 separate confidential sources provided information that I (Drew) directed members of the Vicelords in E-House to prepare themselves for a possible confrontation with members of the Gangster Disciples as a result of the aforementioned physical altercation. 3.) Although OTS (Offender Tracking Sheet) shows that Drew lived on one gallery at the time of this incident, OTS also shows that Drew was assigned as a cell house worker at the time of this incident. 4.) That the actual confrontation took place on 6-09-2009.

In Response: I would first like to state that I am not a member of any STG whatsoever. I've been in Stateville since 1999 and I have never been involved in or linked to any STG activities. Furthermore, I was unaware of any altercations between anyone in 523-E, and I have no reason to inform any STG members of anything involving other STG members.

Nevertheless, R/O Tejeda lied when he stated that the OTS shows I Drew was assigned as a cellhouse worker. I've never been assigned as a cell house worker in E-house. Also at the time of this alleged incident I am positive that the OTS shows that I was assigned as An F-House Barber not E-House cellhouse worker.

R/O Tejeda has back dated this report to get around his procedural default, and in a rush to type up his back dated report he also Fabricated False Facts to add substance to this report. After 30 days of investigating this R/O has chosen to fabricate False facts, for whatever reason, as opposed to releasing me. The procedural default as well as numerous lies, speaks volumes to show this R/O's malice intent. Especially after 30 days of allegedly investigating this cause. Had this R/O truly checked the OTS he would have known there was no way his confidential informants could have been telling the truth.

Relief Requested: intent and neglect to abide by and obey the mandatory regulated rules. Also that I be compensated at least $ 200.00 (two hundred dollars) a day for each day that I've spent in seg after 6-13-2009.

DUPLICATE (10-D) (Exhibit #10-A)

ILLINOIS DEPARTMENT OF CORRECTIONS

## OFFENDER'S GRIEVANCE

| Date: 8-07-2009 | Offender: (Please Print) Frank Drew | ID#: K-737'' |
|---|---|---|
| Present Facility: STATEVILLE | Facility where grievance issue occurred: STATEVILLE | Received AUG 1 2 2009 |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [X] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify)

[X] Disciplinary Report: __7 / 10 / 2009__     __STATEVILLE__
              Date of Report              Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    **Chief Administrative Officer,** only if EMERGENCY grievance.
    **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On 7-14-2009, I was taken out of investigative status and served a disciplinary report that was written by R/o R. Trieda badge # 2816. This report alleges charges of 105 Dangerous Disturbance and 205 STG/Unauthorized Organizational activity.

    Although this report was allegedly written on 7-10-2009, the Reviewing Officer who signed the ticket (P. Torre badge # 676) did not sign this report until 7-13-2009. Upon signing this report the Reviewing officer also checked both boxes 1.) confinement reviewed by reviewing officer and 2.) major infraction, submitted to hearing officer/investigator, if necessary and to Adjustment Committee.

**Relief Requested:** That this report be terminated and expunged from my record. That this reviewing officer be punished for failing to do their job. That no retaliatory actions be brought against me for filing this complaint. Also that

[ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Frank Drew_           _K-73514_       __/__ __/__
    Offender's Signature           ID#             Date

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

| Date Received: ___/___/___ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL. 62794-9277 |
|---|---|---|

Response: _____

_____

_____

_____

| _____ | _____ | ___/___/___ |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

### EMERGENCY REVIEW

Date Received: ___/___/___

Is this determined to be of an emergency nature?
    [ ] Yes; expedite emergency grievance
    [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____         ___/___/___
Chief Administrative Officer's Signature        Date

Printed on Recycled Paper

R/o Tejeda, wrote this report based upon the following alleged facts:

1.) That 2 confidential isources provided information that I walked up and down 5 gallery in E-House, directing members of the Vice Lord STG to get on point due to an altercation between a Vice lord and Gangster Disciple in E-523 on the date of 6-09-2009.

2.) That OTS (OFFENDER TRACKING SYSTEM) shows that I (Drew) was assigned as a cellhouse worker during the time of this incident.

3.) That OTS identifies I (Drew) as a member of the Conservative vice lords STG.

In response to these outrageous allegations, I am not a member of any STG at all. I was never assigned as a cellhouse worker in E-house ever. Also I never walk on 5 gallery in E-house or no other gallery speaking, or any altercations between anyone.

Per the stateville handbook 504.50 D) The reviewing officer shall review each disciplinary report and determine whether: 1.) The reported facts justify a disciplinary hearing. If not, the report shall be expunged from the offender's records. A copy shall be maintained in an expungement file.

In this instance, had the reviewing officer truly reviewed the alleged facts, the reviewing officer would have known that I inmate Drew has never worked as a cellhouse worker in E-house. Also that R/o Tejeda only stated the OTS shows I was assigned as a cellhouse worker in order to add substance to his alleged informants statements.

However, I ask that you check, I was assigned as an F-house barber during the time of this incident.

Relief Requested: I be compensated $200.00 (two hundred dollars) a day for each day I've spent in seg. after the date of 7-11-2009.

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 8-07-2009 | Offender: (Please Print) Frank Drew | ID#: K-73514 |

| Present Facility: STATEVILLE | Facility where grievance issue occurred: STATEVILLE |

**NATURE OF GRIEVANCE:**

| ☐ Personal Property | ☐ Mail Handling | ☐ Restoration of Good Time | ☐ Disability |
| ☒ Staff Conduct | ☐ Dietary | ☐ Medical Treatment | ☐ HIPAA |
| ☐ Transfer Denial by Facility | ☐ Transfer Denial by Transfer Coordinator | | ☐ Other (specify): |

☒ Disciplinary Report: 7/10 12009          STATEVILLE
                       Date of Report        Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
**Counselor,** unless the issue involves discipline, is deemed an emergency,    . subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On 7-14-2009, I was taken out of investigative status and served a disciplinary report that was written by R/o R. Tejeda badge # 2812. This report alleges charges of 105 Dangerous Disturbance and 205 STG/Unauthorized Organizational activity.

Although this report was allegedly written on 7-10-2009, the Reviewing Officer who signed the ticket (P. Torre badge # 676) did not sign this report until 7-13-2009. Upon signing this report the Reviewing officer also checked both boxes 1.) confinement reviewed by reviewing officer and 2.) major infraction, submitted to hearing officer/investigator, if necessary and to Adjustment Committee.

**Relief Requested:** That this report be terminated and expunged from my record. That this reviewing officer be punished for failing to do their jobs. That no retaliatory actions be brought against me for filing this complaints. Also that

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Frank Drew                    K-73514        8/07/2009
Offender's Signature           ID#            Date

(Continue on reverse side if necessary)

---

| | **Counselor's Response** (if applicable) | |
| Date Received: ____ / ____ / ____ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |

---

| | **EMERGENCY REVIEW** | |
| Date Received: ____ / ____ / ____ | Is this determined to be of an emergency nature? | ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

| Chief Administrative Officer's Signature | | Date |

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

R/o Tejeda, wrote this report based upon the following alleged facts:

**1.)** That 2 confidential isources provided information that I walked up and down 5 gallery in E-House; directing members of the Vice Lord STG to get on point due to an altercation between a Vice Lord and Gangster Disciple in E-523 on the date of 6-09-2008.

**2.)** That OTS (OFFENDER TRACKING SYSTEM) Shows that I (Drew) was assigned as a cellhouse worker during the time of this incident.

**3.)** That OTS identifies I (Drew) as a member of the Conservative Vice Lords STG.

In response to these outrageous allegations, I am not a member of any STG at all. I was never assigned as a cellhouse worker in E-house ever. Also I never walk on 5 gallery in E-house or no other gallery speaking of any altercations between anyone.

Per the Stateville handbook **504.50 D)** The reviewing officer shall review each disciplinary report and determine whether:
**1.)** The reported facts justify a disciplinary hearing. If not, the report shall be expunged from the offender's records. A copy shall be maintained in an expungement file.

In this instance, had the reviewing officer truly reviewed the alleged facts, the reviewing officer would have known that I inmate Drew has never worked as a cellhouse worker in E-house. Also that R/o Tejeda only stated the OTS shows I was assigned as a cellhouse worker in order to add substance to his alleged informants statements.

However, I ask that you: check, I was assigned as an E-house barber during the time of this incident.
(See EXHIBITS)

Relief Requested: I be compensated $200.00 (two hundred dollars) a day for each day I've spent in seg after the date of 7-11-2009. Also that any ties to any STG be stricken from my record. If the office of the cook county clerk of the court acknowledges that I have no ties, this institution should see things the same way until they view my actions to be different. I do not belong to any STG's and the last 4 years of my sentence should show just that, being that Stateville is the only place I've been.

DUPLICATE

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

(Exhibit #1-A)

| Date: 8-07-2009 | Offender: (Please Print) Frank Dit[?] | ID#: K-73514 |
|---|---|---|

| Present Facility: STATEVILLE | Facility where grievance issue occurred: STATEVILLE | Received Grievance Office AUG 1 2 2009 STA # _____ |
|---|---|---|

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility

- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator

- ☐ Restoration of Good Time
- ☐ Medical Treatment

- ☐ Disability
- ☐ HIPAA
- ☐ Other (specify):

☒ Disciplinary Report: 7 | 10 | 2009      STATEVILLE
　　　　　　　　　　　Date of Report　　　　　　Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
　　Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
　　Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
　　Chief Administrative Officer, only if EMERGENCY grievance.
　　Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On 7-14-2009 I was served a disciplinary report that was written by B/O Tejeda badge #2816 and taken out of investigative status. This report alleges charges of 105 Dangerous Disturbance and 205 Staffeuthorized organizational activity.

　　Although this report was allegedly written o 7-10-2009, the hearing investigator who signed and served this ticket (MS. S. Brown badge #2793) did not sign this report until 7-13-2009, and she served it on 7-14-2009 at 8:45am.

　　According to the stateville hand book **504.60 (B)** The hearing investigator may conduct an investigation into the charges as determined to be appropriate. This determination may be based, among other matters, upon the severity of the offense, the complexity of the

**Relief Requested:** That this report be terminated and expunged from my records. That I be released from Seg immediately. That no retaliatory action be brought against me for filing this complaint. Also that I be compensated $200.00 (two hundred

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

　　Frank Ditow　　　　　　K-73514　　　　　　 /　　 /
　　Offender's Signature　　　　　　ID#　　　　　　Date
**(Continue on reverse side if necessary)**

| Counselor's Response (if applicable) | | |
|---|---|---|
| Date Received: ___/___/___ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response ___/___/___ |
|---|---|---|

| EMERGENCY REVIEW | |
|---|---|
| Date Received: ___/___/___ | Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

　　　　Chief Administrative Officer's Signature　　　　　　___/___ Date

Printed on Recycled Paper



Charges, or the offender's admission of guilt. The investigation may include an investigation of additional charges. ] (D) The hearing investigator may interview any person who may have information that relates to the alleged violation and may inspect any physical evidence. ] and lastly (E) The hearing investigator shall determine whether or not to submit a report to the Adjustment Committee, based upon the results of the investigation. However, if the investigation reveals evidence of a convincing nature that the offender did not commit the offense, that evidence must be reported to the committee. ]

In this instance, hearing investigator Brown badge #2793 whom was in charge of reviewing this major disciplinary report failed to do her job. Due to the charge being major and the severity of these charges, she had the duty to speak to both alleged informants, both individuals whom were alleged to have had an altercation in E-523, and also to check all alleged physical evidence that was presented/mentioned by R/O Tejeda in his report.

Upon Ms. Brown #2793 serving me this report on 7-14-2009 I explained to her that I did not know the individuals whom were accused of fighting, and also that I did not have anything to do with this situation. I further stated to her that I have never been assigned as a cellhouse worker in E-house. Also lastly, that my 30 days had passed and I should not be being served a ticket.

Ms. Brown simply stated, that during an investigation the R/O has up to seven days after the 30 days of investigations to write a ticket.

Approximately two to three days after hearing the ticket, I spoke to Ms. Brown again while she was passing through the building serving more tickets. I ask her had she investigated my issue as far as my job description and she stated she would speak with Lt. Franklin the person who was foreman of the Adjustment Committee when I heard my ticket.

Had Brown did a proper investigation, she would have found that I did not know the individuals whom were allegedly fighting. That I was not assigned as a cellhouse worker during the time of this incident. Also that, I was assigned as a E-house barber Which is convincing evidence that this R/O lied during this report and that I never had access to commit these outrageous allegations. With a proper investigation of these alleged charges and accusations, this disciplinary report should not have even made it to an Adjustment committee.

Relief Requested: ( dollars) a day for each day I've spent in seg after 7-11-2009 regarding this issue. Also Brown #2793 be punished for neglecting her duty by failing to investigate this issue properly.

ILLINOIS DEPARTMENT OF CORRECTIONS

**OFFENDER'S GRIEVANCE**

| Date: 8-07-2009 | Offender: (Please Print) Frank Drew | ID#: K-73514 |
|---|---|---|

| Present Facility: STATEVILLE | Facility where grievance issue occurred: STATEVILLE |
|---|---|

**NATURE OF GRIEVANCE:**

☐ Personal Property ☐ Mail Handling ☐ Restoration of Good Time ☐ Disability
☒ Staff Conduct ☐ Dietary ☐ Medical Treatment ☐ HIPAA
☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator ☐ Other (specify): _____

☒ Disciplinary Report: 7/10/2009 _____ STATEVILLE
   Date of Report                          Facility where issued

Received Grievance Office

MT

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On 7-14-2009 I was served a disciplinary report that was written by R/O Tejeda badge #2816 and taken out of investigative status. This report alleges charges of 105 Dangerous Disturbance and 205 Unauthorized Organizational activities.

   Although this report was allegedly written a 7-10-2009, the hearing investigator who signed and served this ticket (MS. S. Brown badge #2793) did not sign this report until 7-13-2009, and she served it on 7-14-2009 at 8:45am.

   According to the stateville hand book **504.60 (B)** The hearing investigator may conduct an investigation into the charges as determined to be appropriate. This determination my be based, among other matters, upon the severity of the offense, the complexity of the

Relief Requested: That this report be terminated and expunged from my records. That I be released from Seg immediately. That no retaliatory action be brought against me for filing this complaint. Also that I be compensated $200.00 (two hundred

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Frank Drew | K-73514 | / / |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ___/___/___    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

---

**EMERGENCY REVIEW**

Date Received: ___/___/___    Is this determined to be of an emergency nature?    ☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| | / / |
|---|---|
| Chief Administrative Officer's Signature | Date |

Case: 1:11-cv-02938 Document ... Filed 05/02/11 Page 67 of 81 Page...

OFFENDER'S GRIEVANCE (Continued)



Charges, or the offender's admission of guilt. The investigation may include an investigation of additional charges. [D] The hearing investigator may interview any person who may have information that relates to the alleged violation and may inspect any physical evidence ] and lastly [E] The hearing investigator shall determine whether or not to submit a report to the Adjustment Committee, based upon the results of the investigation. However, if the investigation reveals evidence of a convincing nature that the offender did not commit the offense, that evidence must be reported to the committee. ]

In this instance, hearing investigator Brown badge #2793 whom was in charge of reviewing this major disciplinary report failed to do her job. Due to the charge being major and the severity of these charges, She had the duty to speak to both alleged informants, both individuals whom were alleged to have had an altercation in E-523, and also to check all alleged physical evidence that was presented/mentioned by R/O Tejeda in his report.

Upon Ms. Brown #2793 serving me this report on 7-14-2009, I explained to her that I did not know the individuals whom were accused of fighting, and also that I did not have anything to do with this situation. I further stated to her that I have never been assigned as a cellhouse worker in E-house. Also lastly, that my 30 days had passed and I should not be being served a ticket.

Ms. Brown simply stated, that during an investigation the R/o has up to seven days after the 30 days of investigation to write a ticket.

Approximately two to three days after hearing the ticket, I spoke to Ms. Brown again while she was passing through the building serving more tickets. I ask her, had she investigated my issue as far as my job description and she stated she would speak with Lt. Franklin the person who was I remain on the Adjustment Committee when I heard my ticket.

Had Brown did a proper investigation, She would have found that I did not know the individuals whom were allegedly fighting. That I was not assigned as a cellhouse worker during the time of this incident. Also that, I was assigned as a F-house barber. Which is convincing evidence that this R/o lied during this report, and that I never had access to commit these outrageous allegations. With a proper investigation of these alleged charges and accusations, this disciplinary report should not have even made it to an Adjustment Committee.

R/o Tejeda alleged that his investigation produced an OTS that shows I, Drew was assigned as a cellhouse worker during the time of this incident. The attached OTS PROVES DIFFERENTLY. R/O Tejeda lied, AND Brown failed to do her job! (SEE Highlights on attached exhibits!)

Relief Requested: (dollars) a day for each day I've spent in seg after 7-11-2009 regarding this issue. Let Brown #2793 be punished for neglecting her duty by failing to investigate this issue properly.

DUPLICATE) PROC

ILLINOIS DEPARTMENT OF CORRECTIONS

## OFFENDER'S GRIEVANCE

(Exhibit #12)

| Date: 807-2009 | Offender: Frank Drew (Please Print) | | ID#: K-73574 |
|---|---|---|---|
| Present Facility: STATEVILLE | | Facility where grievance issue occurred: STATEVILLE | Received AUG 1 ? 2009 |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☐ Other (specify):

☒ Disciplinary Report: 7/10/2009           STATEVILLE
                        Date of Report        Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On 6-12-2009 I was placed in investigative status. Thirty three days later I was served a disciplinary report, that alleged charges of 105 Dangerous Disturbance and 205 STG/Unauthorized Organizational activity. The very next morning I was called to the adjustment committee regarding this disciplinary report.

Per Stateville handbook 504.80 (C) "The offender shall be informed before or at the hearing of information that would tend to show that the offender was not guilty. If the information is provided to him or her at the hearing, the offender shall, upon request, be given a continuance." (G) The Committee shall consider all material presented that is relevant to the issue.

**Relief Requested:** I request to be let out of seg immediately. That no retaliatory action be taken against me for filing this complaint. That I be compensated $200.00 (two hundred dollars) a day for each day that I'm held in seg.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Frank Drew                    K-73574            / /
Offender's Signature            ID#              Date

(Continue on reverse side if necessary)

---

| Counselor's Response (if applicable) | |
|---|---|
| Date Received: / / | ☐ Send directly to Grievance Officer     ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
| Response: _____ | |

Print Counselor's Name          Counselor's Signature          Date of Response

---

| EMERGENCY REVIEW | |
|---|---|
| Date Received: / / | Is this determined to be of an emergency nature?   ☐ Yes: expedite emergency grievance<br>☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

Chief Administrative Officer's Signature          Date

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE (Continued)

OF whether or not the offender committed the offense.] [J] (The adjustment committee Shall decide whether or not the offender committed the offense based upon all relevant information and evidence.) (J) (1) The committee must be reasonably satisfied there is some evidence that the offender committed the offense for the individual to be found guilty.] [K] (The adjustment committee shall take one of the following actions, based upon the evidence admitted) (K) (1) Find that the offender did not commit the offense. In that case, the committee shall order that the disciplinary report be dismissed and expunged from offender's record. A copy shall be maintained in an expungement file.) (K) (2) Find that further investigation is necessary to determine if the offender did not commit the offense and place the offender in investigative status.) (K) (3) Find that additional time is needed to obtain information relative to the charge. The hearing may be continued for a reasonable time. However, unless the offender is placed in investigative status, the individual may not be confined for more than 14 days for adult offenders or 7 days for juvenile offenders, from date of placement in temporary confinement.)

In this instance, the aforementioned disciplinary report written by R/O Tejeda alleges that 2 sources stated I (Drew) walked up and down 5 gallery in E-house warning all of the Vicelord STG members of a possible altercation with Gangster Disciple STG members. To support these false accusations, R/O Tejeda added more false facts stating that I (Drew) was assigned as a cellhouse worker during the time of this incident. Basically insinuated I had the opportunity to commit these actions and that I am a Vicelord STG member.

At the adjustment committee, I presented evidence that I was not a cellhouse worker for E-house during the time of this incident or never for that fact. That I was a F-House barber at the time of this incident and this fact was supported by L.T. Kings F-House L.T. at the time. I also presented legal documents from Cook County's Clerk of the court (Dorothy Brown) my common law records that state I am not a Vicelord STG member.

Due to the evidence presented this report should be dismissed and expunged from my record.

However, I have been placed in temporary confinement since the date 7-11-09 according to the disciplinary report. Yet I saw the adjustment committee on 7-15-09 and according to 504.80 (K)(3) I can not be detained in temporary confinement for more than 14 days. Today is 8-03-09 which means I've been held in temporary confinement for 20 days. This is a complete violation of my rights, and negligence on part of whatever Stateville unit that is responsible for dealing with situations of this nature.

Relief Requested: regarding this issue. Also that, all negligent parties be punished for their negligent actions in this matter.

Duplicate 1814

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

(Exhibit #13)

| Date: 8-08-2009 | Offender: (Please Print) Frank Drew | ID#: K-73514 |
|---|---|---|
| Present Facility: STATEVILLE | Facility where grievance issue occurred: STATEVILLE | |

**NATURE OF GRIEVANCE:**

| ☐ Personal Property | ☐ Mail Handling | ☐ Restoration of Good Time | ☐ Disability |
| ☒ Staff Conduct | ☐ Dietary | ☐ Medical Treatment | ☐ HIPAA |
| ☐ Transfer Denial by Facility | ☐ Transfer Denial by Transfer Coordinator | | ☐ Other (specify): |

☒ Disciplinary Report: 7 / 10 / 2008     STATEVILLE
           Date of Report           Facility where issued

SEP 0 4 2009

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
     **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
     **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
     **Chief Administrative Officer,** only if EMERGENCY grievance.
     **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On the date of 8-08-2009, I inmate (Drew K-73514) received an Adjustment Committee Final Summary report that stated that the hearing regarding the disciplinary report that was written on 7-10-2009 was being continued. The hearing date for this report was 7-15-2009.

This continued summary record of proceedings correctly state that I (Drew) pled not guilty to the indicated charges. However, this report has left out my reasons why. First and foremost, Tejeda the reporting officer of this disciplinary report lied in his disciplinary report when he clearly stated the following: Although OTS (offender Tracking system) shows that Drew lived on one gallery at the time of this incident, OTS also shows that Drew was assigned as a cellhouse

**Relief Requested:** That this ticket be dismissed. That I be released from seg immediately. That no retaliatory action be brought against me for filing this complaint. Also that I be compensated $200.00 (two hundred dollars) a day for each day I'm in seg.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Frank Drew          K-73514          8 / 08 / 2009
    Offender's Signature           ID#           Date

(Continue on reverse side if necessary)

| **Counselor's Response** (if applicable) | | |
|---|---|---|
| Date Received: ___ / ___ / ___ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
| Response: | | |

Print Counselor's Name          Counselor's Signature          Date of Response

| **EMERGENCY REVIEW** | |
|---|---|
| Date Received: ___ / ___ / ___ | Is this determined to be of an emergency nature?   ☐ Yes; expedite emergency grievance   ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

Chief Administrative Officer's Signature          Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE (Continued)**

worker at the time of this incident.

This false fact alleged in this disciplinary report by R/o Tejeda is easily proven false by the Stateville OTS. Which I informed L.T. Franklin and L.T. King of during the hearing on 7-15-2009. Inasmuch, L.T. King also confirmed that I was not assigned as a cellhouse worker in E-house, when he during this hearing on 7-15-2009 informed L.T. Franklin that I was in fact assigned as a E-house barber (like I said) which he knew to be true because he L.T. King was at the time E-house L.T. at the time of this incident.

Furthermore, this summary of the hearing on 7-15-2009, (Basis for Decision,) alleges facts that are not within the report written by R/o Tejeda. R/o Tejeda alleges that his confidential informant (CI) stated I went up and down 5 gallery in E-house informing STG Vice Lords to get on point. However, this summary alleges that I went from gallery to gallery talking to all the Vice lords in the unit. This is an alleged fact that was not ever address, spoke of, or presented in R/o Tejeda's report of his conversations with his (alleged CI's). This is a complete fabrication by L.T. Franklin the Chairperson.

Also, (Basis for Decision) states, Inmate Drew stated to the Committee, he works in the barber shop and he never worked in the unit as a gallery worker. He stated the investigators are wrong in their statement stating the informant said he was running from gallery to gallery. Sergeant Palmer, assigned as Unit E- 7-3 Sgt stated to the Committee, Drew helped out sometime on the 3-11 shift as a cellhouse worker.

In response to that, yes I did inform the Committee that I never worked in the cellhouse, nor was I ever assigned to work in the cellhouse. Also that it was a blatant lie by the informants whom said anything different. That was when I encouraged L.T. Franklin to check the OTS that R/o Tejeda used as his very own evidence to support his reason for writing this report.

Nevertheless, now the 7-3 Sgt has allegedly stated he knows I came out on a shift he did not work on and that I was let out of my cell by officers despite the breach of security that type of behavior would be viewed as. Being so, Sgt Palmer does not work the 7-11 shift and also his off days are Tuesday and Wednesday. Seeing that the date of 6-09-2009 fell on a Tuesday this Sgt can not be a valid witness for the committee regarding this issue due to him not being at work on Tuesday 6-09-2009, as well as him not working the 3-11 shift the shift he alleges I came out on to help the cellhouse workers.

That is the second lie being told by a C/o stating I was out of my cell on a shift completely different from my work schedule as well as me being on an assignment that I was not assigned to. The fabrication presented in this cause by these C/o's is clear and should be dealt with swiftly.

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER WRITE-OUT**
*Stateville Correctional Center*

*To the reader:* This letter has been inspected for security purposes. This inspection is not verification of the offender's statements contained herein.

When sending funds to an offender by mail, you may only send money orders and/or cashier's checks; each must be in the denomination of $50 or less. You may also send funds via Western Union (there is no limit to the $ amount that you may send in this manner).

You may send or bring approved publications to the facility. Such items will be reviewed by the Publications Review Committee prior to being forwarded to the offender.

The mailing address for offenders at the main facility is: P.O. Box 112, Joliet, IL 60434. The address for those at the facility's Minimum Security Unit is: 20415 Division Street, Crest Hill, IL 60435.

*Please include the offender's name and complete number on all correspondence, funds and publications that are mailed to the facility.*

To _____  From _____

Street _____  Number _____

City _____ State _____ Zip Code _____

Greetings,                                    8-30-2009

    This is inmate Frank Drew K-23514 F-155. I'm writing you with regards to several grievances that I've written and sent to F-house counselor Kevin Whittington on or around 8-08-2009.

    I spoke to Mr. Whittington a few days ago and he was uncertain if he had forwarded those grievances to you due to their nature. (THEY INVOLVED DISCIPLINARY ISSUES)

    Being so, I am enclosing with this letter a copy of those unanswered grievances as well as one that has been addressed. I am unable to attach copies of each exhibit that was presented original with each grievance due to my lack of copies.

    However, I am including a copy of the disciplinary report in question, and a copy of my Circuit Court of Cook County Adult Probation Department investigative report papers. The only exhibit that's not included is a copy of the OTS. Each exhibit has it's reason for being presented.

    The investigative report papers clearly state that I am an EX vice lord and the papers date back to 4-13-1989 before I ever came to a prison, and these papers are from and recognized by the Circuit Court of Cook County. Stateville has no valid reason to second guess these papers seeing as though I have maintained my distance from any and all STG's throughout my now ten years in Stateville.

    The OTS and Disciplinary report go hand in hand. The Reporting officer used the OTS as an integral part of evidence when stating why he wrote this disciplinary report. Basically claiming that I was a cellhouse worker during the time of this incident, per the OTS (Offender Tracking System). Just as well as I urged the Adjustment committee, I urge you to please look at the OTS. I was assigned as a F-house barber not cellhouse worker.

    Furthermore the OTS also shows that I was held in

STA 0050   (REV. 12/03)

OVER

When visiting or corresponding with an offender, you are required to adhere to all departmental and facility rules. You may obtain a copy of these rules from the Visitors' Center, on line at www.idoc.state.il.us or by writing Stateville Correctional Center p.o. box 112, Joliet, Il. 60434, Attention Audits Office (Please include a stamped, self-addressed envelope.)

investigative status from 6-12-2009 to 7-12-2009. Which shows two vaild points. ① that the reporting officer lied on this report after 30 days of investigating this issue. ② That I was held in investigation longer than the regulated 30 days without cause.

In closing I would just ask that you please research my issues and please be responsive. Also I would like to state in my behalf that since 2005, or 2006 I've done nothing but tried to further my education. G.E.D and the barber college as well. I was currently being held here under contract with the barber shop trying to obtain my actual license. I actually put my transfer on hold trying to wait to see if the barbering board was going to allow Stateville barber college to take the actual license test. I was not involved in any type of inappropriate activities whatsoever.

Further more, this situation supposedly arose from an one on one fight between two cellmates. However 5 people were placed under investigation. According to the disciplinary report all 5 people or atleast four people should be in Seg fighting the same charges or serving the same sentence. Yet, there is now only two of us whom is serving a sentence of six months apiece.

According to the Reporting officer, he believed the information that he received but he failed to write atleast two more reports. This situation is completely unjust from begining to end. Can you please look into this issue. I sincerely thank you!

(P.S. I plead not guilty, I maintain my innocence and lack of knowledge in regards to this situation until I was informed by officers!)

RESPECTFULLY

Frank Drew
K-73514
F-155

"PLEASE BE RESPONSIVE!"

In total enclosed there is 5 grievances all dated 8-07-2009. with 2 exhibit attached. everything is stapled together, above included is a grievance dated 8-07-2009. This grievance clearly states that I was held in investigative status for 31 days. per counselor's response 6-12-2009 - 7-12-2009 is 31 days. Also included is a
CoCo
Grievance officer
Frank Drew Personal file

grievance regarding the continuance of my hearing on 7-15-2009.

(Exhibit #15)

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER WRITE-OUT**
Stateville Correctional Center

*To the reader:* This letter has been inspected for security purposes. This inspection is not verification of the offender's statements contained herein.

When sending funds to an offender by mail, you may only send money orders and/or cashier's checks; each must be in the denomination of $50 or less. You may also send funds via Western Union (there is no limit to the $ amount that you may send in this manner).

You may send or bring approved publications to the facility. Such items will be reviewed by the Publications Review Committee prior to being forwarded to the offender.

The mailing address for offenders at the main facility is: P.O. Box 112, Joliet, IL 60434. The address for those at the facility's Minimum Security Unit is: 20415 Division Street, Crest Hill, IL 60435.

*Please include the offender's name and complete number on all correspondence, funds and publications that are mailed to the facility*

To

**Grievance OFFICER**

Street

From

**9-01-2009**

Number

City                State            Zip Code

Greetings once again,

This is Frank Drew. I've been trying to get copies of this grievance for a while now. Today I received this copy in the mail. As you see the copy is not completely all there. I've sent this grievance in twice to have it copied and both times these were the results.

Nevertheless, attached to this grievance you shall find two exhibits. The first being a copy of my disciplinary report and the second being a copy of the notice I received from the adjustment committee, informing me that my hearing had been continued. The highlighted parts shall direct you to the points spoken upon.

Briefly, in this instance, I presented numerous pieces of evidence during the hearing on 7-15-2009 including L.T. King's testimony that I was not a cellhouse worker in E-house or at all during the time of this incident. This evidence and the testimony of L.T. King my boss at the time of this incident should have been enough for the Chair person to

When visiting or corresponding with an offender, you are required to adhere to all departmental and facility rules. You may obtain a copy of these rules from the Visitors' Center, on line at www.idoc.state.il.us or by writing Stateville Correctional Center p.o. box 112, Joliet, Il. 60434, Attention Audits Office (Please include a stamped, self-addressed envelope.)

realize that this disciplinary report was faulty.

Yet, the chair person went and sought out an officer to be a witness to these false accusations. However, the chair person, per the Stateville handbook 504.80 Gₒ [The committee shall consider all material presented that is relevant to the issue of whether or not the offender committed the offense.] 504.80 Jₒ [The adjustment committee shall decide whether or not the offender committed the offense based upon all relevant information and evidence.]

My exhibits present clearly that the officer that was used as a witness did not work on 6-09-2009 due to it being his off day. Also, after 31 days of investigating this offense, the reporting officer stated in his report "OTS also shows that Drew was assigned as a cell house worker at the time of this incident." This is a complete falsehood. This R/o after investigating for 31 days consciously lied in this report.

Mr. Bass or whomever may address my issue, all I ask is that you please look at my situation. These charges are bogus and the rule book is on my side with this one. I've been out of trouble over the last 6 years sex wise. Gang banging has not been my focus since 1997.

I thank you for your time and efforts for reading this letter. Whatever you may do to assist me I would greatly appreciate.

Sincerely,
Frank Drew K-73514
F-155

"Please be responsive!"

ILLINOIS DEPARTMENT OF CORRECTIONS

## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report |
|---|

**Date Received:** August 14, 2009     **Date of Review:** September 10, 2009     **Grievance #** (optional): 1894

**Committed Person:** Frank Drew                    **ID#:** K73514

**Nature of Grievance:** DR - 200901391/1-STA, 6/11/09

**Facts Reviewed:** Grievant alleges his date on his ticket was backdated, because he had been kept in investigative status too long.

Grievance Officer reviewed DR and summary and finds grievant has been found guilty of 601.105, 205. Grievance Officer cannot substantiate the incident happened any other way than reported. DR upheld, sanctions are within maximum range. Grievance Officer cannot substantiate any changes to dates on any reports. No additional action necessary.

**Recommendation:** Grievance denied.

Margaret Thompson
_____
Print Grievance Officer's Name                             Grievance Officer's Signature

**(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)**

| Chief Administrative Officer's Response |
|---|

**Date Received:** _____     ☒ I concur     ☐ I do not concur     ☐ Remand

**Comments:**

_____
Chief Administrative Officer's Signature                               Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____             _____             _____
Committed Person's Signature                 ID#             Date

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO OFFENDER'S GRIEVANCE

| Grievance Officer's Report |
| --- |

Date Received:  August 12,2009        Date of Review: September 11, 2009        # 1760

Offender:  Frank Drew                                                        ID #:  K73514

Nature of Grievance:  Staff Conduct/  7/10/2009

**Facts Reviewed:**   Grievant is grieving that on 7/11/09, his investigative status ended and yet he still in a investigative cell.

**Counselor Response:**

Grievance Officer was informed that grievant was issued a DR and placed into segregation status from investigative status.   Grievant is now serving segregation time from 6/12/09-12/12/09.

**Recommendation:**  Based on a total review of all available information, it is the recommendation of this Grievance Officer that the offender's grievance is MOOT.

_____
        Shaun Bass  CCII
      Print Grievance Officer's Name                                    Grievance Officer's Signature
**(Attach a copy of Offender's Grievance, including counselor's response if applicable)**

| Chief Administrative Officer's Response |
| --- |

Date Received: _____        ☒ I concur        ☐ I do not concur        ☐ Remand

Comments:

_____
   Chief Administrative Officer's Signature                                              Date

| Offender's Appeal To The Director |
| --- |

I am appealing the Chief Administrative Officer's decision to the Director.  I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____                    _____        _____
      Offender's Signature                                    ID#                          Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER WRITE-OUT**
*Statesville Correctional Center*

*To the reader:* This letter has been inspected for security purposes. This inspection is not verification of the offender's statements contained herein.

When sending funds to an offender by mail, you may only send money orders and/or cashier's checks; each must be in the denomination of $50 or less. You may also send funds via Western Union (there is no limit to the $ amount that you may send in this manner).

You may send or bring approved publications to the facility. Such items will be reviewed by the Publications Review Committee prior to being forwarded to the offender.

The mailing address for offenders at the main facility is: P.O. Box 112, Joliet, IL 60434. The address for those at the facility's Minimum Security Unit is: 20415 Division Street, Crest Hill, IL 60435.

*Please include the offender's name and **complete number** on all correspondence, funds and publications that are mailed to the facility*

(Exhibit #18-A - 18-N)

**To**                                    From

Street                                    Number

City                State                Zip Code

___ I'm writing you in regards to my current situation. Briefly put, I was placed under investigation on 6-12-09. On 7-14-09 I was served a disciplinary report (ticket). On 7-15-09 I was called to the adjustment committee to hear the ticket. On 7-27-09 the adjustment committee continued my hearing, and on 8-04-09 the hearing was finalized. I was sentenced to six (6) months in segregation.

___ First and foremost, I've written several grievances and none of them has been address. To follow up behind the grievances, I've sent letters to every one. I sent copies of the grievances to (My counselor Kevin Whittington, The grievance officer, and The head warden Mr. Anthony Ramos) just trying to get confirmation that my grievances had reached their destination. Yet, just like my grievances, no one has addressed my letters either. Which gives me reason to send this letter and attached documents to you.

___ My issues with my current predicament starts with the investigation I was held subject to. As shown through both my ticket and the OTS, I was placed under investigation on 6-12-09. The OTS and counselor Whittington both admitt I was held under investigation from 6-12-09 through 7-12-09. A total of 31 days. This violates my rights per Statesville handbook. You have a grievance and documents supporting these facts attached to this letter.

___ Next is that, after 31 days of investigations, the R/o Tejeda lied and fabricated false facts in his ticket against me. R/o Tejeda alleged that I am a member of the Vicelord STG, and that I was assigned as an E house cellhouse worker on the date of 6-08-09 which allowed me to committ these charges and also gave me cause to committ these charges. I have documents to prove both, I'm not an STG member, and that I was never an E-house cellhouse worker. You have a grievance and documents supporting these facts attached to this letter.

___ Nevertheless, before writing grievances, I spoke to the hearing investigator who served me the ticket. I explained to her that the ticket was based

STA 0050 (Rev. 12/03)

When visiting or corresponding with an offender, you are required to adhere to all departmental and facility rules. You may obtain a copy of these rules from the facility's Visitors' Center, on line at www.idoc.state.il.us or by writing Stateville Correctional Center, P.O. Box 112, Joliet, IL 60434, Attention Audio Office (please include a stamped, self-addressed envelope).

upon lies and that the (OTS) Offender Tracking System would prove me right and the R/o and his (CI's) wronge. She stated she would speak with the adjustment committee chairperson but nothing was truly done. Also had the reviewing officer truly reviewed this report, between the reviewing officer and the hearing investigator this report should not have made it to the adjustment committee seeing as though it was Fiddled with lies. A grievance and supporting documents is attached to this letter.

Lastly, after all else, I explained my gripes regarding the ticket and the lies to the adjustment committee. It was evident that I was not lying when I told L.T. Franklin (the chairperson) that I was not assigned as an E-house cellhouse worker on 6-09-2008 or at anytime ever as the Reporting officer stated in his report, when the second seat of the committee (L.T. King) told L.T. Franklin that he was my boss and that I was assigned as an E-house barber not cell house worker in E-house. For some reason L.T. Franklin saw fit not to release me from seg after being made aware of all of this information, instead L.T. Franklin sought out to pursue these outrageous charges. During L.T. Franklin's continuance of my hearing on 7-15-2008, L.T. Franklin has now use the statement of a Sgt who works in E-house on the 7 to 3 shift to find me guilty of these charges. However, the statement given by this Sgt is as follows: "Drew helped out sometime on the 3 to 11 shift as a cell house worker." L.T. Franklin did not reach out to any C/o's on the 3 to 11 shift to see if this was true or not. I say that because the Sgt in question, Sgt PALMER, off days at the time were tuesdays and wednesdays. The date of the alleged incident was 6-09-2008 which was a tuesday. There is no way Sgt Palmer could be a valid witness as to the alleged charges I've been accused of if he was not at work on that day. These charges should have been thrown out, instead I was sentenced to six months in segregation. This is unjust and a malicious act committed by all parties involved. Now no-one wants to address my letters of grievances, due to the malice intention that are being displayed.

Furthermore, I am under 30 years, I was being held in Stateville for educational purposes. Barber College, and the opportunity to retrieve my barbering license. I've been staying out of trouble and focusing on learning and now I've been tangled up into someones webb of lies. Can you please help me out regarding this issue.

Respectfully/sincerely
Frank Drew  K-73514
F-155

C.C. FRANK DREW Personal File,
Counselor Bowman – Grievance officer – Investigator Ms. Foster – Major Edward #682
Major Lemke #677 – Officer Torrett #676 – Officer Brown #2793 – L.T. Franklin hearing committee – C. Johnson hearing committee – Warden Hosey – Warden Reed – Warden Ramos – Deputy Director Roberta Fews – Director

(Exhibit # 19)

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER WRITE-OUT**
*Stateville Correctional Center*

*To the reader:* This letter has been inspected for security purposes. This inspection is not verification of the offender's statements contained herein.

When sending funds to an offender by mail, you may only send money orders and/or cashier's checks; each must be in the denomination of $50 or less. You may also send funds via Western Union (there is no limit to the $ amount that you may send in this manner).

You may send or bring approved publications to the facility. Such items will be reviewed by the Publications Review Committee prior to being forwarded to the offender.

The mailing address for offenders at the main facility is: P.O. Box 112, Joliet, IL 60434. The address for those at the facility's Minimum Security Unit is: 20415 Division Street, Crest Hill, IL 60435.

*Please include the offender's name and **complete number** on all correspondence, funds and publications that are mailed to the facility*

To **Greetings Ms. Foster, INVESTIGATOR:** From **Frank Drew K-73514**

Date **9-14-2009**   Number **@ F-155**

City ___ State ___ Zip Code ___

Ms. Foster, I spoke to you on the date of 9-11-2009 Friday, and you wrote down my information. My issue is that, I was placed under investigation on 6-12-09. I received a disciplinary report on 7-14-09 for 105: Dangerous Disturbance & 205: STG/Unauthorized Organizational activity. On 7-15-09 I heard the disciplinary report. Also on 7-27-09 the status of my pending report was Continued, and on 8-04-09 the status was Finalized and I was ~~settled~~ served a six month segregation sentence.

My issues with this situation begin with the 31 days I spent under investigation. I spent 31 days in investigative status and the day that I complained, (7-13-09) I was served a ticket the very next day. However, the violation has been committed already due to me being held in investigative status for 31 days instead of 30 as stated in the Stateville handbook. This 31 days is acknowledged by F-house Counselor Whittington and the Stateville OTS. I have the documents to prove this.

My next issue is that, after 31 days of investigating me on this issue, the R/o lied blatantly on the disciplinary report. First his report was all about the statements of reliable (C.I.)s and (c.s)'s whom made statement allegedly against me or implicating me. Then this R/O went into stating (not verbatim) basically that he has official Stateville documents (The OTS) which states I was an E house cell house worker. This lie was added to boost the credibility of this R/o's ~~alledge~~ alleged (C.I's or and c.s's). I have been able to retrieve ~~d~~ official Stateville documents that proves that this R/o lied. (The OTS) that the R/o has ~~used~~ used to make the false allegations. Surely.

When visiting or corresponding with an offender, you are required to adhere to all departmental and facility rules. You may obtain a copy of these rules from the facility's Visitors' Center, on line at www.idoc.state.il.us or by writing Stateville Correctional Center, P.O. Box 112, Joliet, IL 60434, Attention Audits Office (please include a stamped, self-addressed envelope).

proves that the R/O lied about his findings after 31 days of investigating one or this issue. I was not an E-house cellhouse worker, I was assigned as an F-house barber.

My third issue basically the neglect shown by both the reviewing officer and hearing investigator because they over looked the fact that the R/O lied on this report. The hearing investigator refused to look into this issue even after I made her aware of the lies that were being told. I say lies because the R/O reported I am an STG member in which I showed the hearing investigator documents that say different (that I'm not) also I asked her to look at my back ground from 1999 when I came to Stateville to now which will surely show I have never been involved in any STG activities or nothing else regarding anything to do with an STG. She still failed to do her duties just as well as the reviewing officer.

Next, when I was called to the Adjustment Committee on 7-15-2008, the very next day upon receiving the report, I addressed my thoughts about all of this to the Chairperson C.O. L.T. Franklin and the second seat L.T. King whom was my boss at the time and who also informed the chairperson that I was indeed an F-house barber and not an E-house cellhouse worker. I also informed L.T. Franklin that I didn't belong to an STG and I requested that he check my history here at Stateville and I produced paperwork from Cook County Circuit Court that stated I am not a vice lord. Here L.T. Franklin went out of his way to find an officer to state something that contradicts the disciplinary report and the R/O. Now there is an officer stating that I was being let out of my cell on an unassigned assignment to help cell house workers. This officer alleges that I was coming out on the 3 to 11 shift. Which means he wouldn't be sure of this cause he works the 7-to-3 shift. Also, the issue at hand supposedly took place on 6-09-08 which was a tuesday. The officer that L.T. Franklin used as his witness has tuesdays off and he doesn't even work on the 3 to 11 shift. There is no way this c/o should be a valid witness to anything that took place on another shift on his off day.

Bottom line, throughout this process several mandated regulated time frames were violated, and several lies were told all to write this report and then changed when it came time to find me guilty. Justice was not served in this instances. My rights are being violated and I have the documents to prove this now the grievance officer is not responding to my grievances to not to my question as to if they have received my grievances or not.