# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2938 | **DATE** | 7/14/11 |
| **CASE TITLE** | Frank Drew (#K-75314) v. Anthony Ramos, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [2] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $27.26 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Lawrence Correctional Center. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies) limited to a single, core claim in accordance with this order. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions for filing along with a copy of this order. Failure to submit an amended complaint within thirty days will result in summary dismissal of this case. Plaintiff's motion for appointment of counsel [3] is denied.

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

Plaintiff Frank Drew, presently in state custody at Lawrence Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff makes a variety of claims against 22 different Defendants in various combinations in his eight count complaint, including allegations that: 1) he was sent to segregation without his personal property for a period of 16 days; 2) various Defendants made false statements in the disciplinary report that resulted in his being sent to segregation; 3) the adjustment committee disregarded evidence in the hearing resulting in his conviction for which he was sent to segregation; 4) he filed grievances and received no response, and 5) while in segregation he suffered unconstitutional conditions of confinement, among others.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $27.26. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust
**(CONTINUED)**

AWL

**STATEMENT**

account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Although Plaintiff is granted *in forma pauperis* status, Plaintiff must submit an amended complaint, as the document on file is unacceptable. Initially, Plaintiff is advised that when he prepares his amended complaint, he should perform some legal research as several of the claims he attempts to raise in his complaint do not rise to the level of a constitutional violation, and should not be included in his amended complaint. For instance, Plaintiff's claim that he was without his personal property in segregation for 16 days fails to state a cause of action as it represents a minor deprivation or discomfort not cognizable under the Eighth Amendment. See *Carr v. Harry*, Case No. 01 C 5203, 2001 U.S. Dist. LEXIS 21446 **14-15, (N.D. Ill., December 20, 2001) (Kocoras, J.)

Additionally, Plaintiff alleges that he was sent to segregation based on misstatements of fact and false evidence at his adjustment committee hearing. Plaintiff's due process claim cannot be brought in a civil rights action until the underlying disciplinary conviction is invalidated or overturned because a judgment in his favor would imply the invalidity of the conviction. See *Edwards v. Balisok*, 520 U.S. 641, 644-46 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Stone-Bey v. Barnes*, 120 F.3d 718, 721 (7th Cir. 1997). Accordingly, with respect to Plaintiff's due process claims, he is not entitled to relief.

The most fundamental problem with Plaintiff's complaint, however, is that it contains misjoined claims against unrelated Defendants. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the U.S. Court of Appeals for the Seventh Circuit examined a similar prisoner complaint containing a laundry list of grievances. The Court of Appeals admonished the district court for failing to "question" the plaintiff's decision to "join 24 defendants, and approximately 50 distinct claims, in a single suit." *George*, 507 F.3d at 607. In the case at bar, Plaintiff has submitted a complaint that contains unrelated claims against different Defendants.

As discussed in *George*,
> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees -for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George*, 507 F.3d at 607. Plaintiff's complaint containing distinct claims against unrelated Defendants cannot stand. *Id.* at 606.

Plaintiff makes distinct claims regarding his conditions of confinement, his ability to grieve his conditions, denial of phone privileges, and retaliation, against different Defendants and groups of Defendants. Plaintiff must choose between the myriad of claims he makes to pursue one core claim. Plaintiff may only pursue multiple types of claims to the extent that they involve a common Defendant. Otherwise, they must be brought as separate suits. So, Plaintiff must decide upon one central core claim to pursue against the individuals alleged to have violated his rights.

For the foregoing reasons, Plaintiff's amended complaint is dismissed without prejudice. Plaintiff must choose a single, core claim to pursue under this case number. Any other claims Plaintiff may wish to prosecute must be brought in separate lawsuits.

**(CONTINUED)**

**STATEMENT**

Plaintiff is granted 30 days to submit an amended complaint on the Court's required form. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the second amended complaint.**

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the second amended complaint must be attached, and each copy of the second amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to comply within thirty days of the date of this order, the case will be summarily dismissed. However, Plaintiff still will be responsible for paying the filing fee.

The Court denies Plaintiff's motion for appointment of counsel, without prejudice to later renewal. Civil litigants do not have a constitutional or statutory right to counsel. See *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Plaintiff has alleged no disability that might preclude him from pursuing the case adequately on his own. Neither the legal issues raised in the complaint, nor the evidence that might support Plaintiff's claims, appear to be so complex or intricate that a trained attorney appears to be necessary, at least not at this time. The Court also notes that judges give *pro se* litigants wide latitude in handling their lawsuits. Plaintiff may renew his request, if he wishes, once he has submitted an acceptable complaint and after Defendants respond to the complaint.