# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2938 | **DATE** | 11/28/11 |
| **CASE TITLE** | Frank Drew (#K-75314) v. Anthony Ramos, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff has submitted an amended complaint as ordered by the Court on August 18, 2011. The Court has reviewed the amended complaint pursuant to 28 U.S.C. § 1915A and determined that Plaintiff may proceed with his complaint only with respect to his claim regarding the conditions of confinement in segregation at Stateville Correctional Center. However, Plaintiff's due process claims are dismissed. Defendants Benton, Bass, and Thompson are dismissed as Defendants. The Clerk is directed to issue summonses for Defendants Ramos and Randle, and the United States Marshals Service is appointed to serve them. The Clerk shall send Plaintiff Instructions for Submitting Documents, along with a copy of this order.

■ [For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On August 18, the Court ordered Plaintiff to submit an amended complaint, which the Court now reviews pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff alleges a violation of his due process rights and violation of his rights under the First and Eighth Amendments to the United States Constitution. More specifically, Plaintiff alleges that on July 14, 2009, correctional officials at Stateville Correctional Center issued him an Inmate Disciplinary Report for fighting. He further alleges that the Adjustment Committee found him guilty of the charges brought against him and that as a result he was sentenced to six months in segregation and revocation of six months good conduct credits (see Plaintiff's amended complaint, Exhibit 5). Plaintiff also makes a claim regarding the handling of his grievances. Plaintiff finally alleges that as a result of the conditions that he endured during his time in segregation, he contracted a fungal infection. (See Plaintiff's complaint, p. 20).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint arguably states a colorable cause of action under the Civil Rights Act for unconstitutional conditions of confinement relating to the fungal infection that Plaintiff alleges he contracted while in segregation. *Antonelli v. Sheahan* 81 F.3d 1422, 1427 (7th Cir. 1996) (to state a valid unconstitutional condition of confinement claim, the plaintiff must be able to demonstrate that the defendants, acting with deliberate indifference, deprived him of "basic human needs" or "the minimal civilized measure of life's necessities"); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Plaintiff may proceed on this claim.

However, Plaintiff's due process claim against Defendants cannot be brought in a civil rights action until the underlying disciplinary conviction is invalidated or overturned because a judgment in Plaintiff's favor would imply the invalidity of the conviction. See *Edwards v. Balisok*, 520 U.S. 641, 644-46 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff's conviction on the underlying offense of dangerous disturbance (see Plaintiff's amended complaint, Exhibit 3) has not been overturned. Accordingly, with respect to Plaintiff's claims against Defendants for damages, he is barred from seeking relief..

**(CONTINUED)**

**STATEMENT**

Further, Plaintiff is seeking injunctive relief with respect to the sentence that he received as a result of the Adjustment Committee finding him guilty. However, Plaintiff cannot sue under § 1983, seeking injunctive relief, as his sole federal remedy lies in a writ of habeas corpus pursuant to § 2254. See *Preiser v. Rodriguez* 411 U.S. 475, 500 (1973); see also *Clayton-El v. Fisher*, 96 F.3d 236, 244 (7th Cir. 1996). Thus, Plaintiff's claims against Defendants for injunctive relief fail as well.

Plaintiff also complains about the handling of his grievances. A prison's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause. The only right attached to a grievance process is a procedural one–*i.e.*, an inmate must be allowed to exhaust his administrative remedies in order to pursue his right to access to the courts. See *Antonelli v. Sheahan* 81 F.3d 1422, 1430 (7th Cir. 1996); *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). Here, Plaintiff only appears to allege his dissatisfaction with the manner in which his grievances were handled, not that he has been denied access to the courts. Regardless, Plaintiff cannot proceed on his claim regarding his conviction on the disciplinary infraction in question because, as explained above, pursuant to the rulings in *Heck* and *Edwards*, he cannot seek relief unless and until the underlying conviction has been overturned. Thus, Plaintiff has failed to state a claim regarding the grievance process, and his due process claims with respect to his grievances fail. As Defendants Benton, Bass, and Thompson are grievance officials and Plaintiff's claims against them involve denial of his grievances, they are dismissed as Defendants.

The Clerk shall issue summonses for service of the complaint on Defendants Ramos and Randle (hereinafter, "Defendants"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.