

**RECEIVED**


**FILED**
11/28/2011


MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

AUG 18 2011
AUG 18 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Frank Drew
_____

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Michael P. Randle

SHerry Benton

Anthony Ramos

Sean Bass

Margaret Thompson

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

11 C 2938
Judge Robert M. Dow JR

Case No: _____
(To be supplied by the Clerk of this Court)

**CHECK ONE ONLY:**

X     **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code** (state, county, or municipal defendants)

_____  **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code** (federal defendants)

_____  **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I.     **Plaintiff(s):**

    A.   Name: _Frank DREW_

    B.   List all aliases: _____

    C.   Prisoner identification number: _K-73514_

    D.   Place of present confinement: _Lawrence Correctional Center_

    E.   Address: _10930 Lawrence Rd. - Sumner IL. 62466_

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.    **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

    A.   Defendant: _Michael P. Randle_

         Title: _Director_

         Place of Employment: _Springfield_

    B.   Defendant: _Sherry Benton_

         Title: _A.R.B. Coordinator_

         Place of Employment: _Springfield_

    C.   Defendant: _Anthony Ramos_

         Title: _Warden_

         Place of Employment: _Stateville_

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Revised 9/2007

# ADDITIONAL DEFENDANT(S)

Sean Bass
  Grievance officer
  Stateville

Margaret Thompson
  Grievance officer
    Stateville

2.(A)

**III.** **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: _N/A_

B. Approximate date of filing lawsuit: _N/A_

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _N/A_

D. List all defendants: _N/A_

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _N/A_

F. Name of judge to whom case was assigned: _N/A_

G. Basic claim made: _N/A_

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _N/A_

I. Approximate date of disposition: _N/A_

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

3

Revised 9/2007

**IV.    Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

In brief summation, the chronological listings of the following statements of facts/events contained herein, all mounted to a reasonable and valid claim of the defendants denying plaintiff the right to petition the Honorable Courts and or Government for a redress of grievances. Which in essence held plaintiff subject to cruel and unusual conditions of confinement/punishishment and denied plaintiff of his right to Due Process of Law.

On the date of June-12-2009, plaintiff was placed in investigative status and walked to F-house segregation unit. (see exhibit #1)

On July-14-2009, plaintiff was served an Inmate Disciplinary Report (IDR), that was alleged to have had stemmed from two confidential sources (CS) Whom in which provided information to the Stateville Investigation's unit; Between the dates of June-11-2009 and June-14-2009. All in regards to a fight between two cellmates which allegedly happened on June-09-2009.

4

The information provided by the two (cs's) and the alleged information instilled within the OTS (Offender Tracking System) lead the reporting officer to charge plaintiff with the following infractions; 105: Dangerous Disturbance; and 205: STG/Unauthorized Organizational Activity.(see exhibit #2)

On July-15-2009, plaintiff's was called to the Adjustment Committee, which consisted of L.T. Johnnie Franklin (Chair person) and L.T. Jimmy King (as second seat), whom was also F-house segregation Unit L.T, as well as plaintiff's supervisor prior to and during the time of the alleged infractions.

Here L.T. Franklin read the (IDR) aloud and then asked Plaintiff, how did plaintiff plea? Plaintiff pled not guilty and produced documentation to refute to allegations within the (IDR) that stated plaintiff is a member of the Conservative Vice Lord Stg. Plaintiff also supplied proof and testimony refuting the allegations that plaintiff was assigned as a cell house worker at the time of this incident. Plaintiff testimony was proven true by way of L.T. King's statement because L.T. King knew plaintiff worked as a segregation unit barber under his watch.

5

Inasmuch, plaintiff was made aware a week or two later that his Adjustment Committee hearing had been continued. Where in which, L.T. Franklin sought out to produce a witness that would put plaintiff at the location of the alleged incident, due to the evidence produced during plaintiff hearing to refute the allegations against him.

The Chairperson produced a statement from a Sergeant Palmer whom was not at work on either shift on the date of June-09-2009, a tuesday. Sergeant Palmer offered a statement stating that he was the E-house 7-to-3pm shift sergeant, and that "Drew hepled out sometimes on the 3 to 11pm shift as a cell house worker".

Furthermore, during the final summary the chairperson mistated dates, referred back to the information provided by the confidential sources, and he also referred back to the OTS sheet, all in regards to the basis for his final decision. (see exhibits #3, #4, and #5)

On 8-05-2009, plaintiff spoke with counselor Whittington during a cell visit. Plaintiff asked about his temporary confinement status, and complained about the (IDR) and plaintiff's violation of right for being left in investigative status pass thirty days. Mr. Whittington advised plaintiff to use the grievance

6

procedure in the inmate handbook. Also that
the administrative codes will let me know where in
which I was wronged if I was wronged.

later that day I received notification from
Mr. Whittington that I was no longer in temporary
confinement. That I had been found guilty of
the charges and sentenced to six months segregation.
(see Exhibit #6)

Also on 8-05-2009, plaintiff received via mail a
print out of his O.T.S. sheet. This document was
used by the reporting officer as a key source
of information as to why he charged plaintiff in this
instances, as well, the Adjustment Committee used
this document as an integral part of their reason
for believing the (r/o) and finding plaintiff guilty
of the charges presented. (see exhibit #7)

Due to the advice given to plaintiff from
Counselor Whittington, plaintiff wrote five (5)
grievances ~~on~~ on 8-07-2009 and on 8-08-2009
plaintiff wrote a sixth grievance, all in regards
to plaintiff's current segregation situation.

The first grievance written on 8-07-2009, addressed
Administrative Code 504.50. This grievance was denied
by stateville as grievance #1760 and denied by the
A.R.B. as well. (see exhibit #8)

The second grievance written on 8-07-2009, addressed

7

the issue of the reporting officer's decision to back date the (IDR) once he realized plaintiff was still in investigative status passed 30 days. (see exhibit #9)

The third grievance written on 8-07-2009, addressed Administrative code 504.50. (see exhibit #10)

The fourth grievance written on 8-07-2009, addressed Administrative code 504.60. (see exhibit #11)

The fifth grievance written on 8-07-2009 addressed Administrative code 504.80. (see exhibit #12)

The sixth grievance written on 8-08-2009, addressed the Adjustment Committee's decision to continue plaintiff's hearing, the testimony and evidence used during both hearings, and the final decision as well. (see exhibit #13)

On 8-30-2009, plaintiff wrote grievance officer in regards to the aforementioned grievances and the grievance officers receipt and response. (see exhibit #14)

On 9-10-09, grievance officer responded to grievance #1847, regarding the back dated (IDR) (see exhibit #15)

On 9-11-09, grievance officer responded to grievance #1760. (see exhibit #16)

On 9-14-09, plaintiff wrote a letter of complaint to Warden Ramos, regarding the failure of the grievances plaintiff filed being neglected to be responded to accordingly. (see exhibit #17)

On 9-14-09, plaintiff wrote a letter of complaint to Grievance officer Sean Bass. (see exhibit #18)

8

On 9-17-09, plaintiff wrote a letter of complaint to Deputy Director Roberta Fews. This letter was forwarded to the A.R.B./Inmates Issues Office, Ms. Sherry Benton by Ms. Fews. (see exhibit # 19)

On 9-18-09, plaintiff wrote a letter of complaint to Grievance officer Margaret Thompson. (See exhibit # 20)

In the abovei mentioned letters of complaint, plaintiff contends that the letters written to both grievance officer's and warden Ramos as well, were all stamped received by the grievance officer and they were all simply marked Duplicate to grievance (# 1847). (See exhibits # 18, # 17, and # 20)

On 9-22-09, A.R.B. Ms. Sherry Benton responded to plaintiff's letter that was forwarded to her from Ms. Fews. (see exhibit 21)

On 11-03-09, plaintiff wrote letter of complaint regarding grievances to A.R.B. Ms. Hile. Ms. Hile responded on 11-24-09 on said letter. (See exhibit # 22)

On 11-16-09, plaintiff filed grievances against grievance officers for failure to respond to grievances from 8-07-09 and 8-08-09. This grievance was simply labelled duplicate. (see exhibit # 23)

On 12-28-09, plaintiff wrote A.R.B. Ms. Hile again with complaints about grievances. (see exhibit # 24)

9

On 12-28-09, plaintiff wrote a grievance on living conditions. This grievance was never responded to. (See exhibit 25)

On or around 1-17-2010, Mr. Jaber Wilson R-34144, presented plaintiff with copies of his Adjustment Committee hearing decision of finding him guilty and his A.R.B. conclusion, which expunged Mr. Wilson's (IDR) due to non-compliance to rule 504.80 by Stateville officials. (See exhibits 26 and 26(a))

On 1-20-10, the A.R.B. responded to grievance #1760. (See exhibit #27)

On 2-17-10, plaintiff wrote letter to counselor Jill Hosselton with grievances, trying to get a response to grievances. (see exhibit #28)

On 3-05-10, counselor Jill Hosselton wrote plaintiff in regards to her being notified that plaintiff loved one's called Stateville complaining about the failure of the grievance officers to respond to plaintiff's grievances. (See exhibits #29)

On 3-05-10, plaintiff followed Ms. Hosselton's instructions and responded to her that night. (See exhibit #30)

On 3-07-10 Ms. Hosselton wrote plaintiff again. (see exhibit #31)

On 3-22-10 the A.R.B. responded to grievance

10

#1847. (See exhibit #32)

On 3-25-10, Plaintiff wrote the Director a letter explaining his situation clearly and requesting his assistance, with exhibits attached. (See exhibit #33) No Response!

On 4-02-10, Plaintiff wrote a second grievance regarding failure of grievance officers to respond to grievances from 8-07-2009 and 8-08-2009. (See exhibit #34)

On 4-18-10, Plaintiff sent a letter to grievance officer Sean Bass, whom in which sent that letter back and informed plaintiff to send said letter to Ms. Margaret Thompson. (See exhibit #35)

On 4-26-10, Plaintiff received Ms. Margaret Thompson's response.

# ARGUMENT

The defendants actions contained herein are tantamount to a total misrepresentation of their appointment to the offices in which they have sworn to uphold.

Plaintiff contends that, after being able to refute the supplied information by the reporting officer within the (IDR) at the Adjustment Committee Hearing, and still being found guilty of the alleged charges, Plaintiff had cause to appeal

11

the decision of the committee as well as challenge the Administrative Code violations which occurred during the process of the preparing of the (IDR) and the information instilled within that (IDR).

In relation to plaintiff's segregation situation, plaintiff wrote five grievances on 8-07-2009 and a sixth grievance on 8-08-2009.

However, out of the six grievances written by plaintiff in this instance, the grievance officers only properly answered two of these grievances. As for the remaining four grievances, the grievance officers simply labelled all four of them as duplicates to one or both grievances (#1760 or/and #1847). Which in essence violated plaintiff's right to petition the Honorable Courts and/or Government for a redress of grievances. Truly seeing that each grievance was different from each other.

In the first instance, plaintiff contends that Grievance #①, (#1760) clearly addressed the violation of Administrative Code 504.50. Where plaintiff was left in investigation status passed the regulated 30 day time frame for investigative status. This grievance however was denied by Stateville officials as well as the A.R.B. (see exhibits #8, #16, and #27)

12

In brief summation of grievance (#2), (#1847), this grievance was in regards to the reporting officer back dating his (IDR) when he wrote it once he was made aware of plaintiff's complaints about being left in investigative status passed the 30 day time frame. The grievance officer in this instance, first labelled this grievance as a duplicate to grievance #1760 although it is not. Yet, this grievance was later addressed on it's own claim and denied by both stateville officials and the A.R.B. (see exhibits #9, #15 and #32)

Grievance #3, addressed clearly a violation to Administrative Code 504.50. Wherein the Reviewing Officer should have reviewed plaintiff's (IDR) to determine whether 1.) The reported facts justified a disciplinary hearing. If not, the report should have been expunged from plaintiff's record.

Herein Plaintiff clearly stated to the Reviewing Officer by letter, and many others as well, that the OTS sheet (Offender Tracking System) clearly proved that Plaintiff was not a cellhouse worker during the time of this incident. Yet in fact. Plaintiff worked in an entirely different building on the other side of the institution. Due to the reported alleged facts being refuted by the very same official state documents used the

13

procedures in 504.50 should have been applied in plaintiff's favor. The reported facts could not have justified the disciplinary hearing, because the very same confidential sources gave allegations about five inmates, but the reporting officer only saw fit to charge two of five inmates with the charges herein. (see exhibits) also where the grievance officers simply brushed the grievance aside by labelling this grievance duplicate to both grievances (#1760 and #1847). By improperly addressing this grievance plaintiff has been again denied his right to petition for redress of grievances. (see exhibits #10, #15, and #16)

The fourth grievance addressed a violation of Administrative code 504.60. Which states that the Hearing investigator may conduct an investigation into the charges as determined to be appropriate... The hearing investigator may interview any person who may have information related to the alleged violation... Such investigator shall determine rather or not to submit a report to the adjustment committee based on the result of the investigation... IF the evidence is of a convincing nature that the offender did not committ the offense that evidence must be reported to the committee.

Herein the hearing investigator failed to not only investigate both witnesses, the individuals who allegedly fought, as well as the OTS sheet. Had the hearing

14

investigator done her investigation, she would have clearly revealed that plaintiff could not have been on the location of the alleged incident, as well as plaintiff having nothing to do with the incident at hand. Lastly, that the reporting officers allegations in regards to the OTS sheet (in which the reporting officer used as a vital part of the (IDR) after 30 days of investigating) was untrue. The reporting officer completely lied about official state documents. (See exhibits 7 where this grievance as well was labelled duplicate and pushed to the side. It was labelled duplicate to both #1760 and #1847 which it clearly is not. (see exhibits #11, #8, #9, and #2)

Grievance #5 written on 8-07-2009, addressed a violation of Administrative Code 504.80 which states the following and more... An individual may not be confined for more than 14 days from the date of placement in temporary confinement. However, plaintiff was placed in temporary confinement on 7-11-2009 according to the (IDR) and 7-13-2009 according to the OTS sheet. However, despite the continuance plaintiff was left in Temporary confinement until 8-03-2009. Which clearly shows that plaintiff was held in temporary confinement pass the regulated 14 days.

Furthermore code 504.80 states that the

Adjustment committee Shall consider all material presented, that is relevant to the issue of whether or not the offender committed the offense. Again the evidence clearly showed two key factors; #1.) That plaintiff was not a cellhouse worker as fabricated by the reporting officer while using official state documents to support his fabrication. #2). That the statements given by the confidential sources were an integral part of both plaintiff's (IDR) and the basis for decision of finding plaintiff guilty of the alleged charges.

However, although the statements against plaintiff were supplied by the confidential sources whom also made the following statements: " After these said inmates got into this physical altercation, the GD inmate along with two other GD members, attempted to get other G.D. members on 5 gallery (E-house) to fight with members of the Vice Lord STG." The two other alleged G.D. members did not receive any (IDR's) related to this incident beyond an investigative ticket.

The Chairperson although aware of this issue with the confidential sources failed to take in consideration that these sources statements were untrue throughout the entire process.

Inasmuch the committee failed to adhere to Code 504.80, and unfortunately took the word of the reporting officer for face value and thus denied