CASE NO. _11 cv 2938_

ATTACHMENT NO. _1_

EXHIBIT _____

TAB (DESCRIPTION) _____

plaintiff the fundamental fairness due to him per
the U.S. and Illinois constitutions. This grievance
somehow was also labelled a duplicate to grievance
#1760 as well, although it is not.

Also, out of the alleged five offenders involved
with this alleged incident, only two offenders
received (IDR's) presented with charges of 105:
Dangerous Disturbance and 205: STG/Unauthorized
Organizational Activity. Needless to say that the
(IDR) as well as confidential sources referred to
all parties involved as STG members.

However, the only other alleged involved party
to recieve these charges was Mr. Jaber Wilson,
whom appealed the charges and the A.R.B.
on 12-08-2009 dismiss/expunged the summary/report
from Mr. Wilson's record; All due to non-compliance
with Departments Rule 504.80 (rationale/confidential
sources). (See exhibits #12, #2, #3, #4, #5, #8,
and #26)

In the next instance, grievance #6 from 8-08-2009,
is in regards to the Adjustment Committee's continuance
of plaintiff's hearing, the basis for decision as well
as the evidence and testimony considered.

Herein plaintiff contends that, after plaintiff refuted
all of the alleged allegations against him during the
hearing, the chairperson saw fit to continue plaintiff's

17

hearing in order to produce a witness whom would place plaintiff on the location of the alleged incident. Being so, the chair person after being informed by plaintiff and L.T. King that plaintiff did not work in E-house, that plaintiff was in fact one of L.T. King's barbers in F-house segregation unit, used false testimony supplied by Sergeant Palmer, whom basically stated that plaintiff sometimes helped as a cellhouse worker in E-house on the 3-11 shift.

It is clear that the chair person had an objective to seek out a false statement to confirm the reporting officer's fabrication, instead of reviewing the facts being that L.T. King's statement, the OTS sheet, as well as the plaintiff statement clearly showing plaintiff's innocence of all allegations.

However, Sergeant Palmer's statement not only contradicted the reporting officer and the (IDR) Sergeant Palmer's off days were at that time on Tuesdays and Wednesdays, being that 6-09-2009 the alleged date of the intial fight/incident in total, Sergeant Palmer could not have been a valid witness because he was not even at work. Along with the fact that it is now alleged that I did not work in the cellhouse, but was let out of my cell without authorization according to security protocol. I was assigned as an F-house barber not an

1 8

E-house worker. This is just another lie supplied by Stateville officials. (See also where this grievance was clearly labelled as a duplicate to grievance #1847 when in fact it is not.)(See exhibits #3, #9, #7, and #13 ¸ #15)

In conclusion plaintiff prays that this Honorable Court understands that plaintiff's details were only supplied as a means of giving this Court a clear understanding of the neglect in this cause.

Inasmuch, this action is being brought forth solely due to plaintiff being denied his right to redress of grievances which is a right of his afforded to him by way of the U.S. Constitution and Illinois Constitution as well. Also, prays that this Honorable Court acknowledges the injury that plaintiff suffered and will continue to be afflicted by being labelled apart of a security threat group.

However plaintiff through due diligence sought relief through numerous letters of complaint, grievances, and by having his family call Stateville with complaints of neglect to address his grievances and letters. Plaintiff sent to Stateville officials were also labelled duplicates to grievance #1847. (See exhibits #14, #17-#20, #22, #24, #28, #30, #33,#35, and both #'s 23 and 34.

10

# SUMMATION

When an official is appointed duty as the Director, A.R.B Coordinator, Warden, or Grievance Officer they are allowed to delegate duty(ies) pursuant and in accordance with their powers vested in them by the Illinois constitution and U.S. Constitution, but they are not allowed to relieve themselves of the responsibility of seeing that this plaintiff's attempts to receive redress from the institution grievance procedure and its subsequent appeals are heard and investigated.

The defendants dereliction to duty and failure to investigate and properly answer plaintiff's numerous attempts to resolve this issue have caused this plaintiff to be held subject to cruel and unusual punishment based on his change to his living conditions by Defendant Anthony Ramos placing this plaintiff in the "Gulag", e.g. Segregation Unit, of his facility's institution. The Defendants actions are negligent and borderline criminal, and retalitory.

As a result of the Defendants neglect to exercise their duty(ies) impartially in reviewing plaintiff's grievances plaintiff was forced to serve unlawfully six months in segregation. Which led to plaintiff's contraction of a skin/fungus infection directly related to my conditions of confinement

in segregation for exercising my same due process rights to redress from false disciplinary action taken against me.

    In conjunction to plaintiff's status being changed and labelled as a security threat group member, which has already and will continue to determine plaintiff treatment and placement while in (I D O C).

    These Defendant's actions of simply placing their signatures or delegates placing their signatures, on plaintiff's numerous letters, requests, prayers, and grievances as well as labelling them all duplicates, are a blatent violation of this phaintiff's 6Th, 14Th, 8Th, and 14Th rights afforded to him under this state's constitution and this country's constitution and have caused this plaintiff irrepealable harm and damage.

    Plaintiff begs this Honorable Court to acknowledge I Doc's failure to exercise uniform treatment, with Mr. Jaber Wilson's judgement of grievance, wherein his grievance was dismissed based on a non-compliance to Department Rule 504.80, Where it was stated that (retional / confidential sources) is not in compliance.

## V.    Relief:

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.

**1.)** Reasonable and appropriate compensatory damages arising from the wrongful conduct of all defendants. **2.)** Punitive damages from these defendants in the amount to be ascertained at trial. **3.)** Cost and expenses obtain as a result of the copies of this filings. **4.)** That the (TDR) be expunged and removed from plaintiff file. **5.)** That the STG label that's been placed upon plaintiff be removed and non-existent. **6.)** That plaintiff be all a Temporary restraining order to prevent IDoc from retaliation. **7.)** that plaintiff receive a lateral transfer to the Hill c.c. also that a block be implemented to prevent plaintiff from being transferred to Pickneyville and Lawrence c.c.

VI.    The plaintiff demands that the case be tried by a jury.  ☒ YES    ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief.  I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _____ day of _____, 20____

Sarah A Dunlap
8-12-11

OFFICIAL SEAL
SARAH A. DUNLAP
Notary Public - State of Illinois
My Commission Expires Jul 08, 2014

_Frank Drew_
(Signature of plaintiff or plaintiffs)

Frank Drew
(Print name)

K-73514
(I.D. Number)

10930 Lawrence Rd
Sumner, IL 62466
(Address)

Revised 9/2007

# *EXHIBITS IN SUPPORT OF CIVIl COMPLAINT*

# 1    Investigative Report   6-12-2009

# 2    Inmate Disciplinary Report (IDR)   7-14-2009

# 3    Adjustment Committee summary Continued   7-15-2009

# 4    Circuit Court of Cook County Adult Probation Department
       Investigative Report.   7-15-2009

#5     Adjustment Committee Final summary Report   7-15-2009

# 6    Counselor Whittington's letter to Plaintiff   8-05-2009

#7     OTS (Offender Tracking System)   8-05-2009

#8     Grievance #1.) #1760  Code 504.50   8-07-2009

# 9    Grievance #2.) #1894 Back dated (IDR)   Duplicate 8-07-2009

#10    Grievance #3.) 504.50  Duplicate to #'s 1760 : 1894  8-07-2009

# 11   Grievance #4.) 504.60 Duplicate to #'s 1760 : 1894  8-07-2009

# 12   Grievance #5.) 504.80 Duplicate to #1760   8-07-2009

#13    Grievance #6.) Adjustment Committee duplicate to #1894  8-07-2009

# 14   Letter to Grievance officer  8-30-2009

# 15   Grievance officer response to ~~1894~~   9-10-2009

# 16   Grievance officer response to ~~1760~~   9-11-2009

# 17   Letter to Warden Ramos  Duplicate to 1894  9-14-2009

# 18   Letter to Grievance officer to Bass Duplicate to 1894  9-14-2009

# 19   Letter to ~~Deputy Director Roberta Fews~~   9-17-2009

# 20   Letter to Grievance officer Thompson  Duplicate to 1894  9-18-2009

# 21   A.R.B. response to letter Sent to ~~~~ Deputy Director Fews. 9-22-2009

# 22   Letter to A.R.B. Ms. Hile  11-03-2009

# 23   Grievance (Failure to answer grievances) Duplicate  11-16-2009

# 24   Letter to A.R.B. Ms. Hile  12-28-2009

| #25 | Grievance of living Conditions and Injuries. Never answered 12-28-2009 |
| #26 | Mr. Wilson R-34144 Adjustment committee! A.R.B. Decisions 1-17-2010 |
| #27 | A.R.B. response to grievance #1760 1-20-2010 |
| #28 | Letter to Counselor Jill Hosselton 2-17-10 |
| #29 | Counselor Hosselton's response to family calls 3-05-2010 |
| #30 | Plaintiff's response to Ms. Hosseltons letter 3-05-2010 |
| #31 | MS Hosselton wrote plaintiff 3-07-10 |
| #32 | A.R.B response to grievance #1894 3-22-2010 |
| #33 | Plaintiff sent letter to Director Randle. No response 3-25-2010 |
| #34 | Filed second grievance of grievance officers failur to respond, after |
| #34 | Counselor's response no other response. 4-02-2010 |
| #35 | Letter to Bass, (Bass told plaintiff to send to Thompson) plaintiff did, 4/18-2010 |
| #36 | Letter from Thompson 4-26-10 |

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender Disciplinary Report**

| Type of Report: | | |
|---|---|---|
| ☐ Disciplinary | x Investigative | |

Facility: Stateville C.C.

Date: 06/12/09

Offender Name: Drew, Frank

*EX #5* (handwritten)

ID #: K73514

Observation Date: ~~5~~06/12/09 ~~√~~   Approximate Time: :1:30   ☐ a.m. x p.m.   Location: Intel Unit

**Offense(s): DR 504:**   610 - Investigative Status

**Observation:** (NOTE: Each offense identified above must be substantiated.) On the above date and approximate time Inmate DREW, FRANK is being placed under investigative status at Stateville C.C. End of report.

**Witness(es):**

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| E. Aguero | 4824 | *(signature)* | 06/12/09 | 1:36 | ☐ a.m. x p.m. |
|---|---|---|---|---|---|
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time | |

**Disciplinary Action:**

**Shift Review:** ☐ Temporary Confinement   ☑ Investigative Status   Reasons: *(handwritten)*

*(handwritten)*
Printed Name and Badge #   Shift Supervisor's Signature (For Transition Centers, Chief Administrative Officer)   Date

**Reviewing Officer's Decision:** ☑ Confinement reviewed by Reviewing Officer   Comment: *(handwritten)*

☑ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee
☐ Minor Infraction, submitted to Program Unit

*(handwritten)*
Print Reviewing Officer's Name and Badge #   Reviewing Officer's Signature   Date

☑ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

S Brown   793   *(signature)*   *(date)*
Print Hearing Investigator's Name and Badge #   Hearing Investigator's Signature   Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☑ Check if offender refused to sign

S Brown   793   *(signature)*   *(ID#)*
Serving Employee (Print Name)   Offender's Signature   ID#
Badge #   Signature

*10-7-09*   *(time)*   ☐ a.m. ☐ p.m.
Date Served   Time Served

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

_____   _____
Offender's Signature   ID#

**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

_____   _____   _____
Date of Disciplinary Report   Print offender's name   ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|

Witness can testify to: _____

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|

Witness can testify to: _____

Distribution: Master File, Offender

RECEIVED SEP 22 2009 OFFICE OF INMATE ISSUES (stamp)

**Offender Disciplinary Report**

Stateville C.C.

Date: 7/10/2009

**Facility**

| Type of Report: | |
|---|---|
| x Disciplinary | ☐ Investigative |

Offender Name: DREW, FRANK      ID #: .73514

Observation Date: 6/11/09    Approximate Time: 3:00   ☐ a.m. ☒ p.m.   Location: Stateville C.C. Intel Unit

**Offense(s): DR 504:**    105: Dangerous Disturbance; 205: STG/Unauthorized Organizational Activity

**Observation:** (NOTE: Each offense identified above must be substantiated.) On the above date and approximate time, at the conclusion of an investigation initiated on 6/11/2009, an institutional disciplinary report was issued to inmate DREW, FRANK K73514. On 6/11/2009 this R/O received information from a confidential informant that a physical altercation had taken place between two inmates assigned to E-House, Cell 523. CI stated one of these said inmates was a member of the Gangster Disciples STG while the cellmate was a member of the Vice Lords STG. ~~this alleged fight between these inmates took place on 6/9/2008.~~ CI stated after these said inmates got into this physical altercation, the GD inmate, along with two other GD members, attempted to get other GD members on 5 gallery (E-House) to fight with members of the VICE LORDS STG. Due to the information received from this CI, E-House was placed on a Level 1 lockdown.

    Between the dates of June 11 – June 14, 2009, the Stateville CC Investigation's Unit conducted several interviews of inmates in E-House pertaining to the alleged physical altercation and possible STG related issues. During these interviews, two separate confidential sources provided information that DREW directed members of the VICE LORDS STG, in E-House, to prepare themselves for a possible confrontation

**Witness(es):**

☒ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| R. Tejeda | 2816 | | | 7/10/2009 | 2:00 | ☐ a.m. ☒ p.m. |
|---|---|---|---|---|---|---|
| **Reporting Employee (Print Name)** | **Badge #** | **Signature** | | **Date** | **Time** | |

**Disciplinary Action:**

**Shift Review:** ☒ Temporary Confinement   ☐ Investigative Status   Reasons: _Nature_

_Nature Tomka #757_      _Mark Juel_      7/13/09

**Printed Name and Badge #**      **Shift Supervisor's Signature** (For Transition Centers, Chief Administrative Officer)      **Date**

**Reviewing Officer's Decision:** ☒ Confinement reviewed by Reviewing Officer   Comment: ____

☒ **Major Infraction,** submitted for Hearing Investigator, if necessary and to Adjustment Committee

☐ **Minor Infraction,** submitted to Program Unit

C. Trip   #1716      ____      ____

**Print Reviewing Officer's Name and Badge #**      **Reviewing Officer's Signature**      **Date**

☒ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

S Brown 2793      ____      7-13-09

**Print Hearing Investigator's Name and Badge #**      **Hearing Investigator's Signature**      **Date**

RECEIVED
SEP 22 2009
OFFICE

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☐ Check if offender refused to sign

S Brown      **Offender's Signature**      ID#:

**Serving Employee (Print Name)**   2793      **Badge #**      **Signature**

7-14-09      845      ☒ a.m. ☐ p.m.

**Date Served**      **Time Served**

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Disciplinary Continuation Page

Stateville C.C.
Facility

☒ Disciplinary Report  ☐ Investigative Report  ☐ Disciplinary Summary  ☐ Adjustment Committee Summary

Report/Incident Date:  6/41/2009                    Incident # (if applicable): _____

**Offender Information:**

Offender Name:  DREW, FRANK                    ID #:  K73514

- Use the space below to provide any additional information.

With members of the Gangster Disciples as a result of the aforementioned physical altercation.

CS 1 stated after the physical altercation took place, DREW was going up and down 5 gallery (E-House) telling members of the VICE LORDS to "get on point" in case there was a confrontation between the GDs and the VLs.

CS 2 stated an inmate by the nickname of BABY C came onto 5 gallery telling members of the VICE LORDS "to get on point" in case the VICE LORDS had to fight with members of the GDs. CS stated the reason BABY C was telling the VICE LORDS "to get on point" (meaning to prepare themselves) was due to the physical altercation the GD and VL member had while in their assigned cell.

According to OTS, BABY C is a nickname utilized by DREW. Although OTS shows that DREW was lived on one gallery at the time of this incident, [illegible] shows that DREW was assigned as a cell house worker at the time of this incident. OTS also identifies DREW as a member of the Conservative VICE LORDS STG.

Due to the CI (CI has been proven reliable in the past) and CS information obtained during this investigation, DREW is in violation of the following 504 offenses:

105: Dangerous Disturbance – DREW was identified directing members of the VICE LORDS (on E-House 5 gallery) to prepare themselves for a possible confrontation with members of the Gangster Disciples due to a GD and a VL getting into a physical altercation. DREW'S actions seriously endangered this facility and caused E-House to be placed on a Level 1 lockdown.

205: STG/Unauthorized Organizational Activity – DREW was identified engaging members of the VICE LORDS STG to engage in Security Threat Group activities which have been deemed to be a threat to the security of this institution. This STG activity was another cause for E-House to go on a Level 1 lockdown.

DREW, FRANK K73514 was properly identified via the IDOC Institutional Graphics System.

The names and identities of the confidential informant/sources are being withheld due to safety and security of this institution.

End of report.

7-10-2009          Frank Drew          K-73514

## RECEIVED

SEP 2 2 2009

## OFFICE OF
## INMATE ISSUES  Page __2__ of ____2

(Exhibit #3)
EX #3

# ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

Name: DREW, FRANK | IDOC Number: K73514 | Race: BLK

Hearing Date/Time: 7/15/2009  11:44 AM | Living Unit: STA-F -01-55 | Orientation Status: N/A

Incident Number: 200901391/1 - STA | Status: Continued Final

| Date | Ticket # | Incident Officer | Location | Time |
|------|----------|------------------|----------|------|
| 6/11/2009 | 200901391/1-STA | TEJEDA, RICARDO | INMATE COMMISSARY | 03:00 PM |

| Offense | Violation | Final Result |
|---------|-----------|--------------|
| 105 | Dangerous Disturbances | |
| | *Comments:2-1/M'S FIGHTING* | |
| 205 | Gang Or Unauthorized Organization Activity | |

| Witness Type | Witness ID | Witness Name | Witness Status |
|--------------|-----------|--------------|----------------|
| No Witness Requested | | | |

## RECORD OF PROCEEDINGS
Inmate Drew present, hearing conducted. Drew states he's not guilty of the indicated charge.

## BASIS FOR DECISION
Officer / Intel R. Tejeda states in his disciplinary report, at the conclusion of an investigation initiated on 6/11/09, an institutional disciplinary report was issued to inmate Drew, Frank. On 6/11/09 Tejeda received information from a confidential informant that a physical altercation had taken place between two inmates assigned to E house cell 523. Confidential informant stated one of these said inmate one was a member of the Gangster Disciples STG, while the cellmate was a member of the Vice Lord STG. Confidential informant stated the fight took place on 6/09/09 and stated after these said inmates got into this physical altercation the Gangster Disciples inmate along with two other members attempted to get other GD members on five gallery to fight with members of the Vice Lords STG. The information that was given to Tejeda, E house was placed on level one lock down. Between the dates of 06/11/09 - 06/14/09 the Stateville Correctional Center investigation unit conducted several interviews of inmates in E house pertaining to the alleged physical altercation and possible STG related issues. During the interviews, two separate confidential sources provided information that Drew directed members of the Vice Lords STG in E house to prepare them selves for a possible confrontation with members of the Gangster Disciples as a result of the aforementioned physical altercation. The informant stated Drew was going from gallery to gallery talking to all the Vice Lords in the unit. Inmate Drew stated to the Committee, he works in the barber shop and he never worked in the unit as a gallery worker. He stated the investigators are wrong in their statement stating the informant said he was running from gallery to gallery. Sergeant Palmer, assigned as unit E 7-3 Sgt stated to the Committee, Drew helped out sometime on the 3-11 shift as a cell house worker.

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|-------------|-------|
| CONTINUE | CONTINUED |

Basis for Discipline:

### Signatures
### Hearing Committee

| | Signature | Date | Race |
|--|-----------|------|------|
| FRANKLIN, JOHNNIE L - Chair Person | | 07/15/09 | BLK |
| KING, JIMMY | | 07/15/09 | BLK |
| Recommended Action Approved | | | |

Final Comments: N/A

RECEIVED

SEP 2 2 2009

OFFICE OF
INMATE ISSUES

(Exhibit #) EX#3

# FINAL SUMMARY REPORT

| | | |
|---|---|---|
| Name: DREW, FRANK | IDOC Number: K73514 | Race: BLK |
| Hearing Date/Time: 7/15/2009  11:44 AM | Living Unit: STA-F -01-55 | Orientation Status: N/A |
| Incident Number: 200901391/1 - STA | Status: Continued Final | |

ANTHONY A RAMOS / AAR  7/27/2009

**Chief Administrative Officer**

Signature

07/27/09

Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

**Employee Serving Copy to Committed Person**

7/28/09 1213 via mai)

**When Served  -- Date and Time**

# RECEIVED

SEP 2 2 2009

## OFFICE OF
## INMATE ISSUES

(Exhibit # 20)
Ex # 4

# CIRCUIT COURT OF COOK COUNTY
## ADULT PROBATION DEPARTMENT
### INVESTIGATIVE REPORT

| | |
|---|---|
| **DATE ORDERED:** March 15, 1999 | **PRETRIAL:** |
| **DATE DUE:** April 13, 1999 | **PRESENTENCE:** x |
| **DEFENDANT:** Frank ⬤. Drew | **JUDGE:** Rohrer |
| **A/K/A:** | **LOCATION:** Skokie Courthouse |
| **ADDRESS:** 5040 S. Paulina 1st Fl. Chicago, Illinois 60609 | **ASST. STATE ATTY:** Assigned |
| **TELEPHONE:** None | **DEFENSE ATTY:** D. Wiener |
| **VERIFICATION:** | **INVESTIGATING P.O.** T. Moore |

| | |
|---|---|
| **DATE OF BIRTH:** December 16, 1979 | **I.R. #:** None |
| **PLACE OF BIRTH:** Chicago, Illinois | **C.B. #:** L10524545 |
| **SEX/RACE:** Male/Black | **I.S.B. #:** IL35943240 |
| **HGHT/WGHT:** 5'7"/160 lbs | **F.B.I. #:** 847479XA1 |
| **EYES/HAIR:** Brown/Black | **S.S. #:** Unknown |
| **U.S. CITIZEN:** Yes | **D.L. #:** None |
| **DATE ENTERED U.S.A.:** N/A | |
| **ALIEN RFGISTRATION #:** N/A | |

FILED
APR 13 1999
ARRE
DAT
AURELIA PUCINSKI
CLERK OF COU
2/1

| CASE NUMBERS | CHARGE |
|---|---|
| 98CR755801 | First Degree Murder |

**CUSTODY STATUS:** Incarcerated – Inmate #9814022 – Division #11

RECEIVED
SEP 2 2 2009
OFFICE OF
INMATE ISSUES

1

C51

Exhibit # 4

## BACKGROUND

<u>PRIOR CRIMINAL INVOLVEMENT</u>  (CHECK ALL THAT APPLY)

       <u>JUVENILE</u>                            <u>ADULT</u>

( x ) PROBATION      ( x ) MISDEMEANOR  ( x ) PROBATION
(   ) INCARCERATION  ( x ) FELONY       ( x ) INCARCERATION
                                      (   ) PAROLE

EMPLOYMENT STATUS:  Unemployed

    INCOME:  None               SOURCE:  N/A


EDUCATION, HIGHEST LEVEL:  Tenth grade

MILITARY:  No              BRANCH:  N/A

DISCHARGE:  N/A

CURRENT MARITAL STATUS:  Single    **NUMBER OF CHILDREN:**  None

SUPPORT PAYMENTS:  N/A

SUBSTANCE USE:            **ALCOHOL:**  Yes

                               **CHEMICAL:**  Yes

PSYCHOLOGICAL INFORMATION:    Yes

PHYSIOLOGICAL INFORMATION:    No

GANG INVOLVEMENT:

VICTIM IMPACT STATEMENT:    Violent crime

OTHER PERTINENT INFORMATION:

RECEIVED

SEP 2 2 2009

OFFICE OF
INMATE ISSUES

2

C50

(Exhibit #5-●)
EX #5

# STATE OF ILLINOIS - DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

| | | | |
|---|---|---|---|
| Name: DREW, FRANK | | IDOC Number: K73514 | Race: BLK |
| Hearing Date/Time: 7/15/2009  11:44 AM | | Living Unit: STA-F -01-55 | Orientation Status: N/A |
| Incident Number: 200901391/2 - STA | | Status: Final | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 6/11/2009 | 200901391/1-STA | TEJEDA, RICARDO | INMATE COMMISSARY | 03:00 PM |

| Offense | Violation | Final Result |
|---|---|---|
| 105 | Dangerous Disturbances<br>Reduced to 601.105-Attempt<br>*Comments:2-I/M'S FIGHTING* | Guilty |
| 205 | Gang Or Unauthorized Organization Activity | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|

**No Witness Requested**

## RECORD OF PROCEEDINGS

Offender Drew K73514 present and hearing conducted.  Offender states he's not guilty of the indicated charges.  Offender states he's not a worker in unit E.  He works at the barber shop only so how was he going from gallery to gallery when he was never a cell house worker.  Drew states he is not a Vice Lord.

## BASIS FOR DECISION

As stated in the report, the reporting officer received information from a confidential informant that a physical altercation had taken place between two offenders in cell E-523.  Reporting officer states that during an interview an CI informed him that one of the offenders involved in the altercation is a member of the Gangster Disciple (GD) STG while the other offender was a member of the Vice Lords (VL) STG.  Reporting officer states that the CI informed him that after said offenders got into a physical altercation, the GD inmates, along with two other GD members, attempted to get other GD members on five (5) gallery to fight with members of the Vice Lords STG.  The CI, who's identity is being withheld due to the safety and security of the institution, has been deemed reliable due to corroborating statements given in the past. During interviews conducted between June 5- June 14, 2009, two separate confidential sources (CS) provided information that offender Drew directed members of the Vice Lords STG in E house to prepare themselves for a possible confrontation with members of the Gangster Disciple STG as a result of the said physical altercation.  As stated in the report, CS 1 stated that after the physical altercation took place, offender Drew was going up and down five (5) gallery in E hose telling members of the Vice Lords STG to "get on point" in case there was a confrontation between the GD's and the VL's.  Also as stated in the report, CS 2 stated that an inmate by the nickname of 'Baby C' came onto five (5) gallery in E house telling members of the Vice Lords "to get on point" in case the Vice Lords had to fight with members of the GD's.  According to the offender tracking system, offender Drew is a member of the Conservative Vice Lords STG and also uses the nickname 'Baby C'.  Offender Drew was properly identified via the IDOC institutional graphics system.

## DISCIPLINARY ACTION  (Consecutive to any priors)

| RECOMMENDED | FINAL |
|---|---|
| 6 Months C Grade | 6 Months C Grade |
| 6 Months Segregation | 6 Months Segregation |
| Revoke GCC or SGT 6 Months | Revoke GCC or SGT 2 Months |
| 6 Months Contact Visits Restriction | 6 Months Contact Visits Restriction |
| Basis for Discipline:nature of incident | |

## Signatures
**Hearing Committee**

FRANKLIN, JOHNNIE L - Chairperson

RECEIVED
SEP 2 2 2009
OFFICE OF
INMATE ISSUES

| Signature | Date | Race |
|---|---|---|
| | 07/15/09 | BLK |

Date: 8/7/2009 08:52:43

(Exhibit #5)
Exhib:#5

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

| | | |
|---|---|---|
| **Name:** DREW, FRANK | **IDOC Number:** K73514 | **Race:** BLK |
| **Hearing Date/Time:** 7/15/2009  11:44 AM | **Living Unit:** STA-F -01-55 | **Orientation Status:** N/A |
| **Incident Number:** 200901391/2 - STA | **Status:** Final | |

## Signatures
**Hearing Committee**

| | | | |
|---|---|---|---|
| KING, JIMMY | | 07/15/09 | BLK |
| | Signature | Date | Race |

Recommended Action Reduced

## Final Comments: N/A

ANTHONY A RAMOS / AAR  8/4/2009                          08/04/09
**Chief Administrative Officer**              Signature              Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

Johnson, C                          8/7/09  9'2  via mail
**Employee Serving Copy to Committed Person**       **When Served -- Date and Time**

**RECEIVED**

SEP 2 2 2009

OFFICE OF
INMATE ISSUES

NAME: _Drew_ # _K73514_  LOCATION: _F /55_  ex#6

FROM THE DESK OF:



## KEVIN WHITTINGTON
## CORRECTIONAL COUNSELOR II

DATE 8-5-09

| | | |
|---|---|---|
| Investigative Status | 6-12-09 to | 7-12-09 |
| Temp Confinement | 7-13-09 to | 7-27-09 |
| Disciplinary Seg | 6-12-09 to | 12-12-09 |

RECEIVED

SEP 2 2 2009

OFFICE OF
INMATE ISSUES

IDOC#: K73514 DREW, FRANK            1 A M  STA-F -01-55        11/15/202

| -LOC- | ----ASSIGNMENT DESCRIPTION---- | S T | P -R- | --START- | PLANNED -END- | -TERM- | TER -RSN |
|---|---|---|---|---|---|---|---|
| STA | DISCIPLINARY SEG., LOCKUP | A | Y | 6 12 09 | 12 12 09 | 12 12 09 | CMP |
| STA | LOSS PRIV, CONTACT VISITS | A | N | 6 12 09 | 12 12 09 | 12 12 09 | CMP |
| STA | TEMP CONFINEMENT, LOCKUP | T | Y | 7 13 09 | 7 27 09 | 7 27 09 | CMP |
| STA | INVESTIGATIVE STATUS, LOCKUP | T | Y | 6 12 09 | 7 12 09 | 7 12 09 | CHN |
| STA | NATION OF ISLAM, PARTICIPANT | T | N | 8 18 08 | 00 | 6 12 09 | SEG |
| STA | F HOUSE BARBER | T | Y | 2 11 09 | 8 11 09 | 6 11 09 | CHN |
| STA | VOC-BARBERING, STUDENT | T | Y | 8 24 08 | 00 | 2 10 09 | CMP |
| STA | UNASSIGNED, UTILITY MAN | T | Y | 7 1 08 | 00 | 8 23 08 | CHN |
| STA | VOC-BARBERING, STUDENT | T | Y | 9 11 06 | 00 | 6 30 08 | NCM |
| STA | CHAPLAINCY DEPT., NEW LIFE | T | N | 3 3 07 | 00 | 12 21 07 | NCM |
| STA | LOSS PRIV, COMMISSARY | T | N | 5 31 07 | 6 30 07 | 6 30 07 | CMP |
| STA | CHRISTIAN, PARTICIPANT | T | N | 2 23 06 | 00 | 2 25 07 | NCM |

NEXT KEY DATA:  IDOC #:  K73514
PF7: PAGE BACK  PF8: PAGE FWD

You should not be in possession
of info off a state comp.
like this
Sheuf
Bingt
9/20/09

RECEIVED

SEP 22 2009

OFFICE OF
INMATE ISSUES

(EXHIBIT #7)

1

(Exhibit #8-)

| | | |
|---|---|---|
| Date: 8-07-2009 | Offender: (Please Print) Frank Drew | ID#: K-73514 |
| Present Facility: STATEVILLE | Facility where grievance issue occurred: STATEVILLE | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify):

- [x] Disciplinary Report: 7-10-2009 STATEVILLE
  Date of Report / Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** I inmate Drew K-73514 was placed in investigative status on 6-12-2009. Per the Stateville handbook 504.50 (c)(3) "THE OFFENDER MAY BE DETAINED IN INVESTIGATIVE STATUS FOR UP TO 30 DAYS FOR ADULTS" Here in this instance, my 30th day of investigative status was 7-11-2009, yet I was left under investigative status until the date of 7-13-2009. On 7-13-2009 when I began to complain about being held in investigative status 2 days past my 30th day, an F-House staff member sent a cellhouse worker to my cell stating I was still in the computer as being in investigative status. This was approximately around 11:45am to 1:00pm. Within about an hour after that I spoke to both F-House Lt. King

**Relief Requested:** That this report be terminated and expunged from my record. That I be let out or see immediately that no retaliatory action be brought against me for filing this complaint. Also that I receive ($500.00) two hundred

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Frank Drew / K-73514 / 8-7-09
Offender's Signature / ID# / Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: / /
- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response:

Print Counselor's Name / Counselor's Signature / Date of Response

**EMERGENCY REVIEW**

Date Received: / /
Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature / Date

RECEIVED
SEP 2 2 2009
OFFICE OF INMATE ISSUES

and F. House Counselor (Whittington), (at separate times). They both basically informed me that I should be patient and that they would look into my situation. Neither individual responded to me about this issue.

However, on the following day 7-14-2009 (my 33rd day of investigative status) I was served a disciplinary report that had been back dated to the date of 7-10-2009 by R/o Tejada. 7-10-2009 would have been my 29th day of investigative status. This R/o backdated this ticket to the date of 7-10-2009 only after he was made aware of his negligency due to his failure to release me after the regulated 30 day time period of investigative status. Clearly there was no other way to clean up his failure to release me, to seem as though on the date of 7-13-2009 I was still in the computer under investigative status. Also to further support this fact, in regards to the Disciplinary Action part of the disciplinary report, the shift supervisor, Reviewing Officer and Hearing Investigator all signed off on this report on the date of 7-13-2009. The 32nd day of my investigative status, and the very same day I made two verbal complaints and one formal complaint.

This disciplinary report is there for within the wide scope of procedural default. R/o Tejada had the duty to address this issue within a 30 day time period (from 6-12-2009 thru 7-11-2009) and he failed to due so. He had the duty to release me from investigative status and once again he failed to do so. Instead this R/o back dated this report to try to avoid acknowledging his mistake. Procedural default applies here due to myself remaining under investigative status 32 days instead of 30.

## RELIEF REQUESTED: dollars a day for each
day I've sat in Seg past the date of 7-11-2009, my 30th
day of investigative status.

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: 8-07-2009 | Offender: (Please Print) Frank Drew | IDe: |
| | | Received 13579 |
| | | Grievance Office |

| Present Facility: STATEVILLE | Facility where grievance issue occurred: STATEVILLE |

AUG 12 2009
Grievance #

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [x] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Other (specify):

- [x] Disciplinary Report: 7 / 10 / 2009    STATEVILLE
  Date of Report          Facility where issued

Note:   Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

Brief Summary of Grievance: On 6-12-2009 I was placed in investigative status. Per Rule
504.50 C-3, "The offender may be detained in investigative status for up
to 30 days." Being so, my release date from investigative status was on
7-11-2009.

On 7-13-2009, I began to complain about not being released to F-House 561
wiles. After he blew me off twice, he finally sent a cellhouse worker to my
cell to inform me that I was still in investigative status. Also that the 561 stated
he could not move me unless they sent him a drop slip for me. This all took
place approximately around 11:45am to 12:00pm.

About an hour or so later, I spoke to Lt. Kings and he told me he would

Relief Requested: This report should be terminated and expunged from my record. That I should
be released from seg immediately. That no retaliatory action be brought against me for
filing this complaints. That this R/O be appropriately punished for his malicious

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Frank Drew                          K-73514                    /    /
Offender's Signature                      IDe                        Date

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

Date Received: ___/___/___    [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to
Administrative Review Board, P.O. Box 19277,
Springfield, IL 62794-9277.

Response:

Print Counselor's Name          Counselor's Signature          Date of Response

---

### EMERGENCY REVIEW

Date Received: ___/___/___    Is this determined to be of an emergency nature?
[ ] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated.
Offender should submit this grievance
in the normal manner.

Chief Administrative Officer's Signature                    Date

Distribution: Master File; Offender                    Page 1                    DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper