CASE NO. _11 cv 2938_

ATTACHMENT NO. _2_

EXHIBIT _____

TAB (DESCRIPTION) _____

Case: 1:11-cv-02938 Document #: 12-2 Filed: 08/18/11 Page 1 of 11 PageID #:213

look into my situation. Shortly after speaking with L.T. Kingy, I spoke to Counselor Whittington, who was leaving out the building, and he stated that he would stop and check on my issue once he got up front. I was never responded to that day. (7-13-2009)

On 7-14-2009, I was served a disciplinary report, written by R/O R. Tejeda, badge # 2516, alleging that I committing the following charges: 105 Dangerous Disturbance and 205 STG/Unauthorized Organizational activity.

First and foremost, this R/O back dated this report to make it seem as if he had written it within his mandatory regulated 30 days. He only wrote this report only after he was made aware of my complaints on the 32nd day of my investigative status, that I should have been released 2 days prior.

Inasmuch, R/O Tejeda, based his reasons for writing this report on the following alleged facts: 1.) That this incident all stemmed from a Gangster Disciple and a Vicelord whom both lived in E-523 had a physical altercation. 2.) That during interviews in F-House between 6-11-2009 - 6-14-2009, 2 separate confidential sources provided information that I (Drew) directed members of the Vicelords in E-House to prepare themselves for a possible confrontation with members of the Gangster Disciples as a result of the aforementioned physical altercation. 3.) Although OTS (Offender Tracking Sheet) shows that Drew lived on one gallery at the time of this incident, OTS also shows that Drew was assigned as a cell house worker at the time of this incident. 4.) That the actual confrontation took place on 6-09-2009.

In Response: I would first like to state that I am not a member of any STG whatsoever. I've been in Stateville since 1999 and I have never been involved in or linked to any STG activities. Furthermore, I was unaware of any altercations between anyone in 523-E, and I have no reason to inform any STG members of anything involving other STG members.

Nevertheless, R/O Tejeda lied when he stated that the OTS shows I Drew was assigned as a cellhouse worker. I've never been assigned as a cell house worker in E-house. Also at the time of this alleged incident I am positive that the OTS shows that I was assigned as an F-House Barber not E-House cellhouse worker.

R/O Tejeda has back dated this report to get around his procedural default, and in a rush to type up his back dated report he also fabricated false facts to add substance to this report. After 30 days of investigating this R/O has chosen to fabricate false facts for whatever reason as opposed to releasing me. The procedural default as well as numerous lies speaks volumes to show this R/O's malice intent. Especially after 30 days of allegedly investigating this cause. Had this R/O truly checked the OTS he would have known there was no way his confidential informants could have been telling the truth.

**Relief Requested:** intent and neglect to abide by and obey the mandatory regulated rules. Also that I be compensated atleast $200.00 (two hundred dollars) a day for each day that I've spent in seg after 6-13-2009.

## ILLINOIS DEPARTMENT OF CORRECTIONS
### OFFENDER'S GRIEVANCE

**Date:** 8-07-2009
**Offender (Please Print):** Frank Drew
**ID#:** K-73514

**Present Facility:** STATEVILLE
**Facility where grievance issue occurred:** STATEVILLE

Received Grievance Ofc. AUG 12 2009

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [x] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Other (specify): _____

- [x] Disciplinary Report: 7-10-2009 / STATEVILLE
  Date of Report / Facility where Issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
- Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
- Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
- Chief Administrative Officer, only if EMERGENCY grievance.
- Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On 7-14-2009, I was taken out of investigative status and served a disciplinary report that was written by R/O R. Tejeda badge # 2816. This report alleges charges of 105 Dangerous Disturbance and 205 STG/Unauthorized Organizational activity.

Although this report was allegedly written on 7-10-2009, the Reviewing Officer who signed the ticket (P. Torre badge # 676) did not sign this report until 7-13-2009. Upon signing this report the Reviewing Officer also checked both boxes 1.) confinement reviewed by reviewing officer and 2.) major infraction, submitted to hearing officer/investigator, if necessary and to Adjustment Committee.

**Relief Requested:** That this report be terminated and expunged from my record. That this reviewing officer be punished for failing to do their job. That no retaliatory actions be brought against me for filing this complaint. Also that

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Frank Drew / K-73514 / __/__/__
Offender's Signature / ID# / Date

(Continue on reverse side if necessary)

### Counselor's Response (if applicable)

**Date Received:** __/__/__
- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

**Response:**

Print Counselor's Name / Counselor's Signature / Date of Response

### EMERGENCY REVIEW

**Date Received:** __/__/__
Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature / Date

Distribution: Master File; Offender
Page 1
DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper

R/O Tejeda, wrote this report based upon the following alleged facts:

1.) That 2 confidential sources provided information that I walked up and down 5 gallery in E-House, directing members of the Vice Lord STG to get on point due to an altercation between a Vice Lord and Gangster Disciple in E-523 on the date of 6-09-2009.

2.) That OTS (OFFENDER TRACKING SYSTEM) shows that I (Drew) was assigned as a cellhouse worker during the time of this incident.

3.) That OTS identifies I (Drew) as a member of the Conservative Vice Lords STG.

In response to these outrageous allegations, I am not a member of any STG at all. I was never assigned as a cellhouse worker in E-house ever. Also I never walk on 5 gallery in E-house or no other gallery speaking of any altercations between anyone.

Per the Stateville handbook 504.50 D) The reviewing officer shall review each disciplinary report and determine whether:
1.) The reported facts justify a disciplinary hearing. If not, the report shall be expunged from the offender's records. A copy shall be maintained in an expungement file.

In this instance, had the reviewing officer truly reviewed the alleged facts, the reviewing officer would have known that I inmate Drew has never worked as a cellhouse worker in E-house. Also that R/O Tejeda only stated the OTS shows I was assigned as a cellhouse worker in order to add substance to his alleged informants statements.

However, I ask that you check, I was assigned as an F-house barber during the time of this incident.

Relief Requested: I be compensated $200.00 (two hundred dollars) a day for each day I've spent in seg after the date of 7-11-2009.

**Date:** 8-07-2009
**Offender (Please Print):** Frank Drew
**ID#:** K-73514
**Present Facility:** STATEVILLE
**Facility where grievance issue occurred:** STATEVILLE

### NATURE OF GRIEVANCE:

- [ ] Personal Property
- [x] Mail Handling (marked)
- [ ] Restoration of Good Time
- [ ] Disability
- [x] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Other (specify):
- [x] Disciplinary Report: 7/10/2009  STATEVILLE
      Date of Report            Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  Chief Administrative Officer, only if EMERGENCY grievance.
  Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On 7-14-2009, I was taken out of investigative status and served a disciplinary report that was written by R/O R. Tejeda badge # 2812. This report alleges charges of 105 Dangerous Disturbance and 205 STG/Unauthorized Organizational Activity.

Although this report was allegedly written on 7-10-2009, the Reviewing officer who signed the ticket (P. Torre badge # 676) did not sign this report until 7-13-2009. Upon signing this report the Reviewing officer also checked both boxes 1.) confinement reviewed by reviewing officer and 2.) major infraction, submitted to hearing officer/investigator if necessary and to Adjustment Committee.

**Relief Requested:** That this report be terminated and expunged from my record. That this reviewing officer be punished for failing to do their job. That no retaliatory actions be brought against me for filing this complaint. Also that

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Frank Drew   K-73514   8-07-2009
Offender's Signature    ID#    Date

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

**Date Received:** ___/___/___
- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

**Response:**

Print Counselor's Name    Counselor's Signature    Date of Response

---

### EMERGENCY REVIEW

**Date Received:** ___/___/___  Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature    Date



R/O Tejeda wrote this report based upon the following alleged facts:

1.) That 2 confidential sources provided information that I walked up and down 5 gallery in E-House, directing members of the Vice Lord STG to get on point due to an altercation between a Vice Lord and Gangster Disciple in E-523 on the date of 6-09-2009.

2.) That OTS (OFFENDER TRACKING SYSTEM) shows that I (Drew) was assigned as a cellhouse worker during the time of this incident.

3.) That OTS identifies I (Drew) as a member of the Conservative Vice Lords STG.

In response to these outrageous allegations, I am not a member of any STG at all. I was never assigned as a cellhouse worker in E-house ever. Also I never walk on 5 gallery in E-house or no other gallery speaking of any altercations between anyone.

Per the Stateville handbook 504.50 D) The reviewing officer shall review each disciplinary report and determine whether:

1.) The reported facts justify a disciplinary hearing. If not, the report shall be expunged from the offender's records. A copy shall be maintained in an expungement file.

In this instance, had the reviewing officer truly reviewed the alleged facts, the reviewing officer would have known that I inmate Drew has never worked as a cellhouse worker in E-house. Also that R/O Tejeda only stated the OTS shows I was assigned as a cellhouse worker in order to add substance to his alleged informants statements.

However, I ask that you check, I was assigned as an E-house barber during the time of this incident.

(See EXHIBITS)

Relief Requested: I be compensated $200.00 (two hundred dollars) a day for each day I've spent in seg after the date of 7-11-2009. Also that any ties to any STG be stricken from my record. If the office of the Cook County Clerk of the Court acknowledges that I have no ties, this institution should see things the same way until they view my actions to be different. I do not belong to any STG's and the last 8 years of my sentence should show just that, being that Stateville is the only place I've been.

# ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

(Exhibit # ____)

| Date: 8-07-2009 | Offender: (Please Print) Frank Dixon | ID#: K-73514 |
|---|---|---|
| Present Facility: STATEVILLE | Facility where grievance issue occurred: STATEVILLE | Received Grievance Office AUG 12 2009 |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify): _____

STA # _____

[x] Disciplinary Report: 7-10-2009 STATEVILLE
   Date of Report / Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
- Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
- Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
- Chief Administrative Officer, only if EMERGENCY grievance.
- Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On 7-14-2009, I was served a disciplinary report that was written by R/O Tejeda badge #2816 and taken out of investigative status. This report alleges charges of 105 Dangerous Disturbance and 205 STG/Unauthorized organizational activity.

Although this report was allegedly written on 7-10-2009, the hearing investigator who signed and served this ticket (MS. S. Brown badge #2793) did not sign this report until 7-13-2009, and she served it on 7-14-2009 at 8:45am. According to the Stateville handbook 504.60 (B) The hearing investigator may conduct an investigation into the charges as determined to be appropriate. This determination may be based, among other matters, upon the severity of the offense, the complexity of the

**Relief Requested:** That this report be terminated and expunged from my record. That I be released from Seg. immediately. That no retaliatory action be brought against me for filing this complaint. Also that I be compensated $200.00 (two hundred

[ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Frank Dixon / K-73514 / ____
Offender's Signature / ID# / Date

(Continue on reverse side if necessary)

### Counselor's Response (if applicable)

Date Received: __/__/__

[ ] Send directly to Grievance Officer
[ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

Print Counselor's Name / Counselor's Signature / Date of Response

### EMERGENCY REVIEW

Date Received: __/__/__

Is this determined to be of an emergency nature?
[ ] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature / Date

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)

charges, or the offender's admission of guilt. The investigation may include an investigation of additional charges. [D] The hearing investigator may interview any person who may have information that relates to the alleged violation and may inspect any physical evidence. ] and lastly [E] the hearing investigator shall determine whether or not to submit a report to the Adjustment Committee, based upon the results of the investigation. However, if the investigation reveals evidence of a convincing nature that the offender did not commit the offense, that evidence must be reported to the committee.]

In this instance, hearing investigator Brown badge #2793 whom was in charge of reviewing this major disciplinary report failed to do her job. Due to this charge being major and the severity of these charges, she had the duty to speak to both alleged informants, both individuals whom were alleged to have had an altercation in E-523, and also to check all alleged physical evidence that was presented/mentioned by R/O Tejeda in his report.

Upon Ms. Brown #2793 serving me this report on 7-14-2009 I explained to her that I did not know the individuals whom were accused of fighting, and also that I did not have anything to do with this situation. I further stated to her that I have never been assigned as a cellhouse worker to E-house. Then lastly, that my 30 days had passed and I should not be being served a ticket.

Ms. Brown simply stated, that during an investigation the R/O has up to seven days after the 30 days of investigation to write a ticket.

Approximately two to three days after hearing the ticket, I spoke to Ms. Brown again while she was passing through the building serving more tickets. I ask her had she investigated my issue as far as my job description and she stated she would speak with Lt. Franklin the person who was foreman of the Adjustment Committee when I heard my ticket.

Had Brown did a proper investigation, she would have found that I did not know the individuals whom were allegedly fighting. That I was not assigned as a cellhouse worker during the time of this incident. Also that, I was assigned as a F-house barber. Which is convincing evidence that this R/O lied during this report and that I never had access to commit these outrageous allegations. With a proper investigation of these alleged charges and accusations, this disciplinary report should not have even made it to an Adjustment Committee.

Relief Requested: ($ dollars) a day for each day I've spent in seg. after 7-11-2009 regarding this issue. That Brown #2793 be punished for neglecting her duty by failing to investigate this issue properly.

**OFFENDER'S GRIEVANCE**

Date: 8-07-2009
Offender: (Please Print) Frank Drew
ID#: K-73514
Ex #11

Present Facility: STATEVILLE
Facility where grievance issue occurred: STATEVILLE

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify):

[x] Disciplinary Report: 7/10/2009  STATEVILLE
Date of Report / Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Received Grievance Office STA

Brief Summary of Grievance: On 7-14-2009, I was served a disciplinary report that was written by R/O Tejeda badge #2816 and taken out of investigative status. This report alleges charges of 105 Dangerous Disturbance and 205 STG/unauthorized Organizational activity.

Although this report was allegedly written on 7-10-2009, the hearing investigator who signed and served this ticket (Ms. S. Brown badge #2793) did not sign this report until 7-13-2009, and she served it on 7-14-2009 at 8:45am.

According to the Stateville hand book 504.60(B) The hearing investigator may conduct an investigation into the charges as determined to be appropriate. This determination may be based, among other matters, upon the severity of the offense, the complexity of the

Relief Requested: That this report be terminated and expunged from my record. That I be released from Seg immediately. That no retaliatory action be brought against me for filing this complaint. Also that I be compensated $200.00 (two hundred

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Frank Drew     K-73514     / /
Offender's Signature    ID#    Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: / /
[ ] Send directly to Grievance Officer
[ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response:

Print Counselor's Name     Counselor's Signature     Date of Response

---

**EMERGENCY REVIEW**

Date Received: / /
Is this determined to be of an emergency nature?
[ ] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature     Date

Distribution: Master File; Offender     Page 1     DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper

Charges, or the offender's admission of guilt. The investigation may include an investigation of additional charges. ] [(D)] The hearing investigator may interview any person who may have information that relates to the alleged violation and may inspect any physical evidence ] and lastly [(E)] The hearing investigator shall determine whether or not to submit a report to the Adjustment Committee, based upon the results of the investigation. However, if the investigation reveals evidence of a convincing nature that the offender did not commit the offense, that evidence must be reported to the committee.]

In this instance, hearing investigator Brown badge #2793 whom was in charge of reviewing this major disciplinary report failed to do her job. Due to the charge being major and the severity of these charges, she had the duty to speak to both alleged informants, both individuals whom were alleged to have had an altercation in E-523, and also to check all alleged physical evidence that was presented/mentioned by R/O Tejeda in his report.

Upon Ms. Brown #2793 serving me this report on 7-14-2009, I explained to her that I did not know the individuals whom were accussed of fighting, and also that I did not have anything to do with this situation. I further stated to her that I have never been assigned as a cellhouse worker in E-house. Also lastly, that my 30 days had passed and I should not be being served a ticket.

Ms. Brown simply stated, that during an investigation the R/O was up to seven days after the 30 days of investigations to write a ticket.

Approximately two to three days after hearing the ticket, I spoke to Ms. Brown again while she was passing through the building serving more tickets. I ask her had she investigated my issue as far as my job description and she stated she would speak with L.T. Franklin the person who was T. seman of the Adjustment Committee when I heard my ticket.

Had Brown did a proper investigation, she would have found that I did not know the individuals whom were allegedly fighting. That I was not assigned as a cellhouse worker during the time of this incident. Also that I was assigned as a E-house barber. Which is convincing evidence that this R/O lied during this report and that I never had access to committ these outrageous allegations. With a proper investigation of these alleged charges and accusations, this disciplinary report should not have even made it to an Adjustment Committee.

R/O Tejeda alleged that his investigation produced an OTS that shows I Drew was assigned as a cellhouse worker during the time of this incident. The attached OTS PROVES DIFFERENTLY. R/O Tejeda lied, AND Brown failed to do her job! (SEE Highlights on attached exhibits!)

Relief Requested: ($ dollars) a day for each day I've spent in Seg after 7-11-2009 regarding this issue. Let Brown #2793 be punished for neglecting her duty by failing to investigate this issue properly.

Exhibit #12

## ILLINOIS DEPARTMENT OF CORRECTIONS
### OFFENDER'S GRIEVANCE

(Exhibit # )

**Date:** 8-07-2009
**Offender (Please Print):** Frank Drew
**ID#:** K-73514
**Present Facility:** STATEVILLE
**Facility where grievance issue occurred:** STATEVILLE

Received AUG 12 2009

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify):

- [x] Disciplinary Report: 7/10/2009 — STATEVILLE
  Date of Report — Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
 Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
 Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
 Chief Administrative Officer, only if EMERGENCY grievance.
 Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On 6-12-2009 I was placed in investigative status. Thirty three days later I was served a disciplinary report, that alleged charges of 105 Dangerous Disturbance and 205 STG/Unauthorized Organizational activity. The very next morning I was called to the adjustment committee regarding this disciplinary report.
 Per Stateville handbook 504.80 (c) "The offender shall be informed before or at the hearing of information that would tend to show that the offender was not guilty. If the information is provided to him or her at the hearing, the offender shall, upon request, be given a continuance." (G) The committee shall consider all material presented that is relevant to the issue

**Relief Requested:** I request to be let out of seg immediately. That no retaliatory action be taken against me for filing this complaint. That I be compensated $200.00 (two hundred dollars) a day for each day that I'm held in seg

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Frank Drew — K-73514 — Date
Offender's Signature — ID# — Date

(Continue on reverse side if necessary)

### Counselor's Response (If applicable)

**Date Received:** / /
- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

**Response:**

Print Counselor's Name — Counselor's Signature — Date of Response

### EMERGENCY REVIEW

**Date Received:** / /
Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature — Date