CASE NO. _11 cv 2938_

ATTACHMENT NO. _3_

EXHIBIT _____

TAB (DESCRIPTION) _____

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE** (Continued)

of whether or not the offender committed the offense ] [J] (The adjustment committee shall decide whether or not the offender committed the offense based upon all relevant information and evidence.) (J)(1) The committee must be reasonably satisfied there is some evidence that the offender committed the offense for the individual to be found guilty.] [K](The adjustment committee shall take one of the following actions, based upon the evidence admitted:) (K)(1) Find that the offender did not commit the offense. In that case, the committee shall order that the disciplinary report be dismissed and expunged from offenders record. A copy shall be maintained in an expungement file.) (K)(2) Find that further investigation is necessary to determine if the offender did not commit the offense and place the offender in investigative status. (K)(3) Find that additional time is needed to obtain information relative to the charge. The hearing may be continued for a reasonable time. However, unless the offender is placed in investigative status, the individual may not be confined for more than 14 days for adult offenders. or 7 days for juvenile offenders, from date of placement in temporary confinement.)

In this instance, the aforementioned disciplinary report written by R/o Tejeda alleges that a source stated I (Drew) walked up and down 5 gallery in E-house warning all of the Viceloard STG members of a possible alteration with Gangster Disciple STG members. To support these false accusations, R/o Tejeda added more false facts stating that I (Drew) was assigned as a cellhouse worker during the time of this incident. Basically insinuated I had the opportunity to commit these actions and that I am a Viceloard STG member.

At the adjustment committee, I presented evidence that I was not a cellhouse worker for E-house during the time of this incident or never for that fact. That I was a F-House barber at the time of this incident and this fact was supported by L/t Kings, F-House L/t at the time. I also presented legal documents from Cook County's Clerk of the Court (Dorothy Brown) my common law records that state I am not a Viceloard STG member.

Due to the evidence presented this report should be dismissed and expunged from my record.

However, I have been placed in temporary confinement since the date 7-11-09 according to the disciplinary report. Yet I saw the adjustment committee on 7-15-09 and according to 504.80 (K)(3) I cannot be detained in temporary confinement for more than 14 days. Today is 8-03-09 which means I've been held in temporary confinement for 20 days. This is a complete violation of my rights, and negligence on part of whatever stateville unit that is responsible for dealing with situations of this nature.

Relief Requested: regarding this issue. Also that, all negligent parties be punished for their negligent actions in this matter.

EX#13

## ILLINOIS DEPARTMENT OF CORRECTIONS
### OFFENDER'S GRIEVANCE

(Exhibit # 10)

| Date: 8-08-2009 | Offender: (Please Print) Frank Drew | ID#: K-73514 |
|---|---|---|
| Present Facility: STATEVILLE | Facility where grievance issue occurred: STATEVILLE | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [X] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify):

SEP 04 2009

- [X] Disciplinary Report: 7/10/2008    STATEVILLE
  Date of Report            Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   **Counselor**, only if the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   **Grievance Officer**, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   **Chief Administrative Officer**, only if EMERGENCY grievance.
   **Administrative Review Board**, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On the date of 8-08-2009, I inmate (Drew K-73514) received an Adjustment Committee Final Summary report that stated that the hearing regarding the disciplinary report that was written on 7-10-2009 was being continued. The hearing date for this report was 7-15-2009.

This continued summary record of proceedings correctly stated that I (Drew) pled not guilty to the indicated charges. However, this report has left out my reasons why. First and foremost, Tejeda the reporting officer of this disciplinary report lied in his disciplinary report when he clearly stated the following: Although OTS (Offender Tracking System) shows that Drew lived on one gallery at the time of this incident; OTS also shows that Drew was assigned as a cellhouse

**Relief Requested:** That this ticket be dismissed. That I be released from seg immediately. That no retaliatory action be brought against me for filing this complaint. Also that I be compensated $200.00 (two hundred dollars) a day for each day I'm in seg.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Frank Drew | K-73514 | 8/08/2009 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

### Counselor's Response (If applicable)

| Date Received: ___/___/___ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: _____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

---

### EMERGENCY REVIEW

| Date Received: ___/___/___ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

| Chief Administrative Officer's Signature | | Date |
|---|---|---|

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE (Continued)**

worker at the time of this incident.

This false fact alleged in this disciplinary report by R/O Tejeda is easily proven false by the Stateville OTS which I informed L.T. Franklin and L.T. King of during the hearing on 7-15-2009. Inasmuch L.T. King also confirmed that I was not assigned as a cellhouse worker in E-house, when he during this hearing on 7-15-2009 informed L.T. Franklin that I was in fact assigned as a F-house barber (like I said) which he knew to be true because he L.T. King was at the time F-house L.T. at the time of this incident.

Furthermore, this summary of the hearing on 7-15-2009, (Basis for Decision) alleges facts that are not within the report written by R/O Tejeda. R/O Tejeda alleges that his confidential informant (CI) stated I went up and down 5 gallery in E-house informing STG Vice Lords to get on point. However, this summary alleges that I went from gallery to gallery talking to all the Vice Lords in the unit. This is an alleged fact that was not ever addressed, spoke of, or presented in R/O Tejeda's report of his conversations with his (alleged CI's). This is a complete fabrication by L.T. Franklin the chair Person.

Also (Basis for Decision) states, Inmate Drew stated to the Committee, he works in the barber shop and he never worked in the unit as a gallery worker. He stated the investigators are wrong in their statement stating the informant said he was running from gallery to gallery. Sergeant Palmer assigned as Unit E-7-3 Sgt stated to the Committee, Drew helped out sometime on the 3-11 shift as a cellhouse worker.

In response to that, yes I did inform the committee that I never worked in the cellhouse, nor was I ever assigned to work in the cellhouse. Also that it was a blatant lie by the informants whom said anything different. That was when I encouraged L.T. Franklin to check the OTS that R/O Tejeda used as his very own evidence to support his reason for writing this report.

Nevertheless, now the 7-3 Sgt has allegedly stated he knows I came out on a shift he did not work on and that I was let out of my cell by officers despite the breach of security that type of behavior would be viewed as. Being so, Sgt Palmer does not work the 3-11 shift and also his off days are Tuesday and Wednesday. Seeing that the date of 6-09-2009 fell on a Tuesday this Sgt can not be a valid witness for the committee regarding this issue due to him not being at work on Tuesday 6-09-2009, as well as him not working the 3-11 shift the shift he alleges I came out on to help the cellhouse workers.

That is the second lie being told by a C/O stating I was out of my cell on a shift completely different from my work schedule as well as me being on an assignment that I was not assigned to. The fabrication presented in this cause by these C/O's is clear and should be dealt with swiftly.

(Exhibit # )

EX #14

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER WRITE-OUT**
Stateville Correctional Center

*To the reader:* This letter has been inspected for security purposes. This inspection is not verification of the offender's statements contained herein.

When sending funds to an offender by mail, you may only send money orders and/or cashier's checks; each must be in the denomination of $50 or less. You may also send funds via Western Union (there is no limit to the $ amount that you may send in this manner.)

You may send or bring approved publications to the facility. Such items will be reviewed by the Publications Review Committee prior to being forwarded to the offender.

The mailing address for offenders at the main facility is: P.O. Box 112, Joliet, IL 60434. The address for those at the facility's Minimum Security Unit is: 20415 Division Street, Crest Hill, IL 60435.

*Please include the offender's name and complete number on all correspondence, funds and publications that are mailed to the facility*

| To | From |
|---|---|
| Street | Number |
| City | State | Zip Code |

Greetings,                                8-30-2009

This is inmate Frank Drew K-73514 F-155. I'm writing you with regards to several grievances that I've written and sent to F-house counselor Kevin Whittington on or around 8-08-2009.

I spoke to Mr. Whittington a few days ago and he was uncertain if he had forwarded those grievances to you due to their nature. (THEY INVOLVED DISCIPLINARY ISSUES)

Being so, I am enclosing with this letter a copy of those unanswered grievances as well as one that has been addressed. I am unable to attach copies of each exhibit that was presented original with each grievance due to my lack of copies.

However, I am including a copy of the disciplinary report in question, and a copy of my Circuit Court of Cook County Adult Probation Department investigative Report papers. The only exhibit that's not included is a copy of the OTS. Each exhibit has its reason for being presented.

The investigative report papers clearly state that I am an EX vice lord and these papers date back to 4-13-1989 before I ever came to a Prison, and these papers are from and recognized by the Circuit Court of Cook County. Stateville has no valid reason to second guess these papers seeing as though I have maintained my distance from any and all STG's throughout my now ten years in Stateville.

The OTS and Disciplinary report go hand in hand. The Reporting officer used the OTS as an integral part of evidence when stating why he wrote this disciplinary report. Basically claiming that I was a cellhouse worker during the time of this incident. Per the OTS (offender Tracking System). Just as well as I urged the Adjustment committee, I urge you to Please look at the OTS. I was assigned as a F-house barber not cellhouse worker. Furthermore the OTS also shows that I was held in

STA 0050   (REV. 12/03)

OVER

When visiting or corresponding with an offender, you are required to adhere to all de-
partmental and facility rules. You may obtain a copy of these rules from the Visitors'
Center, on line at www.idoc.state.il.us or by writing Stateville Correctional Center
p.o. box 112, Joliet, Il. 60434, Attention Audits Office (Please include a stamped, self-
addressed envelope.)

investigative status from 6-12-2009 to 7-12-2009. Which
Shows two vaild points. ① that the reporting officer lied
on this report after 31 days of investigating this issue ②
That I was held in investigation longer than the regulated
30 days without cause.

In clashing I would just ask that you please research
my issues and please be responsive. Also I would like to
State in my behalf that since 2005, or 2006 I've
done nothing but tried to further my education. G.E.D
and the Barber College as well. I was currently being
held here under contract with the barber shop trying
to obtain my actual license. I actually put my transfer
on hold trying to wait to see if the barbering board was
going to allow Stateville barber college to take the actual
license test. I was not involved in any type of inappropriate
activities whatsoever.

Further more, this situation supposedly arose from an
one on one fight between two cellmates. Howrver 5 people
were placed under investigation. According to the disciplinary
report all 5 people or atleast four people should be in
Seg fighting the same charges or serving the same sentence.
Yet, there is now only two of us whom is serving a sentence
of six months apiece.

According to the Reporting officer, he believed the
information that he received but he failed to write atleast
two more reports. This situation is completely unjust from
begining to end. Can you please look into this issue.
I sincerely thank you!

(P.S. I plead not guilty,
I maintain my innocence        RESPECTFULLY
and lack of knowledge in
regards to this situation        Frank Drew
until I was informed by        K-73514
officers!)        F-155

"PLEASE BE RESPONSIVE!"

[In total] enclosed there is 5 grievances all dated 8-07-2009.
[2 exhibit's attached. Grievance is stapled together. #2 included is a grievance
dated 8-07-2009. Grievance explains why I was held in investigative
status for 31 days per cumstance. with this this response.]
        6-12-2009-7-12-2009 is 31 days.        Also included is a
C.C.                                            grievance regarding the
        Grievance officer                        continuance of my hearing
        Frank Drew Personal File                on 7-15-2009.]

RESPONSE TO COMMITTED PERSON'S GRIEVANCE

### Grievance Officer's Report

Date Received: <u>August 14, 2009</u>     Date of Review: <u>September 10, 2009</u>     Grievance # (optional): <u>1894</u>

Committed Person: <u>Frank Drew</u>     ID#: <u>K73514</u>

Nature of Grievance: DR - 200901391/1-STA, 6/11/09

Facts Reviewed: Grievant alleges his date on his ticket was backdated, because he had been kept in investigative status too long.

Grievance Officer reviewed DR and summary and finds grievant has been found guilty of 601.105, 205. Grievance Officer cannot substantiate the incident happened any other way than reported. DR upheld, sanctions are within maximum range. Grievance Officer cannot substantiate any changes to dates on any reports. No additional action necessary.

Recommendation: Grievance denied.

<u>Margaret Thompson</u>
Print Grievance Officer's Name     Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

### Chief Administrative Officer's Response

Date Received: _____     ☑ I concur     ☐ I do not concur     ☐ Remand

Comments:

Chief Administrative Officer's Signature     Date

### Committed Person's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Committed Person's Signature     ID#     Date

ILLINOIS DEPARTMENT OF CORRECTIONS

**RESPONSE TO OFFENDER'S GRIEVANCE**

| Grievance Officer's Report |
|---|

Date Received:  August 12,2009          Date of Review: September 11, 2009          # 1760

Offender:  Frank Drew                                                                    ID #:  K73514

Nature of Grievance:   Staff Conduct/  7/10/2009

**Facts Reviewed:**   Grievant is grieving that on 7/11/09, his investigative status ended and yet he still in a investigative cell.

**Counselor Response:**

Grievance Officer was informed that grievant was issued a DR and placed into segregation status from investigative status.   Grievant is now serving segregation time from 6/12/09-12/12/09.

**Recommendation:**  Based on a total review of all available information, it is the recommendation of this Grievance Officer that the offender's grievance is MOOT.

_____                          _____
Shaun Bass  CCII                                              Grievance Officer's Signature
Print Grievance Officer's Name
**(Attach a copy of Offender's Grievance, including counselor's response if applicable)**

| Chief Administrative Officer's Response |
|---|

Date Received: _____       ☑ I concur       ☐ I do not concur       ☐ Remand

Comments:

_____                                          _____
Chief Administrative Officer's Signature                                          Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director.  I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____                          _____          _____
Offender's Signature                                          ID#                                          Date

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER WRITE-OUT**
*Stateville Correctional Center*

(Exhibit # ➤) EX #17

*To the reader:* This letter has been inspected for security purposes. This inspection is not verification of the offender's statements contained herein.

When sending funds to an offender by mail, you may only send money orders and/or cashier's checks; each must be in the denomination of $50 or less. You may also send funds via Western Union (there is no limit to the $ amount that you may send in this manner).

You may send or bring approved publications to the facility. Such items will be reviewed by the Publications Review Committee prior to being forwarded to the offender.

The mailing address for offenders at the main facility is: P.O. Box 112, Joliet, IL, 60434. The address for those at the facility's Minimum Security Unit is: 20415 Division Street, Crest Hill, IL, 60435.

*Please include the offender's name and* **complete number** *on all correspondence, funds and publications that are mailed to the facility*

Received
Grievance Office

SEP 23 2009

STA #

To: WARDEN ANTHONY RAMOS   From: DREW

Street  F-155                     Number  K-73514

City        State        Zip Code

I'm writing you in regards to my current situation. Briefly put I was placed under investigation on 6-12-09. On 7-14-09 I was served a disciplinary report (ticket). On 7-15-09 I was called to the adjustment committee to hear the ticket. On 7-27-09 the adjustment committee continued my hearing, and on 8-04-09 the hearing was finalized. I was sentenced to six (6) months in segregation.

First and foremost, I've written several grievances and none of them has been addressed. To follow up behind the grievances, I've sent letters to every one I sent copies of the grievances to (My counselor Kevin Whittington, The grievance officer, and The head warden Mr. Anthony Ramos) just trying to get confirmation that my grievances had reached their destination. Yet, just like my grievances, no one has addressed my letters either. Which gives me reason to send this letter and attached documents to you.

My issues with my current predicament starts with the investigation I was held subject to. As shown through both my ticket and the OTS, I was placed under investigation on 6-12-09. The OTS and counselor Whittington both admit I was held under investigation from 6-12-09 through 7-12-09. A total of 31 days. This violates my rights per Stateville handbook. You have a grievance and documents supporting these facts attached to this letter.

Next is that, after 31 days of investigating, the R/O Tejeda lied and fabricated false facts in his ticket against me (R/O Tejeda alleged that I am a member of the Viceload STG, and that I was assigned as an G-house cellhouse worker on the date of 6-09-09) Which allowed me to commit these charges and also gave me cause to commit these charges. I have documents to prove both, I'm not an STG member, and that I was never an G-house cellhouse worker. You have a grievance and documents supporting these facts attached to this letter.

Nevertheless, before writing grievances I spoke to the hearing investigator who served me the ticket. I explained to her that the ticket was based

STA 0050 (Rev. 12/03)

When visiting or corresponding with an offender, you are required to adhere to all departmental and facility rules. You may obtain a copy of these rules from the facility's Visitors' Center, on-line at www.idoc.state.il.us or by writing: Statesville Correctional Center, P.O. Box 112, Joliet, Ill. 60434, Attention Audits Office (please include a stamped, self-addressed envelope).

upon lies and that the (OTS) Offender Tracking System would become right and the R/O and his (CIS) wrong. She stated she would speak with the Adjustment committee chairperson but nothing was really done. Also had the reviewing officer truly reviewed this report, between the reviewing officer and the hearing investigator this report should not have made it to the adjustment committee seeing as though it was fiddled with lies. A grievance and supporting documents is attached to this letter.

Lastly, after all else, I explained my gripes regarding the ticket and the lies in the adjustment committee. It was evident that I was not guilty when I told L.T. Franklin, (the chairperson) that I was not assigned as an E-house cellhouse worker on 6-09-2009 or at anytime ever. as the Reporting officer stated in his report, when the second seat of the committee (L.T. King) told L.T. Franklin that he was my boss and that I was assigned as an E-house barber not cell house worker in E-house. For some reason L.T. Franklin saw fit not to release me from seg after being made aware of all of this information, instead L.T. Franklin sought out to pursue these outrageous charges. During L.T. Franklin's continuance of my hearing on 7-15-2009, L.T. Franklin has now use the statement of a Sgt who works in E-house on the 7 to 3 shift to find me guilty of these charges. However, the statement given by this Sgt is as follows: "Drew helped out sometime on the 3 to 11 shift as a cell house worker." L.T. Franklin did not reach out to any C/O's on the 3 to 11 shift to see if this was true or not. I say that because the Sgt in question Sgt PALMER, off days at the time were tuesdays and wednesdays. The date of the alleged incident was 6-09-2009 which was a tuesday. There is no way Sgt. Palmer could be a valid witness as to the alleged charges I've been accused of if he was not at work on that day. These charges should have been thrown out, instead I was sentenced to six months in segregation. This is unjust and a malicious act committed by all parties involved. Now no one wants to address my letters of grievances due to the malice intention that are being displayed.

Furthermore I am under 20 years, I was being held in Statesville for educational purposes Barber College, and the opportunity for obtaining a barbering license. I've been staying out of trouble and Focusing on Learning and now I've been tangled up into someones web of lies. Can you please help me out regarding this issue.

Respectfully/Sincerely
Frank Drew    K-70564

C.C.: FRANK DREW Personal file,    F-15.5
Counselor Bowman- Grievance officer- Investigate Ms. Foster- Major Colonel Minor
Major Lemke # 677- Officer Torrett # 676- Officer Brown # 2793- L.T. Franklin hearing
committee- C. Johnson hearing committee- Warden Husey- Warden Penn- Warden Rivers- Asst.
Director- Roberta Fews- Director

*Def.*
*1894*

EX # 18    7-14-2009

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER WRITE-OUT**
Stateville Correctional Center

*To the reader:* This letter has been inspected for security purposes. This inspection is not verification of the offender's statements contained herein.

When sending funds to an offender by mail, you may only send money orders and/or cashier's checks; each must be in the denomination of $50 or less. You may also send funds via Western Union (there is no limit to the $ amount that you may send in this manner).

You may send or bring approved publications to the facility. Such items will be reviewed by the Publications Review Committee prior to being forwarded to the offender.

The mailing address for offenders at the main facility is: P.O. Box-112, Joliet, IL 60434. The address for those at the facility's Minimum Security Unit is: 20415 Division Street, Crest Hill, IL 60435.

*Please include the offender's name and* __complete number__ *on all correspondence, funds and publications that are mailed to the facility*

Received
Grievance Ofc.
SEP 12 2009
STA #

To **The Grievance Officer**    From **Frank Drew**

Street **SEAN BASS**    Number **K-73514**

City ___ State ___ Zip Code ___

I'm writing you in regards to my current situation. Briefly put; I was placed under Investigation on 6-12-09. On 7-14-09. I was served a disciplinary report (ticket). On 7-15-09 I was called to the adjustment committee to hear the tickets. On 7-27-09. the adjustment committee continued my hearing; and on 8-04-2009 the hearing was finalized; and I was served (six (6)) months in segregation.

First and Foremost I've written several grievances and none of them has been addressed. To follow up behind the grievances, I've sent letters to everyone I've sent copies of the grievances, to (my counselor Kevin Whittington; The grievance officer; and the head warden Mr. Anthony Ramos) just trying to get confirmation that my grievances had reached their destinations. Yet just like my grievances, no one has addressed my letters either. Which gives me reason to send this letter and attached documents to you.

My crisis with my current predicament starts with the investigation I was held subject to. As shown through both my ticket and the OTS, I was placed under investigation on 6-12-09. The OTS and counselor Whittington both admit I was held under investigation from 6-12-09 through 7-12-09. A total of 31 days. This violates my rights per Stateville handbook. You have a grievance and documents supporting these facts attached to this letter.

Next is that after 31 days of investigating, the R/o Tejeda lied and fabricated false facts in his ticket against me. (R/o Tejeda alleged that I am a member of the vice lord STG, and that I was assigned as an E-house cellhouse worker on the date of 6-09-09), Which allegedly allowed me to commit these charges and also gave me cause to commit these charges. I have documents to prove both; I am not a STG member, and that I was never an E-house cellhouse worker. You have a grievance and documents supporting these facts attached to this letter.

Nevertheless, before writing grievances, I spoke to the hearing investigator who served me the ticket. I explained to her that the ticket was based upon lies and that the (OTS) offender Tracking System would prove me right and the R/o and his (C.T's) wrong. She stated she would speak with the adjustment committee chairperson but nothing was truly done. Also had the reviewing officer truly reviewed this report between the

When visiting or corresponding with an offender, you are required to adhere to all departmental and facility rules. You may obtain a copy of these rules from the facility's Visitors' Center, on line at www.idoc.state.il.us or by writing Stateville Correctional Center, P.O. Box 112, Joliet, IL 60434, Attention Audits Office (please include a stamped, self-addressed envelope).

reviewing officer and the hearing investigator this report should not have made it to the adjustment committee, seeing as though it was riddled with lies. A grievance and supporting documents is attached to this letter.

Lastly, after all else, I explained my gripes regarding the ticket and the lies to the adjustment committee. It was evident that I was not lying when I told L.T. Franklin (the chairperson) that I was not assigned as an E-house cellhouse worker on 6-09-09 or at anytime ever, as the reporting officer stated in his report, when the second seat of the committee (L.T. King) told L.T. Franklin that he was my boss and that I was assigned as an E-house barber not cellhouse worker in E-house. For some reason L.T. Franklin saw fit not to release me from seg after being made aware of all of this information, instead L.T. Franklin sought out to pursue these outrageous charges. During L.T. Franklin's continuance of my hearing on 7-15-2009, L.T. Franklin has now used the statement of a Sgt who works in E-house on the 7x3 shift to find me guilty of these charges.

However, the statement given by this Sgt is as follows "Drew helped out sometimes on the 3 tall shift as a cellhouse worker." L.T. Franklin did not reach out to any C.I.'s on the 3 tall shift to see if this was true, or not. I say that because the Sgt in question, Sgt Palmer, off days at the time were tuesdays and wednesdays. The date of the alleged incident was 6-09-09, which was tuesday. There is no way Sgt Palmer could be a valid witness as to the alleged charges I've been accused of if he was not at work on that day. These charges should have been thrown out, instead I was sentenced to a six (6) months in segregation. This is unjust and a malicious act committed by all parties involved. Now no one wants to address my letters or grievances, due to the malice intentions that are being displayed.

Furthermore, I am under 20 years, I was being held in Stateville for educational purposes. Barber College, and the opportunity to retrieve my barbering license. I've been staying out of trouble and focusing on learning and now I've been tangled up into someone's webb of lies. Can you please help me out regarding this issue.

Respectfully /Sincerely
Frank Drew K-73514
F-155

C.C. Frank Drew Personal file.
Counselor Brummon - Grievance officer - Investigator
Ms. Foster - Major Edwards #682 - Major Lemke #677 -
Officer Torre # 676 Officer Brown #2793 - L.T. Franklin
hearing committee - C. Johnson hearing committee - Warden
Hosey - Warden Reed - Warden Ramos - Deputy Director
Ms. Fews

**RECEIVED**
SEP 2 2 2009
OFFICE OF INMATE ISSUES

**EX# 19**

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER WRITE-OUT**
Stateville Correctional Center

*To the reader:* This letter has been inspected for security purposes. This inspection is not verification of the offender's statements contained herein.

When sending funds to an offender by mail, you may only send money orders and/or cashier's checks; each must be in the denomination of $50 or less. You may also send funds via Western Union (there is no limit to the $ amount that you may send in this manner).

You may send or bring approved publications to the facility. Such items will be reviewed by the Publications Review Committee prior to being forwarded to the offender.

The mailing address for offenders at the main facility is: P.O. Box 112, Joliet, IL 60434. The address for those at the facility's Minimum Security Unit is: 20415 Division Street, Crest Hill, IL 60435.

*Please include the offender's name and complete number on all correspondence, funds and publications that are mailed to the facility*

**RECEIVED**
SEP 2 1 2009
PROGRAM SERVICES

To: **MS. ROBERTA FEWS DEPUTY DIRECTOR**
From: **FRANK DREW**
Street: [redacted]
City [redacted] State [redacted] Zip Code [redacted]
Number: **K-73514**

I'm writing you in regards to my current situation. Briefly put; I was placed under investigation on 6-12-09. On 7-14-09 I was served a disciplinary report (ticket). O 7-15-09 I was called to the adjustment committee to hear the tickets. On 7-27-09 the adjustment committee continued my hearing, and on 8-04-09 the hearing was finalized. I was sentenced to six (6) months in Segregation.

First and Foremost, I've written several grievances and none of them has been addressed. To follow up behind the grievance, I've sent letters to everyone I sent copies of the grievances to; (My Counselor Kevin Whittington, The grievance officer and the head warden Mr. Anthony Ramos) just trying to get confirmation that my grievances had reached their destinations. Yet just like my grievances no one has addressed my letters either. Which gives me reason to send this letter and attached documents to you.

My issue with my current mistreatment starts with the investigation I was held subject to. As shown through both my ticket and the OTS, I was placed under investigation on 6-12-09. The OTS and counselor Whittington both admit I was held under investigation from 6-12-09 through 7-12-09. A total of 31 days. This violates my rights per stateville hand book. You have a grievance and documents supporting these facts attached to this letter.

Next is that, after 3 days of investigation, the R/o Tejeda lied and fabricated false facts in his ticket against me. (R/o Tejeda alleged that I am a member of the vice lord 5TG and that I was assigned as an C-house cellhouse worker on the date of 6-09-09). Which allegedly allowed me to committ these charges. and also gave me cause to commit these charges. I have documents to prove both; I'm not a STG member, and that I was never an C-house cellhouse worker. You have a grievance and documents supporting these facts attached to this letter.

Nevertheless, before writing grievance's, I spoke to the hearing investigator who served me the tickets. I explained to her that the ticket was based upon lies and that the (OTS) offender Tracking system would prove me right, and the R/o and his (C.I.'s) wrong. She stated she would speak with the adjustment committee chairperson but nothing was truly done. Also, had the reviewing officer truly reviewed this report, between the reviewing office and the hearing investigator this report should not have made it to the adjustment committee seeing as though it was riddled with lies. A grievance and supporting documents is attached to this letter.

STA 0050 (Rev. 12/03)

**TURN OVER**

When visiting or corresponding with an offender, you are required to adhere to all departmental and facility rules. You may obtain a copy of these rules from the facility's Visitors' Center, on line at www.idoc.state.il.us or by writing Stateville Correctional Center, P.O. Box 112, Joliet, IL 60434, Attention Audits Office (please include a stamped, self-addressed envelope).

Lastly, after all else, I explained my gripes regarding the ticket and the lies to the adjustment committee. It was evident I was not lying when I told Lt. Franklin (the chair person) that I was not assigned as an G-house cellhouse worker on 6-09-09 or at anytime ever, as the reporting officer stated in his report. When the second seat of the committee (Lt. King) told Lt. Franklin that he was my boss and that I was assigned as an F-house barber not cellhouse worker in G-house for some reason Lt. Franklin saw fit not to release me from seg after being made aware of all of this information, instead Lt. Franklin sought out to pursue these outrageous charges. During Lt. Franklin's continuance of my hearing on 7-15-2009, Lt. Franklin has now used the statement of a Sgt. who works in G-house on the 7 to 3 shift to find me guilty of these charges.

However, the statement given by this Sgt. is as follows." Drew helped out sometimes on the 3 to 11 shift as a cell house workers." Lt. Franklin did not reach out to any Sgt's on the 3 to 11 shift to see if this was true or not. I say that because the Sgt in question, Sgt Palmer's, off days at the time were tuesdays and wednesdays. The date of the alleged incident was 6-09-09 which was a tuesday. There is no way Sgt Palmer could be a valid witness as to the alleged charges I've been accused of if he was not at work on that day. These charges should have been thrown out, instead I was sentenced to six months in segregation. This is unjust and a malicious act committed by all parties involved. Now no one wants to address my letters or grievances, due to the malice intentions that are being displayed.

Furthermore, I am under 20 years, I was being held in stateville for educational purposes. Barber College, and the opportunity to retrieve my barbering license I've been staying out of trouble and focusing on learning, and now I've been tangled up into someone's web of lies. Can you please help me out regarding this issue.

Respectfully/sincerely,
Frank Drew K-73574
F-155

C.C. Frank Drew Personal File,
   Counselor Bowman - Grievance Officer - Investigator Ms. Foster -
   Major Edwards # 682 - Major Lemke # 677- Officer Torres # 676-
   Officer Brown # 2793- Lt. Franklin hearing committee - C. Johnson
   hearing committee - Warden Hosey - Warden Reed - Warden Ramos -
   Deputy Director Pews

"Please Be Responsive!!"

EX# 2
(Exhibit # )

DUP
1994



**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER WRITE-OUT**
Stateville Correctional Center

*To the reader:* This letter has been inspected for security purposes. This inspection is not verification of the offender's statements contained herein.

When sending funds to an offender by mail, you may only send money orders and/or cashier's checks; each must be in the denomination of $50 or less. You may also send funds via Western Union (there is no limit to the $ amount that you may send in this manner).

You may send or bring approved publications to the facility. Such items will be reviewed by the Publications Review Committee prior to being forwarded to the offender.

The mailing address for offenders at the main facility is: P.O. Box 112, Joliet, IL 60434. The address for those at the facility's Minimum Security Unit is: 20415 Division Street, Crest Hill, IL 60435.

*Please include the offender's name and complete number on all correspondence, funds and publications that are mailed to the facility*

Received
Grievance Office

SEP 2 3 2009

STA #_____

To **Ms. MARGARET THOMPSON**                    From **FRANK DREW**

Street **GRIEVANCE OFFICER**                    Number **K-73514**

City          State          Zip Code

I'm writing you in regards to my current situation. Briefly put, I was placed under investigation on 6-12-09. On 7-14-09 I was served a disciplinary report (ticket). On 7-15-09 I was called to the adjustment committee to hear the ticket. On 7-27-09 the adjustment committee continued my hearing, and on 8-04-09 the hearing was finalized. I was sentenced to six (6) months in segregation.

First and foremost, I've written several grievances and none of them has been addressed. To follow up behind the grievances, I've sent letters to everyone I sent copies of the grievances to (my counselor Kevin Whittington, The grievance officer, and the head warden Mr. Anthony Ramos) just trying to get confirmation that my grievances had reached their destinations. Yet, just like my grievances, no-one has addressed my letters either. Which gives me reason to send this letter and attached documents to you.

My issues with my current predicament starts with the investigation I was held subject to. As shown through both my ticket and the OTS, I was placed under investigation on 6-12-09. The OTS and counselor Whittington both admit I was held under investigation from 6-12-09 through 7-12-09. A total of 31 days. This violates my rights per Stateville handbook. You have a grievance and documents supporting these facts attached to this letter.

Next is that, after 31 days of investigating, the R/O Tejeda lied and fabricated false facts in his ticket against me. (R/O Tejeda alleged that I am a member of the vice lord STG, and that I was assigned as an E-house cellhouse worker on the date of 6-09-09). Which allegedly allowed me to commit those charges and also gave me cause to commit these charges. I have documents to prove both; I'm not a STG member, and that I was never an E-house cellhouse worker. You have a grievance and documents supporting these facts attached to this letter.

Nevertheless, before writing grievances I spoke to the hearing investigator who served me the ticket. I explained to her that the ticket was based upon lies and that the (OTS) Offender Tracking System would prove me right and the R/O and

STA 0050 (Rev. 12/03)

When visiting or corresponding with an offender, you are required to adhere to all departmental and facility rules. You may obtain a copy of these rules from the facility's Visitors' Center, on line at www.idoc.state.il.us or by writing Stateville Correctional Center, P.O. Box 112, Joliet, IL 60434, Attention Audits Office (please include a stamped, self-addressed envelope).

his (C.I.'s) wrongs. She stated she would speak with the adjustment committee chairperson but nothing was truly done. Also had the reviewing officer truly reviewed this report, between the reviewing officer and the hearing investigator this report should not have made it to the adjustment committee seeing as though it was riddled with lies. Grievance and supporting documents is attached to this letter.

Lastly, after all else, I explained my gripes regarding the ticket and the lies to the adjustment committee. It was evident that I was not lying when I told L.T. Franklin (the chairperson) that I was not assigned as an E-house cellhouse worker on 6-09-09 or at anytime ever, as the reporting officer stated in his report, when second seat of the committee (Lt. King) told L.T. Fra~~nklin that he was my boss and that he~~ was assigned as an F-house barber not cellhouse worker in E-house. For some reason Lt. Franklin saw fit not to release me from seg after br~~inging forward of~~ ~~that false~~ information instead Lt. Franklin sought out to pursue these outrageous charges. During Lt. Franklin's continuance of my hearing on 7-15-2009, Lt. Franklin has now used the statement of a Sgt who works in E-house on the 7 to 3 shift to find me guilty of these charges.

However, the statement given by this Sgt is as follows: "Drew helped out sometimes on the 3 to 11 shift as a cell house worker." Lt. Franklin did not reach out to any c/o's on the 3 to 11 shift to see if this was true or not. I say that because the Sgt in question, Sgt Palmer, off days at the time were tuesdays and wednesdays. The date of the alleged incident was 6-09-2009 which was a tuesday. There is no way Sgt Palmer could be a valid witness as to the alleged charges I've been accused of if he was not at work on that day. These charges should have been thrown out, instead I was sentenced to six months in segregation. This is so unjust and a malicious act committed by all parties involved. Now no one wants to address my letters or grievances, due to the malice intentions that are being displayed.

Furthermore, I am under 20 years, I was being held in Stateville for educational purposes. Barber College, and the opportunity to retrieve my barbering license. I've been staying out of trouble and focusing on learning and now I've been tangled up into someones web of lies. Can you please help me out regarding this issue.

Respectfully / Sincerely

Frank Drew K-73514

F-155

C.C. Frank Drew Personal File.
    Counselor Bowman - Grievance officer - Investigator MS. Foster -
    Major Edwards #682 - Major Zemke # 677 - Officer Torres #
    676 - Officer Brown #2793 - Lt. Franklin hearing committee -
    C.O. Johnson hearing committee - Warden Hosey - Warden Reed -
    Warden Ramos - Deputy Director MS. Fews

    "Please Be Responsive and let me Know when
    You have received this Packet!"
        Thank you! Lo

ILLINOIS DEPARTMENT OF CORRECTIONS

**Administrative Review Board**

**Return of Grievance or Correspondence**

EK # 21

Offender: _Drew_ _Frank_ _____ _K735k_
Last Name          First Name          MI          ID#

Facility: _STA_

☑ Grievance (Local Grievance # (if applicable): _97/09_____) or ☐ Correspondence

Received: _9,22,09_          Regarding: _TIK 6/11/09 (written 7/10/09_
Date

_____

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☐ Use the Committed Person's Grievance Report, DOC 0047 (formerly DC 5657), including the Grievance Officer's and Chief Administrative Officer's response, to appeal.

☐ Provide a copy of the Committed Person's Grievance, DOC 0046 (formerly DC 5657) including the counselor's response if applicable.

☐ Provide date(s) of disciplinary report(s) and facility where incident(s) occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board
Office of Inmate Issues
1301 Concordia Court
Springfield, IL 62794-9277

_____

**Misdirected:**

☐ Contact your correctional counselor regarding this issue.

☐ Request restoration of Good Conduct Credits (GCC) to Adjustment Committee. If request is denied, utilize the inmate grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns to: Illinois Prisoner Review Board
319 E. Madison St., Suite A
Springfield, IL 62706

_____

**No further redress:**

☐ Award of Meritorious Good Time (MGT) and Statutory Meritorious Good Time (SMGT) are administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____ / _____ / _____ .
Date

☐ No justification provided for additional consideration.

_____

Other (specify) _(b the incident occurred at STA and_
_you are still there, you are required to_
_also provide the above w/in timeframes_

Completed by: _Sherry Benton_          _Sherry Benton_          _9,28,09_
Print Name          Signature          Date

_Please review & follow Dept Rule 504_

Distribution: Offender, Inmate Issues

DOC 0070 (10/2001)
(Replaces DC 710-1274)

(Exhibit # )
EX # 22
STH
F325

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER WRITE-OUT**
Stateville Correctional Center

11-03-2009

*To the reader:* This letter has been inspected for security purposes. This inspection is not verification of the offender's statements contained herein.

When sending funds to an offender by mail, you may only send money orders and/or cashier's checks; each must be in the denomination of $50 pr less. You may also send funds via Western Union (there is no limit to the $ amount that you may send in this manner).

You may send or bring approved publications to the facility. Such items will be reviewed by the Publications Review Committee prior to being forwarded to the offender.

The mailing address for offenders at the main facility is: P.O. Box 112, Joliet, IL 60434. The address for those at the facility's Minimum Security Unit is: 20415 Division Street, Crest Hill, IL 60435.

*Please include the offender's name and complete number on all correspondence, funds and publications that are mailed to the facility*

**To**          **From**

Dear Mrs. Hile,
_____
Street          Number
_____
City     State     Zip Code

  This is inmate Frank Drew K-73514. I am writing you in regards to Statesville Failure to respond to my grievances.

  I've contacted all of the proper authorities here at Statesville regarding this issue, yet nothing is being done.

  Currently I've been placed in segregation for several months and now my segregation time is almost over, yet my grievances have yet to be addressed.

  I was informed by several inmates that you could assist me with this issue. I would greatly appreciate any and all assistance provided by yourself regarding my cause. I also thank you for taking the time to read my letter itself.

            Respectfully & Sincerely

            Frank Drew
            K-73514

" Please Be Responsive, due to the fact, I have Reason to Believe my in house mail is being tampered with "!

**RECEIVED**        Our office has several grvs
NOV -5 2009          here pending for you to see
OFFICE OF          Fail to specifically write which
INMATE ISSUES     grv or grvs you haven't          STA 0050 (Rev. 12/03)
                gotten a response. or — I cannot help +
                Have Counsel a check on them

Drew
K73514

RECEIVED

When visiting or corresponding with an offender, you are required to adhere to all departmental and facility rules. You may obtain a copy of these rules from the facility's "Visitor" Center, on line at www.idoc.state.il.us or by mailing Stateville Correctional Center, P.O. Box 112, Joliet, IL, 60434. Attention Audio Office (please include a stamped, self-addressed envelope).

Duplicate

Ex # 23

# ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: 11-16-09 | Offender: (Please Print) Frank Drew | ID#: K-73514 |
|---|---|---|

| Present Facility: STATEVILLE | Facility where grievance issue occurred: STATEVILLE |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [X] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Other (specify): _____

- [X] Disciplinary Report: 7/10/2009     STATEVILLE
      Date of Report          Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On 8-07-2009, I filed (5) five grievances with supporting exhibits regarding the disciplinary report that was written on 7-10-2009.

    After sending these grievances to Counselor Whittington, and the Grievance Officers several times, I was informed by my new counselor Mr. Bowman, that the Grievance Officers only had two (2) grievances on their file for me. Neither about my disciplinary report.

    At which point Mr. Bowman allowed me a day or two to prepare a letter and my grievances and exhibits so that he

**Relief Requested:** I ask that this grievance along with the attached grievances all be responded to quickly. Also that the Grievance officer be made aware of the rule 504.830 d). Also that

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Frank Drew | K-73514 | 11.06.09 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

## Counselor's Response (if applicable)

| Date Received: 12, 1, 09 | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

**Response:** inmates grievances will be responded to within current IDOC policies and procedures

| CWharkVis | CW | 12,12,09 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

## EMERGENCY REVIEW

| Date Received: ___/___/___ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance |
|---|---|---|
| | | [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

_____      ___/___/___
Chief Administrative Officer's Signature        Date

**OFFENDER'S GRIEVANCE** (Continued)

could make copies for me.

Once these copies were returned to me (9-14-2009) I placed a copy of the attached letter, grievances, and exhibits in the mail to all parties list on the end of the letter except Counselor Mr. Bowman (who took his copy upon returning the rest) and Deputy Director Ms. Fews (whom in which copy was placed in the mail on 9-17-2009). Also with the extra copies I asked for, Mr. Bowman personally walked two copies to the Grievance Officers himself. However I still sent two copies through the mail to the Grievance Officers.

At this point however, be it 8-07-2009 or 9-14-2009 that the Grievance Officers so choose to state they received my grievances and exhibits, Per 20 IL Ad Code CHI Section 504.830 d"*The Grievance Officer shall consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer. The Chief Administrative Officer shall advise the offender of the decision in writing within 2 months after receipt of the written grievances, where reasonably feasible under the circumstances. Responses to duplicate grievances on issues that are currently being grieved may be combined in one response."* The grievance officers and Chief Administrative Officer, have both/all failed to respond to my grievances in a timely manner or/and manner in which was regulated by the IL Ad Code. (WHICH IS 2 MONTHS)

In this instance, I have been denied my right to grieve the six months segregation time that I've been sentenced too. Due to being denied my right to appeal the charges placed upon me, I have now completed 5 of the 6 months that I was sentenced to. This process was set forth to allow offenders the opportunity to appeal such sentences. This opportunity has been taken away from me, seeing as though, I am now 4 weeks away from completing the entire (6) month sentence.

P.S. Grievance #1 has been responded too by (GO's)

RELIEF REQUESTED: The speedy response to each individual grievance be properly placed on a DOC 0047 form. Separately for each grievance including this one. Thank you!

12-28-09

(Exhibit # 3)

Ex # 24

GREETINGS MRS. HILE,

This is Frank Drew K-73514. I wrote you the attached letter a
while back regarding stateville not responding to my grievances.

Mrs. Hile, I have been going through all type of issues down here
regarding my grievances over the last six months. I have recently been
in contact with Ms. Sherry Benton whom I would assume you know since
she is also a member of the A.R.B., but I never wrote her, I wrote Ms.
Fews who sent my letter and grievances to Ms. Benton.

Nevertheless, I figured someone down there could aid me with all
the non-sense I got to deal with at this present time. Yet I don't
want to pile it all upon one person if I don't have to. Plus I have
already made yourself somewhat aware of my issue regarding this set of
grievances.

Attached you should have a copy of the letter I sent you back on
11-03-2009. I filed these two grievances behind me going to the adjustment
committee hearing my ticket. No-one has ever made the attempt to notify me
about receiving them or anything of that nature. Plus I actually followed
these grievances up with more grievances regarding this ticket and one
of those grievances have been responded to. If one of those grievances
were really responded too then something has to be wrong if these two
have not!

Stateville is taking me through the ringer and I need some help.
I have done the time that was issued to me behind the ticket but now
stateville refuses to allow me the opportunity to appeal my ticket. I
don't want to get my family all worked up trying to get the justice due
to me but I don't know what else to do out side of having my family
complain. I am not sure if that will work either but I need to do
something. PLEASE HELP ME!!!!!!

I thank you for your time and whatever you may assist me with regarding
my issue.

P.S. One of the grievances that you all have on file down there is
the grievance that I am referring to. That grievance was dated 8-07-09.
It was regarding me being left in investigation passed the 30 day time
frame. Even with that grievance the grievance officers fail to properly
address and answer that grievance. Stateville is not doing their jobs
at all, someone needs to come over look these people.

Well once again thanks for whatever you can do for me.

RESPECTFULLY,

**PLEASE BE RESPONSIVE!!!**                    FRANK DREW K-73514

PLEASE BE
R

Page 1 of 4

**ILLINOIS DEPARTMENT OF CORRECTIONS**

## OFFENDER'S GRIEVANCE

Ex # 25

| | | |
|---|---|---|
| Date: 12-28-09 | Offender: (Please Print) Frank Drew | ID#: K-73514 |
| Present Facility: STATEVILLE | Facility where grievance issue occurred: STATEVILLE | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☒ Other (specify): cruel and unusual living conditions

- ☐ Disciplinary Report: ____ / ____ / ____
  Date of Report    Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** I was walked to F-house seg unit on 6-12-09, where I remained in seg status until 12-11-09. However on 12-11-09 I was moved from a seg gallery in F-house to a population gallery on 12-11-09, where I remained until 12-22-09 when I was finally placed back in the regular population units 6-710.

From 6-12-09 until 12-11-09, I was forced to endure the following cruel and unusual living conditions: **THE CELLS** ● ① I was forced to live in a two man cell while in segregation, ② The cells I resided in were all filthy, with decades old lead painted walls, ③ They were all heavily infested with roaches, both day and night these roaches would crawl on me while I slept,

**Relief Requested:** That F-House be ruled condemned and then closed. That the wardens from Stateville and the F-house Lieutenants and Sergeants be fired. That I be given monetary damages. That I be seen about my medical

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| | | |
|---|---|---|
| Frank Drew | K-73514 | 12.28.09 |
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

Date Received: ____ / ____ / ____    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response:

_____

Print Counselor's Name          Counselor's Signature          Date of Response

---

### EMERGENCY REVIEW

Date Received: ____ / ____ / ____    Is this determined to be of an emergency nature?
☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____

Chief Administrative Officer's Signature          Date

Page 2 of 4

Ex #3E

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

constantly breaking my rest. Also due to F-house procedure for feeding seg inmates my trays were left on my chuckhole up to 30 minutes to an hour on each shift before they were given to me, in which time the roaches would attack my trays and eat my food. Although the handbook states all inmates are entitled to live in a clean cell, I was constantly denied cleaning supplies while in seg. Due to the all metal/steel doors in seg and the locked chuckhole, my trays were place on my door but rarely directly in my cell. Almost every meal breakfast-lunch-and dinner were almost always luke warm or cold by the time I received them. These cells are 4x8 in size and designed for one man.

**SHOWERS:** The showers were always nasty and infested with roaches and other filthy bugs. Out of the eight showers in F-house, six of them had broken windows that was never fixed. I caught 2 cold within my first two months in F-house due to showering in showers with open/broken windows. Also there was only one shower with Hot water, the other seven were either luke warm or cold. For my last four months in F-house I was denied showers alltogether. The officers started placing two men (cellmates) in the shower together to run showers faster while doing this, the C/o's would make homosexual jokes as inmates would sit in a one man shower while his cellmate was showering. There is only on shower head in each shower. There is not enough room for a man to shower while another waits in the same shower without being wet up by the shower water of the showering individuals. It defeats the purpose to shower if I will in the end be wet up again by my cell-mates soap suds and dirty water. Along with the homosexual jokes I was denied the opportunity to shower for four months in F-house.

**TOILET:** There are 10 to 15 minute times on all the toilets in F-house. So magnifying the constant smell of urine and feces times 238, which is the average count of inmates in F-house, the unit typically smells like a cesspool everyday all day. This caused me to vomit on several occasions and I constantly received minor headaches due to the horrid smell of feces and urine.

**LINEN:** Upon entering F-house I was given one filthy, nasty sheet, that was stained and smelled like urine. I was told to wash it myself. The matress I received was also dirty and stained. It was also very very old, with half of the insides taken out of it. I was not given a pillow at all, and the blanket was extremely funky. Shortly after being in F-house I began to break out and I am still now dealing with whatever my problem may be. I was never actually seen by a doctor or med-tech, I was just allowed to describe my problem from behind the steel door and given (Hydrocortisone 2% ointment) in regard to what I said my issue was. I am still having the very same issue, due to the nasty linen and matress I was forced to sleep on in segregation. Due to not having

PHGE 3 OF 4

EX # 25
(Exhibit #25)

## OFFENDER'S GRIEVANCE

| Date: 12-28-09 | Offender: (Please Print) Frank Drew | ID#: K-73514 |

Present Facility: STATEVILLE    Facility where grievance issue occurred: STATEVILLE

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [x] Other (specify): Cruel and unusal living Conditions

- [ ] Disciplinary Report: ____/____/____
  Date of Report                    Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: CONTINUANCE... PAGE 3
a pillow, I still have problems with my back and neck. I've constantly complained but nothing is being done. **INJURIES:** F-house is filled with two man cells, no bunk bed ladders to climb up on the top bunk. Constantly jumping up and down on the top bunk has hurt my knees. I've asked for X-rays but nothing is being done. Also, the constant use of restraints in F-house has damaged my right shoulder. Although I asked to be cuffed in the front or with two cuffs in the back the c/o's told me (No Permit NO WAY!) I've constantly written

Relief Requested: ____

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Frank Drew    K-73514    12/28/09
Offender's Signature    ID#    Date

(Continue on reverse side if necessary)

### Counselor's Response (if applicable)

Date Received: ____/____/____    [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: ____

Print Counselor's Name    Counselor's Signature    Date of Response

### EMERGENCY REVIEW

Date Received: ____/____/____    Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature    ____    Date

Distribution: Master File; Offender    Page 1    DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper

Page 4 of 9

the Health Care Unit requesting X-rays but to no avail I haven't even been responded too. My right shoulder and both Knees are always aching and I stay in pain when moving around.

**VISITS:** From 6-12-09 through 12-11-09 I was forced to have my visits behind a glass. While on visits I was handcuffed in front with a box to lock the cuffs, to a chain that was tightly wrapped and locked around my waist. Once in the visiting area, I was then locked from the chain around my waist to a chain on the floor. My family members were upset and sadden to the way they had to watch me be treated on visits. During one visit my mother was told while on her way to visit me by a c/o "Oh you going back there with the animals". Seeing me like that after that comment caused her to cry for the entire hour. That statement as well as the restraints were completely uncalled for.

**RECREATION:** I was only allowed to attend recreation once a week for 5 hours. I was unable to take a beverage to the yard and I was not brought Ice or water, which had been the procedure here at stateville. I was locked on a caged small in yall for 5 hours with no available way to urine or defecate. I couldn't work out in the cell cause my cellies paced the floor all day.

**FOOD:** The food as stated above, was almost always cold, there were never and salt, pepper, nor condiments. The portions were so small I've lost atleast 25 pounds since I went to F-house.

Once I got out of Segregation, and was moved to another gallery within F-house (population) where I stayed from 12-11-09 to 12-22-09, I was still placed in a cell with a 10 to 15 minute timer on the toilet flushes, plus although, I was in population I was still basically in segregation because my churchhole was locked everyday like segregation and the cable did not work. Although I complained nothing was truly done.

**PROGRAMS:** There are absolutely no programs in segregation so when I was allowed my once a week recreation (which I was denied during the lockdowns that occurred while I was in segregation) it, and the visits I had, was the only movement I had.

Relief Requested: issues.

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS

## ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

Name: WILSON, JABER    IDOC Number: R34144 *F-113*    Race: BLK

Hearing Date/Time: 7/15/2009  11:30 AM    Living Unit: STA-F-01-47    Orientation Status: N/A

Incident Number: 200901388/1 - STA    Status: Final

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 6/11/2009 | 200901388/1-STA | TEJEDA, RICARDO | INTERNAL AFFAIRS | 03:00 PM |

| Offense | Violation | Final Result |
|---|---|---|
| 105 | Dangerous Disturbances <br> Comments:*STG I/M'S FIGHTING* | Guilty |
| 205 | Gang Or Unauthorized Organization Activity | Guilty |
| 301 | Fighting | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|

**No Witness Requested**

## RECORD OF PROCEEDINGS

Inmate Wilson present, hearing conducted.  Wilson states he's not guilty of the indicated charge.  Offender states they were grabbing each other, but no punches were thrown.  Offender states they tussled and that's was it.  Offender states he's not in a STG.

## BASIS FOR DECISION

Officer / Intel R. Tejeda stated in his disciplinary report, they received information from a confidential informant that Thompson and Wilson got into a physical altercation on 6/9/2009.  On 6/14/2009 Offender Wilson and Thompson was interviewed by the Stateville Correctional Center investigation unit.  During the interviewed, Thompson said he and Wilson did get into a verbal altercation because he accused Wilson of breaking his headphones.  During the interview, Wilson denied getting into a physical altercation with Thompson.  Thompson stated the arguments led to him and Wilson grabbing each other.  Wilson said they didn't strike each other; it was more like a tussling match.  Wilson stated to the Committee, he and Thompson did grab each other and tussled.  The confidential informant also stated to the investigator, Wilson who is a member of the Gangster Disciples and two other Gangster Disciples tried to get other Gangster Disciples to fight with members of the Vice Lords.  Stateville Correctional Center went on a level one lock down due to the interviewing of other Offenders.  Thompson who Wilson had the altercation with is affiliated with the Vice Lords.  This Committee is satisfied that Wilson is guilty of the indicated charge.  Wilson was identified by his IDOC ID card.

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| 6 Months C Grade | 6 Months C Grade |
| 6 Months Segregation | 6 Months Segregation |
| Revoke GCC or SGT 3 Months | |
| 6 Months Commissary Restriction | 6 Months Commissary Restriction |
| 6 Months Contact Visits Restriction | 6 Months Contact Visits Restriction |

Basis for Discipline:Nature of incident

## Signatures
### Hearing Committee

| FRANKLIN, JOHNNIE L - Chair Person | *[signature]* | 07/15/09 | BLK |
|---|---|---|---|
| | Signature | Date | Race |
| KING, JIMMY | *[signature]* | 07/15/09 | BLK |
| | Signature | Date | Race |

Recommended Action Approved

(Exhibit # ●●)
EX #26

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

| | | |
|---|---|---|
| **Name:** WILSON, JABER | **IDOC Number:** R34144 | **Race:** BLK |
| **Hearing Date/Time:** 7/15/2009  11:30 AM | **Living Unit:** STA-F -01-47 | **Orientation Status:** N/A |
| **Incident Number:** 200901388/1 - STA | **Status:** Final | |

**Final Comments:** N/A

---

ANTHONY A RAMOS / AAR  7/27/2009
**Chief Administrative Officer**

_[signature]_
Signature

07/27/09
Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

_Johnson C_
Employee Serving Copy to Committed Person

7/28/09  12:13pm via mail
When Served - - Date and Time

F-209 (Exhibit # ) CX #26



## Illinois
Department of
## Corrections

**PAT QUINN**
Governor

**MICHAEL P. RANDLE**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

December 8, 2009

Jaber Wilson
Register No. R34144
Stateville Correctional Center

Dear Mr. Wilson:

This is in response to your grievance received on September 1, 2409, regarding a disciplinary report dated July 9, 2009 (observed 6/11/09), which was alleged to have occurred at Stateville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

This office has reviewed your written grievance dated July 24, 2009 regarding the above issued disciplinary report and that your discipline was excessive and disparate compared to others involved.

The Grievance Officer's Report (1726) and subsequent recommendation dated September 10, 2009 and approval by the Chief Administrative Officer on September 11, 2009 have been reviewed.

This office reviewed the disciplinary report written on July 9, 2009 by C/O Tejeda citing you for the offenses of 105-Dangerous Disturbances, 205-Security Threat Group or Unauthorized Organizational Activity and 301-Fighting.

The Stateville Adjustment Committee reviewed the report (200901388/1-STA) July 15, 2009 and found you guilty of all charges. Discipline concurred with by the Chief Administrative Officer on July 27, 2009 was: Demotion to C grade 6 months, Segregation 6 months, Loss of Commissary 6 months and Loss of Contact Visits 6 months.

Based on a total review of all available information and a compliance check of the procedural due process safeguards outlined in DR504, this office recommends the grievance be affirmed. Due to non-compliance with Department Rule 504.80 (rationale/confidential sources), the above report/summary is to be expunged.

FOR THE BOARD: _Sherry Benton_

Sherry Benton
Administrative Review Board
Office of Inmate Issues

I concur. Stateville's Adjustment Committee is to expunge the above report/summary.

_Michael P. Randle_

Michael P. Randle
Director

1/4/10

cc: Warden Marcus Hardy, Stateville Correctional Center
Adjustment Committee, Stateville Correctional Center
Jaber Wilson, Register No. R34144

(Exhibit # 3)

Ex # 27

Case: 1:11-cv-02938 Document #: 12-3 Filed: 02/28/11 Page 30 of 34 Pa...



**Illinois**
Department of
**Corrections**

**PAT QUINN**
Governor

**MICHAEL P. RANDLE**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

January 4, 2010

Frank Drew
Register No. K73514
Stateville Correctional Center

Dear Mr. Drew:

This is in response to your grievance received on October 16, 2009, regarding Confinement (In Investigative Status Too Long June/July 2009), which was alleged to have occurred at Stateville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance Officer's Report (1760) and subsequent recommendation dated September 11, 2009 and approval by the Chief Administrative Officer on September 28, 2009 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied. Per a review of records, there is no violation.

FOR THE BOARD: _____

Sherry Benton
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____

Michael P. Randle
Director

PA 1/8/10

cc: Warden Marcus Hardy, Stateville Correctional Center
Frank Drew, Register No. K73514

Exhibit A

(Exhibit # ●)

Ex # 28

Greetings Jill,                                    2-17-2010

This is F. Drew K-73514 E-710 again. I got
everything in order this time.

Enclosed you shall have a four paged grievance
that's dated 12-28-2009. I sent this to MS. Harris
upon leaving F-house but she has not responded. Can
you please respond to these so I can move my
process along. I told you abort these on our first visit up here.

Also, enclosed is a complete copy of all of my
grievances and exhibits regarding my last seg
experience. The grievance offices are still not
responding to them. Being so, enclosed with them
is the actual ticket and summary of Jaber
Wilson R-34144. I was just trying to see if his
ticket was truly expunged, does that also expung my
ticket due to the connections. I figured it would help
if I sent you the actual documents.

Lastly, Jill can I have a copy of the grievances
I filed back in late to mid 2007. They were about a
shake down by stateville orange crush, and a follow up
five days later by a state wide orange crush shake down. The
issues took place in June or July I believe. An audit from
2007-2009 will show when the money from that grievance was
placed on my books. Jill I don't mean to bother
you, I just really want to get this STG ticket off

(Exhibit #)
Ex #29

# COLD STEEL ON ICE
# BLACK HAWKS

# DA **BULLS**

# #1

**JILL HOSSELTON**
Correctional Counselor II
E-House : 108-118, 3 & 7 gallery

- MSR : _____
- Aggression Level : _____
- Grade : _____
- Commissary : _____
- Time Adjustment : _____

I have been told your family is calling
here & is not very nice to talk
to.
I have enclosed in the rubber band
a copy of your entire grievance
file. You look through it &
figure out what is messed
up. Then write me back.

Ex# 3D

Greetings Jill,                                    3-05-2010

    This is Frank Drew K-73514 E-710. I received
the entire packet that you sent to me today.
Although you stapled and taped it up. The packet
was open when I received it.

    However, I sincerely apologize for my loved
ones demeanor. I may have let my frustration
get the best of me during my conversation to
them regarding this issue. I'm sorry Jill!

    Yet, to respond to your letter. Jill on 8-07-2009
I filed exactly five (5) grievances. The subjects
of each grievance is as follows: #1 was clearly
about me being detained in investigative status past
30 days. This grievance was answered and appealed
to the A.R.B., whom in which also denied that grievance.
(See grievance # 1760)

    The second grievance is regarding RIO R. Tejeda
back dating his Disciplinary report due to my complaints
about me being left in investigative status past 30
days. (SEE grievance # 1894)

    The third (UNANSWERED NONE-DUPLICATE)
grievance was against Reviewing officer Torre badge
# 676, for failing to do his/her job according
to the Handbook. Which is clearly stated
within the grievance with quotes from the Handbook.



EX# 30

20)

Jill the fourth grievance is about the Hearing investigator (Brown # 2793) failing to do her Job. Also riddled with Quotes from the Handbook regarding the actions she failed to do. This grievance is (none Duplicate/nor was it answered).

The fifth and final grievance dated 8-07-2009, is Also (NONE DUPLICATE/nor was it answered). This grievance was regarding the alleged facts use against me at the adjustment Committee, as well as the adjustment committee's failure to adhere to the rules instilled within the handbook regarding the Adjustment Committee procedures.

The sixth grievance dated 8-08-2009, was also not a duplicate, and nor was it answered. Seeing as though it was regarding the fabrications, made by both R/o Tejeda and Sgt Palmer, as well as the use of alleged evidence within my summary that was never presented within the Disciplinary report. Yet, this grievance was also labelled Duplicate 1894. How could that be, when this grievance Speaks nothing at all about GRIEVANCE #1894 facts Reviewed: "Grievant alleges his date on his ticket was backdated, because he had been kept in investigative status too long." 8-08-09 spoke of none of that!

In reference clearly to the aboved mentioned grievances, Jill Someone failed to read and