**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FRANK DREW, K73514, ) | |
| ) | |
| Plaintiff, ) | No. 11 CV 02938 |
| ) | Hon. Robert M. Dow, Jr. |
| v. ) | Judge Presiding |
| ) | |
| MICHAEL P. RANDLE, ET AL ) | |
| ) | |
| Defendants. ) | |
| ) | |

**CERTAIN DEFENDANTS' MOTION TO STRIKE CERTAIN ALLEGATIONS OF
PLAINTIFF'S RULE 56.1 STATEMENT OF ADDITIONAL FACTS**

Defendants, Michael P. Randle ("Randle"), Anthony Ramos ("Ramos") and Marcus Hardy ("Hardy") (collectively, Randle, Ramos and Hardy will be referred to as "Defendants"), by and through their attorney, Lisa Madigan, Illinois Attorney General, respectfully submit Certain Defendants' Motion to Strike Certain Allegations of Plaintiff's Rule 56.1 Statement of Material Facts ("Motion to Strike"). In support thereof Defendants state as follows:

**I.     Background**

Plaintiff, Frank Drew (K73514) ("Plaintiff"), is an inmate in the custody of the Illinois Department of Corrections and is currently incarcerated at Lawrence Correctional Center. *See* Defendant's Local Rule 56.1 Statement of Facts ("Def. SOF") ¶ 1, [ECF No. 94 ¶ 1.] The alleged violation(s) of Plaintiff's constitutional rights occurred at Stateville Correctional Center ("STV"). Def. SOF, ¶ 2, [ECF No. 94, ¶ 2.] Plaintiff brought this action against Defendants pursuant to 42 U.S. §1983 et seq., alleging that the Defendants subjected Plaintiff to unconstitutional conditions of confinement and denied him medical care for a skin rash while in F-house at STV. Def. SOF, ¶¶ 1,3. [ECF No. 94, ¶¶ 1-3.]

Defendants moved for summary judgment (the "Motion") as to the limited issue of administrative exhaustion and submitted a Statement of Material Facts ("Rule 56.1 Statement") in support of the Motion. In response, Plaintiff filed a Rule 56.1 Statement of Additional Facts (the "Rule 56.1 Statement of Additional Facts") [ECF No. 97.] However, Plaintiff's Rule 56.1 Statement of Additional Facts is comprised of unsupported facts, legal conclusions, hearsay collateral evidence, and unauthenticated documents. Plaintiff's Rule 56.1 Statement of Additional Facts does not comply with the applicable rules. In particular, Paragraphs 15, 21, and 23-31 of Plaintiff's Rule 56.1 Statement of Additional Facts should be stricken and the defective paragraphs should not be considered by this Court on summary judgment. *See Markham v. White*, 172 F.3d 486, 489-90 (7th Cir. 1999) (affirming denial of summary judgment based in part on the deficiencies of defendant's Rule 12(M) statement).

## II. Plaintiff's Rule 56.1 Statement

In a number of instances, Plaintiff' Rule 56.1 Statement is predicated on affirmative allegations raised by Plaintiff which are wholly unrelated to the issue of Plaintiff's administrative exhaustion of his grievance giving rise to the Second Amended complaint. *Rule 56.1 Statement of Additional Facts, ECF No. 97, ¶ 15, 21, 23-31*.

These allegations raised by Plaintiff include additional (and unrelated) facts asserted by him in response to the Motion for Summary Judgment. These additional facts are no more competent evidence on summary judgment than the allegations of the Complaint. *Celotex Corp. v. Cattret,* 477 U.S. 317, 325 (1986). Plaintiff purports to proffer these "facts" citing the paragraph of his affidavit and that of a paralegal associated with his counsel's law firm ("Plaintiff's Affidavit" and "Paralegal Affidavit")[1] "verifying" various details of the administrative grievance process based on his expertise as a frequent filer of grievances. *Rule*

---

[1] Plaintiff's Affidavit and the Paralegal's Affidavit can be found as ECF No. 97, Exs. A & B, respectively.

*56.1 Statement of Additional Facts, ECF No. 97, ¶21*.  Plaintiff expounds upon his "expertise" to testify as to the reasonableness of his failure to comply with the administrative review process for grievances. *Rule 56.1 Statement of Additional Facts, ECF No. 97, ¶21-25*.  But this testimony does not establish the requisite foundation for the admission of any fact, much less every fact and conclusory allegation concerning administrative procedures.

Plaintiff also proffers various documents without presenting any foundation for them. *See Rule 56.1 Statement of Additional Facts, ECF No. 97, ¶26-31*.  Instead, the Paralegal Affidavit purports to provide blanket expert testimony as to the contents of the Master Files maintained by the Department of Corrections for each incarcerated individual.  Notably absent from the Paralegal Affidavit is a foundational basis for any lay or expert opinions that she may have.

Paragraphs 15, 21 and 23-31 of Plaintiff' Ru1e 56.1 Statement of Additional Facts should therefore be stricken. *See Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000) ("'specific reference'" means including proper Bluebook citations to exact pieces of the record that support the factual contention contained in the paragraph.").

### III. Applicable Law

Federal Rule of Civil Procedure 56(e)(1) ("Rule 56") and Local Rule 56.1 ("Rule 56.1") state as follows:

> **Rule 56(e)** **Affidavits; Further Testimony**
>
> **(1)** *In General*
>
> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated…
>
> **Rule 56.1 Motion For Summary Judgment; Moving Party**

A. **Supporting Documents Required**

With each motion for summary judgment filed pursuant to Fed. R. Civ. P. 56, the moving party must serve and file -

(1) any affidavits and other materials referred to in Fed. R. Civ. P. 56(e);

(2) a supporting memorandum of law; and

(3) a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law, and that also includes:

    (A) a description of the parties; and
    (B) all facts supporting venue and jurisdiction in this court; and

The statement of facts referred to in (3) shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support *the facts* set forth in that paragraph. *Failure to submit such a statement constitutes grounds for denial of the motion*. (emphasis added)

For the purposes of summary judgment, facts "must be established through one of the vehicles designed to ensure reliability and veracity." *Martz* v. *Union Labor Life Ins. Co.,* 757 F.2d 135, 138 (7th Cir. 1985). The summary judgment rules "assist the court by organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side proposed to prove a disputed fact *with admissible evidence.*"[2] *Bordelon* v. *Chicago School Reform Board of Trustees,* 233 F.3d 524, 528 (7th Cir. 2000)*, citing Markham* v. *White,* 172 F.3d 486,490 (7th Cir. 1999) (emphasis added).

"The object of Rule 56(e) is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *LINC Fin. Corp. v. Onwuteaka,* 129 F.3d 917, 920 (7th Cir.1997); *Malec*, 191 F.R.D. at 584-85 (N.D. Ill. 2000)(affidavit in support of

---

[2] This Court "has broad discretion to enforce rule [56.1]," *Feliberty v. Kemper Corp.,* 98 F.3d 274, 278 (7th Cir.1996), and the Court of Appeals for the Seventh Circuit regularly upholds strict enforcement of Local Rule 56.1. *See, e.g., Midwest Imports, Ltd. v. Coval,* 71 F.3d 1311, 1316 (7th Cir.1995); *Malec*, 191 F.R.D. at 583 (N.D. Ill. 2000).

Rule 56.1 statement of facts that was a nothing more than a replica of the complaint was improper). Affidavits in support of a Rule 56 motion must be made on personal knowledge. *See, e.g., Joseph P. Caulfield & Assocs., Inc. v. Litho Prods., Inc.,* 155 F.3d 883, 888 (7th Cir.1998) (Affidavit testimony "that [is] necessarily speculative and lacking in foundation ... is insufficient."). "A court must not consider parts of an affidavit that do not meet the standards of FRCP 56(e) when considering a motion for summary judgment." *Cooper-Schut v. Visteon Auto. Sys.,* 361 F.3d 421, 429 (7th Cir. 2004).

The trial court is not required to wade through the record or a mass of documents to determine whether a genuine issue of material fact may exist. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). But that is precisely what Plaintiff would have this Court - and Defendants - do here. The court's decision on a summary judgment motion must be based on the "evidence of record," and not, as the Plaintiff here would posit, on unsupported, unauthenticated documents and inadmissible hearsay. *Waldridge* v. *American Hoechst Corp.,* 24 F.3d 918, 920 (7th Cir. 1994).

### IV. <u>Argument</u>

Paragraphs 15, 21, 23-31 of Plaintiff' Rule 56.1 Statement of Additional Facts should be stricken because the facts asserted therein fail to meet the basic requirements of Rule 56 and Rule 56.1.

#### A. <u>Certain Facts Alleged in the Rule 56.1 Statement Lack Foundation and Others Rely on Inadmissible Hearsay.</u>

Plaintiff's Response to Defendants' Motion for Summary Judgment asserts that that the Rule 56.1 Statement of Additional Facts raises enough factual issues to avoid summary judgment in favor of Defendants. However, Plaintiff's and Paralegal's Affidavits, when taken together, fail to identify a factual foundation for the putative wholesale "verification" of the

affiants' respective knowledge of Stateville Correctional Center's ("STV") policies and procedures. The requisite foundational requirements have not been met, and each of the allegations in the Rule 56.1 Statement of Additional Facts which describe the policies and procedures of STV by persons who cannot claim personal knowledge should be stricken. *See, e.g., Joseph P. Caulfield & Assocs., Inc.,* 155 F.3d 883, 888 (7th Cir.1998); *LINC Fin. Corp.,* 129 F.3d 917, 920 (7th Cir.1997). *See also Malec*, 191 F.R.D. at 584-85 (N.D. Ill. 2000); *Rule 56.1 Statement, ¶¶ 8-9, 11-13, 58-59, 78-80.*

The "facts" asserted are also inadmissible hearsay. One example of Plaintiff' improper attempt to convert hearsay into "evidence" is found in paragraphs 30-31 of their Rule 56.1 Statement of Additional Facts. There, Plaintiff asserts that certain documents wholly unrelated to this matter prove that Plaintiff's grievances are not maintained in his Master File in the ordinary course of STV's business. *Rule 56.1 Statement, ¶30-31.* A hearsay statement made in an affidavit does not become admissible testimony simply because it was parroted under oath. *Eisenstadt v. Centel Corp.,* 113 F.3d 738, 742 (7th Cir.1997) ("[H]earsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible in a trial, except that affidavits and depositions ... are admissible in summary judgment proceedings to establish the truth of what is attested or deposed."). *See also Malec*, 191 F.R.D. at 584-85 (N.D. Ill. 2000). Now, however, Plaintiff improperly attempts to incorporate this inadmissible hearsay – in the form of grievances from another inmate file - into the Rule 56.1 Statement of Additional Facts. *Rule 56.1 Statement, ¶30-31.*

> B. **Certain "Facts" Cited in Plaintiff's Rule 56.1 Statement of Additional Facts Lack Foundation.**

The law requires Plaintiff to establish the proper foundation for verifying facts. *See e.g. Waldridge*, 24 F.3d 918, 920 (7th Cir. 1994). The facts in the Rule 56.1 Statement of

Additional Facts citing STV operating policies and procedures as support were not "established through one of the vehicles designed to ensure reliability and veracity." *See Martz*, 757 F.2d 135, 138 (7th Cir. 1985). Plaintiff failed to lay the requisite foundation for the opinions and testimony upon which his Rule 56.1 Statement of Additional Facts is predicated. *See Rule 56.1 Statement, ECF No. 97, ¶¶15, 21, 23-29.* Accordingly, those factual assertions cannot be relied upon when reviewing summary judgment. *See Bordelon,* 233 F.3d 524, 528 (7th Cir. 2000)*, citing Markham,* 172 F.3d 486, 490 (7th Cir. 1999). Similarly, matters comprised of testimony concerning collateral issues are properly excluded. *See U.S. v. Gorman*, 393 F.2d 209, 213 (7th Cir. 1971) (in a prosecution for failure to file tax returns, the trial judge properly excluded, as irrelevant, evidence that the defendant would not have owed taxes during the years in question). Similarly here, other collateral matters in the counseling log or in another inmate's file should be excluded. *See Id*.

Plaintiff's assertion of "facts" from his experience at STV does not constitute *admissible evidence* to oppose summary judgment. *Id.; but Cf. Rule 56.1 Statement of Additional Facts, 15, 21, 23-29.* Here, Plaintiff attempts to use this opinion testimony to establish the applicability of the availability exception to administrative exhaustion. This Court's decision on summary judgment should not be based on unsupported, unauthenticated, and mysteriously obtained knowledge and expertise without proper personal knowledge or foundation, particularly where, as here, the facts raised have no legal significance whatsoever. *See Waldridge,* 24 F.3d 918, 920 (7th Cir. 1994); *see also Lewis v. Washington,* 300 F.3d 829, 833 (7th Cir. 2002) (because the inmate received a response to the grievance for which he filed suit, he was not allowed to abandon the administrative process based on prior failures of the prison administration to adequately implement administrative procedures).

### V. Conclusion

For all of the reasons cited above, Paragraphs 15, 21, 23-31 of Plaintiff' Rule 56.1 Statement of Additional Facts should be stricken and summary judgment should be granted.

WHEREFORE, Plaintiff respectfully requests the Court enter an order: (1) striking Paragraphs 15, 21, 23-31 of Plaintiff's Rule 56.1 Statement of Additional Facts and (2) awarding such other and further relief as it deems just and proper.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois

By: *s/ Jessica M. Scheller*
JESSICA M. SCHELLER
Assistant Attorney General
General Law Bureau
100 W. Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-6131